UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-14 DDP(JCx) | Date | January 21, 2011 |
|---|---|---|---|
| Title | Glen E. Friedman v. Thierry Guetta a/k/a Mr. Brainwash, et al. | | |

| Present: The Honorable | Jacqueline Chooljian, United States Magistrate Judge | |
|---|---|---|
| Kimberly I. Carter | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| none present | none present |

**Proceedings:** (IN CHAMBERS)

**ORDER (1) SUBMITTING AND VACATING HEARING ON DEFENDANT'S THIERRY GUETTA'S MOTION TO QUASH; (2) DENYING DEFENDANT'S MOTION (DOCKET NO. 26); AND (3) DIRECTING CLERK TO CORRECT DOCKET**

Pending before this Court is Defendant Thierry Guetta's Motion to Quash and/or Modify Subpoena to Non-Party Paypal, Inc. and Request for Attorney's Fees in the Amount of $2275, which has been noticed for hearing on January 25, 2011 ("Defendant's Motion").[1]

Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds this matter appropriate for decision without oral argument. The hearing on Defendant's Motion which is calendared for January 25, 2011 is hereby vacated and the matter taken off calendar.

Based upon the Court's review and consideration of the parties' submissions in connection with Defendant's Motion, IT IS FURTHER ORDERED:

1.   Defendant's Motion is denied and defendant's objections are overruled.

With respect to defendant's privacy objections, the Court notes that although there is no federal common law privilege akin to the right to privacy, federal courts ordinarily recognize a constitutionally-based right of privacy that can be raised in response to discovery requests. A. Farber & Partners, Inc. v. Garber, 234 F.R.D. 186, 191 (C.D. Cal. 2006). Court are to balance the need for information sought against the privacy right asserted. Farber, 234 F.R.D. at 191. This Court finds that plaintiff's need for the information sought outweighs the privacy rights asserted, and that the requested information can be adequately protected by the protective order issued below. See Farber, 234 F.R.D. at 191 (privacy concerns relating to disclosure of tax returns can be addressed by carefully drafted protective order);

---

[1] The parties submitted the following items in connection with Defendant's Motion: (1) a Joint Stipulation; (2) a declaration of John Juenger with accompanying exhibits in support of Defendant's Motion; (3) a declaration of Aren Kavcioglu with accompanying exhibits in opposition to Defendant's Motion; (4) Defendant's Supplemental Memorandum; and (5) Plaintiff's Supplemental Memorandum.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-14 DDP(JCx) | Date | January 21, 2011 |
|---|---|---|---|
| Title | Glen E. Friedman v. Thierry Guetta a/k/a Mr. Brainwash, et al. | | |

CEH, Inc. v. FV "Seafarer" ("Seafarer"), 153 F.R.D. 491, 499 (D.R.I. 1994) ("[W]hile a party does have an interest in nondisclosure and confidentiality of its financial records, this interest can be adequately protected by a protective order.")

The Court likewise overrules defendant's relevance and overbreadth objections. As to time frame, plaintiff is not required to accept, and may independently attempt to verify defendant's representations regarding the period during which works in issue were disseminated. The five-year period requested appears reasonably calculated to lead to the discovery of admissible evidence. As to the remaining basis for the relevance/overbreadth objection, the Court finds that the subpoena, while broad, is not unduly overbroad in light of the apparent inability of the subpoenaed entity to conduct a narrow search, and that the subpoena is reasonably calculated to lead to the discovery of admissible evidence.

2.  This Order constitutes a Protective Order for the information ordered produced herein. Absent further Order of the Court: (a) documentation/information relating to sales of works depicting the Subject Image (as defined in the Complaint) and works derivative thereof may not be disclosed to any person or entity other than the parties, their attorneys of record and such attorneys' staff, and the Court and its staff, and may be used only in connection with this case; (b) documentation/information **not** pertaining to sales of works depicting the Subject Image (as defined in the Complaint) and words derivative thereof is deemed "attorney's eyes only," may be used only in connection with this case, and may be disclosed only to (i) counsel of record for plaintiff in this action and such counsel's staff; (ii) defendant's counsel of record in this action, such counsel's staff, and defendant; (iii) any other individuals to whom defendant/defendant's counsel of record voluntarily choose to disclose such information; and (iv) the Court and its staff. In the event plaintiff's counsel wishes to submit documentation/information encompassed by this Protective Order to the Court, he must submit such information for filing under seal in accordance with the provisions of Local Rule 79-5.1. Any such application to file documents under seal must make an appropriate showing of good cause or compelling reasons as appropriate. See Kamakana v. City and County of Honolulu, 447 F.3d 1172, 1179-80 (9th Cir. 2006); Foltz v. State Farm Mutual Automobile Insurance Co., 331 F.3d 1122. 1135 (9th Cir. 2003).

3.  The Clerk is directed to correct the docket to reflect that Plaintiff's Supplemental Memorandum (Docket No. 28), is not a pending request/motion.

IT IS SO ORDERED.

Initials of Deputy Clerk: KC