UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-14 DDP(JCx) | Date | February 2, 2011 |
|---|---|---|---|
| Title | Glen E. Friedman v. Thierry Guetta a/k/a Mr. Brainwash, et al. | | |

| Present: The Honorable | Jacqueline Chooljian, United States Magistrate Judge | |
|---|---|---|
| Kimberly I. Carter | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| none present | none present |

**Proceedings:**    (IN CHAMBERS)

**ORDER (1) SUBMITTING AND VACATING HEARING ON PLAINTIFF'S MOTION TO COMPEL; AND (2) GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION (DOCKET NO. 29)**

Pending before this Court is Plaintiff's Motion to Compel Production on Request for Production No. 34 ("Plaintiff's Motion"), which has been noticed for hearing on February 8, 2011.[1]

Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds this matter appropriate for decision without oral argument. The hearing on Plaintiff's Motion is hereby vacated and the matter taken off calendar.

Based upon the Court's review and consideration of the parties' submissions in connection with Plaintiff's Motion, IT IS FURTHER ORDERED:

1.    Plaintiff's Motion, which seeks to compel defendant to produce documents responsive to Request for Production No. 34 (the "Request") is granted in part and denied in part. Defendant is ordered to produce documents sufficient to evidence any and all sales made at defendant's "Mr. Brainwash presents Life is Beautiful" exhibit, held in 2008 at 6121 N. Sunset Blvd., Los Angeles, CA 90028 (the "Show"), by February 16, 2011 (*i.e.*, within fourteen days). Such production must, at minimum, be sufficient to identify the dates of sales, the specific items sold, and the amount charged/received for each such sale. Such production must also be sufficient to enable one to draw a distinction between sales of works alleged to depict or to be derivative of the Subject Image (as defined in the Complaint) and sales of other works. (Different levels of protection are afforded to such categories in the protective order below).

---

[1] The parties submitted the following items in connection with Plaintiff's Motion: (1) a Joint Stipulation; (2) a declaration of plaintiff's counsel Aren Kavcioglu with accompanying exhibits; (3) a declaration of defendant's counsel John Juenger with an accompanying exhibit; and (4) Plaintiff's Supplemental Memorandum.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-14 DDP(JCx) | Date | February 2, 2011 |
|---|---|---|---|
| Title | Glen E. Friedman v. Thierry Guetta a/k/a Mr. Brainwash, et al. | | |

The record reflects that (i) the Show took place over a two-month period in 2008; (ii) multiple works alleged to depict or to be derivative of the Subject Image (as defined in the Complaint) were displayed at the Show; (iii) postcards alleged to depict or to be derivative of the Subject Image (as defined in the Complaint) ("Subject Postcards") (as well as 30 to 60 other variations of postcards not depicting such works) were disseminated at the Show and may also have been disseminated by Show attendees outside the Show; (iv) the Subject Postcards describe the Show, state the dates, times, and location of the Show, and reference a website which can be visited to obtain more information about the Show and extended dates; and (v) when asked whether he had made "series of postcards that [he] used to advertise [his] Los Angeles show," plaintiff responded, "Yes, I did."

The Court overrules defendant's relevance and overbreadth objections to the Request as narrowed by this Court. The Request, as narrowed by the Court appears reasonably calculated to lead to the discovery of admissible evidence and is not overbroad. Courts may permit recovery of indirect as well as direct profits, or may deny recovery of profits if they are only remotely or speculatively attributable to the infringement. Frank Music Corp. v. Metro-Goldwyn-Mayer, Inc., 772 F.2d 505, 517 (9th Cir. 1985). While the Court recognizes that plaintiff's testimony is somewhat equivocal as to whether or not the postcards were intended to serve a promotional purpose, there is a sufficient factual basis in the record for plaintiff credibly to so argue. Even though the record before this Court does not currently establish that such alleged promotional efforts or the display of the works in issue at the Show resulted in profits, and even though the award of indirect profits may be rare, the Court does not believe it appropriate at this juncture, to deprive plaintiff of the ability to attempt to prove such matters by denying them the narrowed discovery ordered herein in response to the Request.

With respect to defendant's privacy objections, the Court notes that although there is no federal common law privilege akin to the right to privacy, federal courts ordinarily recognize a constitutionally-based right of privacy that can be raised in response to discovery requests. A. Farber & Partners, Inc. v. Garber, 234 F.R.D. 186, 191 (C.D. Cal. 2006). Court are to balance the need for information sought against the privacy right asserted. Farber, 234 F.R.D. at 191. This Court finds that plaintiff's need for the information sought outweighs the privacy rights asserted, and that the requested information can be adequately protected by the protective order issued below. See Farber, 234 F.R.D. at 191 (privacy concerns relating to disclosure of tax returns can be addressed by carefully drafted protective order); CEH, Inc. v. FV "Seafarer" ("Seafarer"), 153 F.R.D. 491, 499 (D.R.I. 1994) ("[W]hile a party does have an interest in nondisclosure and confidentiality of its financial records, this interest can be adequately protected by a protective order.")

The Court overrules defendant's remaining objections as lacking in merit. The Court further rejects defendant's contention that it should not be required to produce the requested documents unless and until liability has been established. Discovery in this case has not been bifurcated. Indeed, Paragraph 7 of the parties' Joint Rule 26(f) Report and Discovery Plan, filed on August 12, 2010, reflects that the parties "do not believe that discovery should be conducted in phases or be limited or focused on particular issues." (Docket No. 16 at 4).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-14 DDP(JCx) | Date | February 2, 2011 |
|---|---|---|---|
| Title | Glen E. Friedman v. Thierry Guetta a/k/a Mr. Brainwash, et al. | | |

      2.      This Order constitutes a Protective Order for the documents and information ordered produced herein. Absent further Order of the Court: (a) documentation/information relating to sales of works allegedly depicting the Subject Image (as defined in the Complaint) and works allegedly derivative thereof may not be disclosed to any person or entity other than the parties, their attorneys of record and such attorneys' staff/experts, the Court and its staff, and others as to whom the parties agree in writing, and may be used only in connection with this case; (b) documentation/information **not** pertaining to sales of works allegedly depicting the Subject Image (as defined in the Complaint) and words allegedly derivative thereof is deemed "attorney's eyes only," may be used only in connection with this case, and may be disclosed only to (i) counsel of record for plaintiff in this action, such counsel's staff/experts; (ii) defendant's counsel of record in this action, such counsel's staff, and defendant; (iii) any other individuals to whom defendant/defendant's counsel of record voluntarily choose to disclose such information; (iv) the Court and its staff; and (v) others as to whom the parties agree in writing. In the event plaintiff's counsel wishes to submit documentation/information encompassed by this Protective Order to the Court, he must submit such information for filing under seal in accordance with the provisions of Local Rule 79-5.1. Any such application to file documents under seal must make an appropriate showing of good cause or compelling reasons as appropriate. See Kamakana v. City and County of Honolulu, 447 F.3d 1172, 1179-80 (9th Cir. 2006); Foltz v. State Farm Mutual Automobile Insurance Co., 331 F.3d 1122. 1135 (9th Cir. 2003).[2]

      IT IS SO ORDERED.

      Initials of Deputy Clerk: KC

---

[2]Although this Court has now issued multiple protective orders in this action relative to specific information, the parties remain free to submit for the Court's approval a more comprehensive/global proposed joint stipulated protective order to supersede this Court's individual protective orders.