1   Alan S. Gutman, SBN 128514
    John Juenger, SBN 225201
2   LAW OFFICES OF ALAN S. GUTMAN
    9401 Wilshire Boulevard, Suite 575
3   Beverly Hills, CA 90212-2918
    Telephone: 310-385-0700
4   Facsimile: 310-385-0710
        email: alangutman@gutmanlaw.com
5              jjuenger@gutmanlaw.com

6   Attorneys for Defendant and Counter-Claimant
        THIERRY GUETTA a/k/a MR. BRAINWASH
7

8                   UNITED STATES DISTRICT COURT

9                   CENTRAL DISTRICT OF CALIFORNIA

10

11  GLEN E. FRIEDMAN,                    )   Case No. CV10-0014 DDP (Jcx)
                                         )
12          Plaintiff,                   )   **JOINT STIPULATION RE: DEFENDANT**
                                         )   **THIERRY GUETTA'S MOTION TO**
13  vs.                                  )   **COMPEL FURTHER RESPONSES TO**
                                         )   **INTERROGATORIES AND REQUESTS**
14  THIERRY GUETTA a/k/a MR.             )   **FOR PRODUCTION OF DOCUMENTS**
    BRAINWASH, and DOES 1 through        )   **AND REQUEST FOR ATTORNEY'S**
15  10, inclusive,                       )   **FEES IN THE AMOUNT OF $2,600**
                                         )
16          Defendants.                  )   **[DISCOVERY MATTER]**
    _____ )
17  AND RELATED COUNTER-CLAIM.           )   **HON. JACQUELINE CHOOLJIAN,**
                                         )   **MAGISTRATE JUDGE**
18  _____ )
                                             **[Filed concurrently with Notice of**
19                                           **Motion; Declaration of John Juenger;**
                                             **Proposed Order]**
20
                                             **DATE:          March 1, 2011**
21                                           **TIME:          9:30 a.m.**
                                             **CTRM:          20, 3rd Floor**
22
                                             Discovery Cut-off:   April 8, 2011
23                                           Pre-trial Conf:      July 25, 2011
                                             Trial:               August 16, 2011
24

25

26

27

28

## JOINT STIPULATION

### I.    INTRODUCTION

#### A.    MOVING PARTY'S INTRODUCTORY STATEMENT

Defendant Thierry Guetta ("Guetta") seeks an order compelling Plaintiff Glen E. Friedman ("Friedman") to provide further responses to interrogatories and requests for production of documents pertaining to the photograph at issue in this action. The parties' counsel were unable to resolve their differences after an in-person meeting pursuant to L.R. 37-1. Declaration of John Juenger ("Juenger Decl."), ¶ 9.

Friedman contends Guetta infringed upon his copyright in a photograph (the "Photograph") Friedman took of the hip-hop group Run-DMC. Guetta is a world renowned artist. Guetta created a handful of works that incorporated certain aspects of the Photograph. The Photograph is similar to countless other photographs of Run-DMC.

Guetta served discovery in an effort to gain an understanding as to the value of the Photograph. Interrogatory Nos. 6 through 9 concerned Friedman's attempts to generate monies with respect to the subject photograph, all instances wherein monies were received for the photograph, every instance in which a reproduction of the photograph was sold and profits from sales of the photograph, respectively. Juenger Decl., ¶ 3; Ex. B. Guetta also served requests for documents relating to the same subject matter, including Request for Production of Documents Nos. 18, 25, 26, 28, 30, 32, 33, 35, 36, 37 and 38. Juenger Decl., ¶ 6; Ex. E. The information sought by the interrogatories and document requests is not only relevant to damages, it is relevant  to determining whether Guetta's use of the photograph was fair pursuant to 17 U.S.C. § 107(4). Indeed, during the August 23, 2010 Scheduling Conference, Hon. Dean D. Pregerson asked whether there was any value to the Photograph. Juenger Decl., ¶ 3. Moreover, the Complaint alleges that Friedman has suffered substantial damage to his business "in the form of diversion of trade, loss of income and profits, and a dilution of the value" of his rights. Complaint, ¶ 23. The interrogatories request specific information, including dollar amounts. Friedman initially only objected to the interrogatories, but provided supplemental responses after meet and confer

correspondence. Juenger Decl., ¶¶ 5-6; Exs. C-E. The initial supplemental responses to interrogatories did not respond to the specific information requested and instead gave a conclusory response stating the Photograph was "widely displayed all over the world from 1994-2010 in publicity and promotional materials for the group Run DMC."  Juenger Decl., ¶ 6; Ex. E. The response does not indicate what steps Friedman took to generate monies relating to the Photograph, how much money he received, etc. The responses also states that Photograph appeared in a book of photographs that was published and that Friedman received monies in that regard, but that it is impossible to determine what monies were attributable to the Photograph. Id.

Thereafter, Guetta's counsel set another letter indicating that the supplemental responses to interrogatories and responses to document requests were deficient and that Friedman would either need to concede that Guetta's use of the Photograph did not cause Friedman to suffer any losses or provide the specific information requested by the discovery. Juenger Decl., ¶ 9: Ex. H. During an in-person meeting pursuant to L.R. 37-1, Friedman's counsel indicated the further supplemental responses would be provided indicating that Friedman did not suffer any losses as a result of Guetta's conduct, other than a hypothetical lost licensing payment he may have received had he licensed the photograph to Guetta. Juenger Decl., ¶ 10.

However, Friedman's further supplemental responses to interrogatories simply incorporate the previous objections and responses and make reference to documents attached as Exhibit A to his supplemental responses to requests for production of documents that were concurrently served, with an indication that "Plaintiff is not in possession of further documents or information with respect to these matters." Juenger Decl., ¶ 10; Exs. I-J. The documents attached as Exhibit A to the responses to document requests consist of four single-page documents that appear to correspond with an art showing that was held in late-2003 and a T-shirt relating to that art show. Id. No other information is provided by the documents. It is impossible to determine if Friedman has ever made any money licensing the Photograph. Accordingly, Guetta's counsel sent

another letter stating that the further supplemental responses did not indicate that Friedman had not suffered any losses other than a potential royalty fee as his counsel had suggested during the in-person meeting and that the further supplemental responses were deficient. Juenger Decl., ¶ 11; Ex. K. Guetta's counsel further pointed out that the responses do not seem truthful because, for example, Friedman must have some information as to how much he earned from the sale of his book and the use of his copyright with respect to the art show and/or the sale of t-shirts. Id. The responses to the requests for production of documents provided by Friedman are cryptic and do not indicate whether he has produced all responsive documents.

Guetta's counsel prepared a motion to compel after Friedman's counsel failed to respond to a meet and confer letter requesting a response by December 13, 2010. Thereafter, the parties agreed that Guetta would not file the motion to compel as Friedman would stipulate that "he suffered no loss from Defendant's use of the subject photograph other than the loss of a potential royalty payment he would have received had he licensed it to" Guetta. Juenger Decl., ¶ 12; Ex. L. Despite this agreement, Friedman's counsel now refuses to enter such a stipulation and insists that the stipulation instead state that Friedman "waives any claim for actual damages in the instant action." Id. This change in language makes a significant difference in the analysis of fair use under 17 U.S.C. § 107(4) (effects of the market for and value of the copyrighted work). Friedman's waiver of his right to claim actual damages is not the same as conceding Guetta's use did not damage him.

Friedman cannot have his cake and eat it, too. Friedman is prosecuting an action against Guetta but refuses to provide information regarding the value of the Photograph. Friedman's contends he received money in connection with the Photograph via the sale of his book and in connection with the art-show and t-shirts, but refuses to provide any information regarding his profits and refuses to state that he was not damaged by Guetta's use of the Photograph beyond the loss of a hypothetical royalty payment. Therefore, the instant motion to compel must be granted.

Additionally, pursuant to Fed.R.Civ.P. 37(a)(5), this Court should jointly and

1    severally order Friedman and his counsel The Linde Law Firm to pay the attorney's fees

2    Guetta incurred in bringing the instant motion. As set forth in ¶ 13 of the Declaration of

3    John Juenger filed concurrently herewith, Guetta has already incurred $1,300 and

4    anticipates incurring an additional $1,300, for a total of $2,600.

5

6    **B.    OPPOSING PARTY'S INTRODUCTORY STATEMENT**

7         Although Plaintiff has stated unequivocally he does not have possession of any

8    further specific information sought by Defendants, Defendant still filed the instant Motion

9    to Compel seeking more information.  The basis for Defendant's Motion is that, Plaintiffs'

10   responses "do not seem truthful" and he "must have" more information.  First, this is not

11   a basis for a Motion to Compel.  Second, this is not the case.

12        Through the instant discovery Defendant apparently seeks information with respect

13   to Plaintiff's damages.  In a copyright case, such as the instant one, Plaintiff's damages are

14   calculated as the amount a willing buyer would have been reasonably required to pay a

15   willing seller at the time of the infringement for the actual use made by the defendant of the

16   plaintiff's work.  17 U.S.C. § 504(b).  This can also be represented by the lost license fees

17   the plaintiff would have received for the defendant's unauthorized use of the plaintiff's

18   work.  *Id.*

19        The work in question is a photograph of the musical act Run-DMC, that was

20   published for the first time by Plaintiff in his 1994 self-published book entitled *"F*** You*

21   *Heroes; Glen E. Friedman Photographs 1976-1991"* containing over 100 photographs of

22   various persons and scenes, some famous.  Plaintiff has never licensed the image in

23   question for any use similar to Defendant's use.  The sole item wherein Plaintiff's image

24   was licensed was a small run of promotional t-shirts printed in 2003 in support of a small

25   art show.  This was disclosed in discovery.  Plaintiff does not have any contract with

26   respect to these shirts, to the extent one even existed.  This is not uncommon.  Plaintiff

27   does not have a record as to what he was promised for these shirts, if anything.  This is not

28   uncommon.  Plaintiff does not have a record as to what he was paid for these shirts, if

anything.  This is not uncommon.

Plaintiff does have images of the shirt, and produced them to Defendants. However, Plaintiff does not have royalty information sought and has produced all information in his possession, custody and/or control relating to this shirt.

Plaintiff has previously noted that to the extent Defendant seeks more information, he can and should subpoena the third parties involved in the production of the shirt.  To date Defendant has not done so, for reasons he may want to explain in a supplemental brief.  However, Defendant cannot compel Plaintiff to make up information as to his royalties, simply because Plaintiff does not know the answer.

Moreover, while Defendant's Motion sometimes mentions Plaintiff's sale of his book, Defendant conceded in the parties meet and confer that evidence of Plaintiff's sales of his own book (published by Plaintiff's own publishing company, containing only photographs taken by Plaintiff and containing over 100 photographs of various persons and scenes, some famous), does not reveal anything whatsoever about a license fee or royalty rate for use of reproduction of one image at issue in this case.  Indeed, Defendant does not even argue the point in the instant motion, apparently hoping the Court will make a "kitchen sink" order that Plaintiff simply need to disclose all of his finances to Defendant.

However, the question remains, how does information relating to the sales of a 148 page book, with hundreds of pictures of famous persons, tell us anything about the reasonable license fee for one of the pictures contained therein? The obvious answer is, it doesn't.

Information regarding Plaintiff's book sales is simply not relevant, and is protected by Plaintiff's right to financial privacy, and Defendant does not seriously attempt to argue otherwise.

Moreover, with respect to Defendant's allegation that Plaintiff reneged on a proposed stipulation, the true facts are as follows:  Plaintiff was willing to stipulate away its claim for actual damages, other than the loss of a hypothetical royalty payment Friedman may have received had he licensed the Photograph to Guetta.  Such actual damage claims

1   are expensive to prove, and in light of the other damage options available to Plaintiff,

2   Plaintiff was willing to forgo it.  Unfortunately, Defendant then stated that it wanted to go

3   further and enter into a stipulation that (1) Plaintiff would not make such a claim for

4   damages, and (2) that the language would not be limited but Plaintiff's damages, but

5   should be broad enough so that could be used against Plaintiff in support of Defendant's

6   asserted affirmative defense that its plagarism was "fair-use" pursuant to 17 U.S.C. §

7   107(4).  It should not come as a surprise that Plaintiff is not willing to enter into such a

8   stipulation.

9        Finally, Plaintiff notes that Defendant's request for sanctions should be denied for

10  the same reasons as the remainder of this Motion.  Moreover, Plaintiff notes that half of

11  the monetary sanctions request is based upon "anticipate[d]" time, in order to raise the

12  stakes on this Motion.  This is not appropriate.

13       As set forth more fully below, Plaintiff cannot be compelled to make up information

14  and the instant Motion should be denied.

15

16  **II.**                                    **DEFINITIONS:**

17       1.      The terms "YOU" and "YOUR" shall mean and refer to Plaintiff and Cross-

18  Defendant Glen E. Friedman and his agents, principals, partners, joint adventurers,

19  employees, independent contractors, servants, associates, attorneys, investigators,

20  representatives, affiliates and any other person or entity acting on his behalf or under his

21  direction, or on whose behalf or under whose direction he acts.

22       2.      The terms "DOCUMENT" and "DOCUMENTS" are used in the broadest

23  permissible sense under the Federal Rules of Civil Procedure and shall mean and refer to,

24  without limitation, tangible things and all written, typewritten, recorded (including audio or

25  videotape or both), graphic, photographic (including negatives), facsimile transmissions,

26  or computerized materials in whatever form, including copies, drafts, and reproductions

27  thereof to which you have or have had access and every copy of such document which

28  contains any commentary or notation not appearing in the original.

---

3.     The term "RELATE OR REFER TO" shall mean and refer to discussing, mentioning, constituting, referencing, inferring, evidencing, or concerning.

4.     The term "DESCRIPTION," when used with respect to a DOCUMENT, means the DOCUMENT's date, title, the name of the person or entity that created the DOCUMENT, the number of pages of the DOCUMENT and the Bates number of the DOCUMENT.

5.     Unless otherwise noted, when used with respect to a natural person or entity, the term "IDENTIFY" means state the name, address, and telephone number of the person or entity.

5.     The term "SUBJECT PHOTOGRAPH" shall mean the photograph and/or the image contained in the photograph whose copyright YOU contend Defendant and Cross-Claimant Thierry Guetta infringed upon, which is the subject of the instant action.

### III.   INTERROGATORIES AT ISSUE

**INTERROGATORY NO. 6:**

IDENTIFY each and every effort YOU have taken to generate monies with respect to the SUBJECT photograph. For purposes of this interrogatory, IDENTIFY shall mean (a) all advertising efforts YOU took with respect to the SUBJECT PHOTOGRAPH, (b) the dates, parties and a description of all discussions YOU had with anyone regarding the licensing or sale of the SUBJECT PHOTOGRAPH, (c) the dollar amount YOU suggested for the sale, license or use of the SUBJECT PHOTOGRAPH, and (d) a DESCRIPTION of all DOCUMENTS that RELATE OR REFER TO each and every effort YOU have taken to generate monies with respect to the SUBJECT photograph.

**RESPONSE:**

Objection. Vague and ambiguous so as to be unintelligible and contains unrelated subparts. Moreover this Interrogatory seeks information that is protected by Plaintiff's right to privacy.

//

**SUPPLEMENTAL RESPONSE:**

Plaintiff incorporates by reference all prior objections and responses and provides the following supplemental response: The SUBJECT IMAGE was widely displayed all over the workd from 1994-2010 in publicity and promotional materials for the group Run DMC as well as in publicity and promotional materials for Plaintiff's book *Fuck You Heroes; Glen E. Friedman Photographs 1976-1991*, and in exhibitions of Plaintiff's work. The SUBJECT PHOTOGRAPH appeared in the book, *Fuck You Heroes; Glen E. Friedman Photographs 1976-1991*, Burning Flags Press, 1994. Plaintiff receives monies for sales of this book, however, it is impossible to determine which monies are directly attributable to the SUBJECT PHOTOGRAPH.

**FURTHER SUPPLEMENTAL RESPONSE:**

Plaintiff incorporates by reference all prior objections and responses and provides the following supplemental response: Pursuant to FRCP 33(d), Plaintiff identifies the documents attached to Plaintiff's Supplemental Responses to Request for Production of Documents as Exhibit A. Plaintiff is not in possession of further documents or information with respect to these matters.

**GUETTA'S CONTENTIONS AND PROPOSED RESOLUTION:**

The information is relevant to damages and to determining whether Guetta's use of the photograph was fair pursuant to 17 U.S.C. § 107(4).  Indeed, during the August 23, 2010 Scheduling Conference, Hon. Dean D. Pregerson asked whether there was any value to the Photograph. Moreover, the Complaint alleges that Friedman has suffered substantial damage to his business "in the form of diversion of trade, loss of income and profits, and a dilution of the value" of his rights. Complaint, ¶ 23. Guetta is entitled to an understanding of the value of the Photograph.

Guetta proposed that Friedman respond by indicating that Guetta's use of the Photograph did not cause Friedman any losses. Friedman's counsel indicated that it would provide a response indicating that Friedman did not suffer any losses from Guetta's use of the Photograph, other than the loss of a potential royalty payment Friedman may have

1  received had he licensed the Photograph to Guetta, but did not provide such a response.

2  Thereafter, Friedman's counsel indicated he would stipulate Friedman "suffered no loss

3  from Defendant's use of the subject photograph other than the loss of a potential royalty

4  payment he would have received had he licensed it to" Guetta, but then reneged and

5  insisted that the stipulation instead state that Friedman "waives any claim for actual

6  damages in the instant action." Id. This change in language makes a significant difference

7  in the analysis of fair use under 17 U.S.C. § 107(4) (effects of the market for and value of

8  the copyrighted work).

9       Friedman's vague and conclusory responses do not provide the information

10  requested in the interrogatory. The responses do not set forth the advertising efforts

11  Friedman undertook, his discussions regarding licensing or selling the Photograph, the

12  dollar amount for the suggested license or sale of the Photograph and/or what documents

13  showing all of his efforts to market the Photograph.

14       Friedman's reference to the documents attached as Exhibit A to his supplemental

15  responses to requests for production of documents does not shed any light on the issue.

16  A substantive response must be provided.

17  **PLAINTIFFF'S CONTENTIONS:**

18       Although Plaintiff has stated unequivocally he does not have possession of any

19  further specific information sought by Defendants, Defendant still filed the instant Motion

20  to Compel seeking more information.  The basis for Defendant's Motion is that, Plaintiffs'

21  responses "do not seem truthful" and he "must have" more information.  First, this is not

22  a basis for a Motion to Compel.  Second, this is not the case.

23       Plainitff has never licensed the image in question for any use similar to Defendant's

24  use.  The sole item wherein Plaintiff's image was licensed was a small run of promotional

25  t-shirts printed in 2003 in support of a small art show.  This was disclosed in discovery.

26  Plaintiff does not have any contract with respect to these shirts, to the extent one even

27  existed.  This is not uncommon.  Plaintiff does not have a record as to what he was

28  promised for these shirts, if anything.  This is not uncommon.  Plaintiff does not have a

---

GUETTA\MTN COMPEL JOINT STIP

JOINT STIPULATION RE:
MOTION TO COMPEL

1   record as to what he was paid for these shirts, if anything.  This is not uncommon.

2       Plaintiff does have images of the shirt, and produced them.  However, Plaintiff does

3   not have royalty information sought and has produced all information in his possession,

4   custody and/or control relating to this shirt.  Indeed, the only information that Plaintiff was

5   able to gather regarding these items was found on the internet.  Accordingly, pursuant to

6   FRCP 33(d), Plaintiff identified and produced these documents in response to Defendant's

7   interrogatory.

8       To the extent Defendant seeks more information, he can and should subpoena the

9   third parties involved in the production of the shirt.  To date Defendant has not done so.

10   However, Defendant cannot compel Plaintiff to make up information as to his royalties,

11   simply because Plaintiff does not know the answer.

12      Moreover, while Defendant's Motion mentions Plaintiff's sale of his book, Defendant

13   conceded in the parties meet and confer that evidence of Plaintiff's sales of his own book

14   (published by Plaintiff, containing only photographs take by Plaintiff and containing over

15   100 photographs ), does not reveal anything whatsoever about a license fee or royalty rate

16   for use of reproduction of one image at issue in this case.  Indeed, Defendant does not

17   even argue the point in the instant motion, apparently hoping the Court will make a "kitchen

18   sink" order that Plaintiff simply need to disclose all of his finances to Defendant. However,

19   the question remains, how does information relating to the sales of a 148 page book, with

20   hundreds of pictures of famous persons, tell us anything about the reasonable license fee

21   for one of the pictures contained therein? The obvious answer is, it doesn't. Information

22   regarding Plaintiff's book sales is simply not relevant, and is protected by Plaintiff's right

23   to financial privacy, and Defendant does not seriously attempt to argue otherwise.

24      For the foregoing reasons, Defendant's Motion to Compel should be denied.

25

26   **INTERROGATORY NO. 7:**

27      IDENTIFY each and every instance in which YOU received monies with respect to

28   the SUBJECT PHOTOGRAPH. For purposes of this interrogatory, IDENTIFY shall mean

GUETTA\MTN COMPEL JOINT STIP

JOINT STIPULATION RE:
MOTION TO COMPEL

(a) the date YOU received monies with respect to the SUBJECT PHOTOGRAPH, (b) the amount of money YOU received with respect to the SUBJECT PHOTOGRAPH, (c) a description of the type transaction for which YOU received any monies with respect to the SUBJECT PHOTOGRAPH (e.g. licensing, lithograph sale, book sale, etc.), (d) the person or entity from whom YOU received any monies with respect to the SUBJECT PHOTOGRAPH, and (e) a DESCRIPTION of all DOCUMENTS that RELATE OR REFER TO each and every instance in which YOU received monies with respect to the SUBJECT PHOTOGRAPH.

**RESPONSE:**

Objection. Vague and ambiguous so as to be unintelligible and contains unrelated subparts. Moreover this Interrogatory seeks information that is protected by Plaintiff's right to privacy.

**SUPPLEMENTAL RESPONSE:**

Plaintiff incorporates by reference all prior objections and responses and provides the following supplemental response: The SUBJECT IMAGE was widely displayed all over the workd from 1994-2010 in publicity and promotional materials for the group Run DMC as well as in publicity and promotional materials for Plaintiff's book *Fuck You Heroes; Glen E. Friedman Photographs 1976-1991*, and in exhibitions of Plaintiff's work. The SUBJECT PHOTOGRAPH appeared in the book, *Fuck You Heroes; Glen E. Friedman Photographs 1976-1991*, Burning Flags Press, 1994. Plaintiff receives monies for sales of this book, however, it is impossible to determine which monies are directly attributable to the SUBJECT PHOTOGRAPH.

**FURTHER SUPPLEMENTAL RESPONSE:**

Plaintiff incorporates by reference all prior objections and responses and provides the following supplemental response: Pursuant to FRCP 33(d), Plaintiff identifies the documents attached to Plaintiff's Supplemental Responses to Request for Production of Documents as Exhibit A. Plaintiff is not in possession of further documents or information with respect to these matters.

GUETTA\MTN COMPEL JOINT STIP

JOINT STIPULATION RE:
MOTION TO COMPEL

**GUETTA'S CONTENTIONS AND PROPOSED RESOLUTION:**

The information is relevant to damages and to determining whether Guetta's use of the photograph was fair pursuant to 17 U.S.C. § 107(4). Indeed, during the August 23, 2010 Scheduling Conference, Hon. Dean D. Pregerson asked whether there was any value to the Photograph. Moreover, the Complaint alleges that Friedman has suffered substantial damage to his business "in the form of diversion of trade, loss of income and profits, and a dilution of the value" of his rights. Complaint, ¶ 23. Guetta is entitled to an understanding of the value of the Photograph.

Guetta proposed that Friedman respond by indicating that Guetta's use of the Photograph did not cause Friedman any losses. Friedman's counsel indicated that it would provide a response indicating that Friedman did not suffer any losses from Guetta's use of the Photograph, other than the loss of a potential royalty payment Friedman may have received had he licensed the Photograph to Guetta, but did not provide such a response. Thereafter, Friedman's counsel indicated he would stipulate Friedman "suffered no loss from Defendant's use of the subject photograph other than the loss of a potential royalty payment he would have received had he licensed it to" Guetta, but then reneged and insisted that the stipulation instead state that Friedman "waives any claim for actual damages in the instant action." Id. This change in language makes a significant difference in the analysis of fair use under 17 U.S.C. § 107(4) (effects of the market for and value of the copyrighted work).

Friedman's vague and conclusory responses do not provide the information requested in the interrogatory. The responses do not set forth the instances wherein Friedman received monies relating to the Photograph.

Friedman's reference to the documents attached as Exhibit A to his supplemental responses to requests for production of documents does not shed any light on the issue. Additionally, Friedman must have additional information as to monies he received in connection with the Photograph. A substantive response must be provided.

//

**PLAINTIFFF'S CONTENTIONS:**

Although Plaintiff has stated unequivocally he does not have possession of any further specific information sought by Defendants, Defendant still filed the instant Motion to Compel seeking more information.  The basis for Defendant's Motion is that, Plaintiffs' responses "do not seem truthful" and he "must have" more information.  First, this is not a basis for a Motion to Compel.  Second, this is not the case.

Plainitff has never licensed the image in question for any use similar to Defendant's use.  The sole item wherein Plaintiff's image was licensed was a small run of promotional t-shirts printed in 2003 in support of a small art show.  This was disclosed in discovery.  Plaintiff does not have any contract with respect to these shirts, to the extent one even existed.  This is not uncommon.  Plaintiff does not have a record as to what he was promised for these shirts, if anything.  This is not uncommon.  Plaintiff does not have a record as to what he was paid for these shirts, if anything.  This is not uncommon.

Plaintiff does have images of the shirt, and produced them.  However, Plaintiff does not have royalty information sought and has produced all information in his possession, custody and/or control relating to this shirt.  Indeed, the only information that Plaintiff was able to gather regarding these items was found on the internet.  Accordingly, pursuant to FRCP 33(d), Plaintiff identified and produced these documents in response to Defendant's interrogatory.

To the extent Defendant seeks more information, he can and should subpoena the third parties involved in the production of the shirt.  To date Defendant has not done so.  However, Defendant cannot compel Plaintiff to make up information as to his royalties, simply because Plaintiff does not know the answer.

Moreover, while Defendant's Motion mentions Plaintiff's sale of his book, Defendant conceded in the parties meet and confer that evidence of Plaintiff's sales of his own book (published by Plaintiff, containing only photographs take by Plaintiff and containing over 100 photographs ), does not reveal anything whatsoever about a license fee or royalty rate for use of reproduction of one image at issue in this case.  Indeed, Defendant does not

1   even argue the point in the instant motion, apparently hoping the Court will make a "kitchen

2   sink" order that Plaintiff simply need to disclose all of his finances to Defendant.  However,

3   the question remains, how does information relating to the sales of a 148 page book, with

4   hundreds of pictures of famous persons, tell us anything about the reasonable license fee

5   for one of the pictures contained therein? The obvious answer is, it doesn't.  Information

6   regarding Plaintiff's book sales is simply not relevant, and is protected by Plaintiff's right

7   to financial privacy, and Defendant does not seriously attempt to argue otherwise.

8          For the foregoing reasons, Defendant's Motion to Compel should be denied.

9

10  **INTERROGATORY NO. 8:**

11         IDENTIFY each and every instance in which a lithograph and/or reproduction of the

12  SUBJECT PHOTOGRAPH was sold. For purposes of this interrogatory, IDENTIFY shall

13  mean, (a) the date any lithograph and/or reproduction of the SUBJECT PHOTOGRAPH

14  was sold, (b) the dollar amount for which the lithograph or reproduction of the SUBJECT

15  PHOTOGRAPH was sold, (c) the name, address and telephone number of each and every

16  person and/or entity that purchased a lithograph or reproduction of the SUBJECT

17  PHOTOGRAPH, and (d) a DESCRIPTION of all DOCUMENTS that RELATE OR REFER

18  TO each and every instance in which a lithograph and/or reproduction of the SUBJECT

19  PHOTOGRAPH was sold.

20  **RESPONSE:**

21         Objection. Vague and ambiguous so as to be unintelligible and contains unrelated

22  subparts. Moreover this Interrogatory seeks information that is protected by Plaintiff's right

23  to privacy.

24  [No Supplemental Response was provided.]

25  **FURTHER SUPPLEMENTAL RESPONSE:**

26         Plaintiff incorporates by reference all prior objections and responses and provides

27  the following supplemental response: Pursuant to FRCP 33(d), Plaintiff identifies the

28  documents attached to Plaintiff's Supplemental Responses to Request for Production of

1   Documents as Exhibit A. Plaintiff is not in possession of further documents or information

2   with respect to these matters.

3   **GUETTA'S CONTENTIONS AND PROPOSED RESOLUTION:**

4          The information is relevant to damages and to determining whether Guetta's use

5   of the photograph was fair pursuant to 17 U.S.C. § 107(4).  Indeed, during the August 23,

6   2010 Scheduling Conference, Hon. Dean D. Pregerson asked whether there was any value

7   to the Photograph. Moreover, the Complaint alleges that Friedman has suffered substantial

8   damage to his business "in the form of diversion of trade, loss of income and profits, and

9   a dilution of the value" of his rights. Complaint, ¶ 23. Guetta is entitled to an understanding

10  of the value of the Photograph.

11         Guetta proposed that Friedman respond by indicating that Guetta's use of the

12  Photograph did not cause Friedman any losses. Friedman's counsel indicated that it would

13  provide a response indicating that Friedman did not suffer any losses from Guetta's use

14  of the Photograph, other than the loss of a potential royalty payment Friedman may have

15  received had he licensed the Photograph to Guetta, but did not provide such a response.

16  Thereafter, Friedman's counsel indicated he would stipulate Friedman "suffered no loss

17  from Defendant's use of the subject photograph other than the loss of a potential royalty

18  payment he would have received had he licensed it to" Guetta, but then reneged and

19  insisted that the stipulation instead state that Friedman "waives any claim for actual

20  damages in the instant action." Id. This change in language makes a significant difference

21  in the analysis of fair use under 17 U.S.C. § 107(4) (effects of the market for and value of

22  the copyrighted work).

23         Friedman's vague and conclusory responses do not provide the information

24  requested in the interrogatory. The responses do not set forth the instances wherein

25  lithographs or reproductions of the Photograph were sold.

26         Friedman's reference to the documents attached as Exhibit A to his supplemental

27  responses to requests for production of documents does not shed any light on the issue.

28  Additionally, Friedman must have additional information as to monies he received in

1   connection with the Photograph. A substantive response must be provided.

2   **PLAINTIFFF'S CONTENTIONS:**

3       Although Plaintiff has stated unequivocally he does not have possession of any

4   further specific information sought by Defendants, Defendant still filed the instant Motion

5   to Compel seeking more information.  The basis for Defendant's Motion is that, Plaintiffs'

6   responses "do not seem truthful" and he "must have" more information.  First, this is not

7   a basis for a Motion to Compel.  Second, this is not the case.

8       Plainitff has never licensed the image in question for any use similar to Defendant's

9   use.  The sole item wherein Plaintiff's image was licensed was a small run of promotional

10  t-shirts printed in 2003 in support of a small art show.  This was disclosed in discovery.

11  Plaintiff does not have any contract with respect to these shirts, to the extent one even

12  existed.  This is not uncommon.  Plaintiff does not have a record as to what he was

13  promised for these shirts, if anything.  This is not uncommon.  Plaintiff does not have a

14  record as to what he was paid for these shirts, if anything.  This is not uncommon.

15      Plaintiff does have images of the shirt, and produced them.  However, Plaintiff does

16  not have royalty information sought and has produced <u>all</u> information in his possession,

17  custody and/or control relating to this shirt.  Indeed, the only information that Plaintiff was

18  able to gather regarding these items was found on the internet.  Accordingly, pursuant to

19  FRCP 33(d), Plaintiff identified and produced these documents in response to Defendant's

20  interrogatory.

21      To the extent Defendant seeks more information, he can and should subpoena the

22  third parties involved in the production of the shirt.  To date Defendant has not done so.

23  However, Defendant cannot compel Plaintiff to make up information as to his royalties,

24  simply because Plaintiff does not know the answer.

25      Moreover, while Defendant's Motion mentions Plaintiff's sale of his book, Defendant

26  conceded in the parties meet and confer that evidence of Plaintiff's sales of his own book

27  (published by Plaintiff, containing only photographs take by Plaintiff and containing over

28  100 photographs ), does not reveal anything whatsoever about a license fee or royalty rate

GUETTA\MTN COMPEL JOINT STIP

**JOINT STIPULATION RE:**
**MOTION TO COMPEL**

1  for use of reproduction of one image at issue in this case.  Indeed, Defendant does not

2  even argue the point in the instant motion, apparently hoping the Court will make a "kitchen

3  sink" order that Plaintiff simply need to disclose all of his finances to Defendant.   However,

4  the question remains, how does information relating to the sales of a 148 page book, with

5  hundreds of pictures of famous persons, tell us anything about the reasonable license fee

6  for one of the pictures contained therein? The obvious answer is, it doesn't.  Information

7  regarding Plaintiff's book sales is simply not relevant, and is protected by Plaintiff's right

8  to financial privacy, and Defendant does not seriously attempt to argue otherwise.

9      For the foregoing reasons, Defendant's Motion to Compel should be denied.

10

11  **INTERROGATORY NO. 9:**

12      State YOUR gross and net profits generated from the SUBJECT PHOTOGRAPH

13  and how those amounts were calculated.

14  **RESPONSE:**

15      Objection. Vague and ambiguous so as to be unintelligible and contains unrelated

16  subparts. Moreover this Interrogatory seeks information that is protected by Plaintiff's right

17  to privacy.

18  **SUPPLEMENTAL RESPONSE:**

19      Plaintiff incorporates by reference all prior objections and responses and provides

20  the following supplemental response: The SUBJECT IMAGE was widely displayed all over

21  the workd from 1994-2010 in publicity and promotional materials for the group Run DMC

22  as well as in publicity and promotional materials for Plaintiff's book *Fuck You Heroes; Glen*

23  *E. Friedman Photographs 1976-1991*, and in exhibitions of Plaintiff's work. The SUBJECT

24  PHOTOGRAPH appeared in the book, *Fuck You Heroes; Glen E. Friedman Photographs*

25  *1976-1991*, Burning Flags Press, 1994. Plaintiff receives monies for sales of this book,

26  however, it is impossible to determine which monies are directly attributable to the

27  SUBJECT PHOTOGRAPH.

28  //

GUETTA\MTN COMPEL JOINT STIP

JOINT STIPULATION RE:
MOTION TO COMPEL

**FURTHER SUPPLEMENTAL RESPONSE:**

Plaintiff incorporates by reference all prior objections and responses and provides the following supplemental response: Pursuant to FRCP 33(d), Plaintiff identifies the documents attached to Plaintiff's Supplemental Responses to Request for Production of Documents as Exhibit A. Plaintiff is not in possession of further documents or information with respect to these matters.

**GUETTA'S CONTENTIONS AND PROPOSED RESOLUTION:**

The information is relevant to damages and to determining whether Guetta's use of the photograph was fair pursuant to 17 U.S.C. § 107(4).  Indeed, during the August 23, 2010 Scheduling Conference, Hon. Dean D. Pregerson asked whether there was any value to the Photograph. Moreover, the Complaint alleges that Friedman has suffered substantial damage to his business "in the form of diversion of trade, loss of income and profits, and a dilution of the value" of his rights. Complaint, ¶ 23. Guetta is entitled to an understanding of the value of the Photograph.

Guetta proposed that Friedman respond by indicating that Guetta's use of the Photograph did not cause Friedman any losses. Friedman's counsel indicated that it would provide a response indicating that Friedman did not suffer any losses from Guetta's use of the Photograph, other than the loss of a potential royalty payment Friedman may have received had he licensed the Photograph to Guetta, but did not provide such a response. Thereafter, Friedman's counsel indicated he would stipulate Friedman "suffered no loss from Defendant's use of the subject photograph other than the loss of a potential royalty payment he would have received had he licensed it to" Guetta, but then reneged and insisted that the stipulation instead state that Friedman "waives any claim for actual damages in the instant action." Id. This change in language makes a significant difference in the analysis of fair use under 17 U.S.C. § 107(4) (effects of the market for and value of the copyrighted work).

Friedman's vague and conclusory responses do not provide the information requested in the interrogatory. The responses do not set forth Friedman's profits from the

1   Photograph and how they were calculated.

2   Friedman's reference to the documents attached as Exhibit A to his supplemental

3   responses to requests for production of documents does not shed any light on the issue.

4   Additionally, Friedman must have additional information as to monies he received in

5   connection with the Photograph. A substantive response must be provided.

6   **PLAINTIFFF'S CONTENTIONS:**

7   Although Plaintiff has stated unequivocally he does not have possession of any

8   further specific information sought by Defendants, Defendant still filed the instant Motion

9   to Compel seeking more information.  The basis for Defendant's Motion is that, Plaintiffs'

10  responses "do not seem truthful" and he "must have" more information.  First, this is not

11  a basis for a Motion to Compel.  Second, this is not the case.

12  Plainitff has never licensed the image in question for any use similar to Defendant's

13  use.  The sole item wherein Plaintiff's image was licensed was a small run of promotional

14  t-shirts printed in 2003 in support of a small art show.  This was disclosed in discovery.

15  Plaintiff does not have any contract with respect to these shirts, to the extent one even

16  existed.  This is not uncommon.  Plaintiff does not have a record as to what he was

17  promised for these shirts, if anything.  This is not uncommon.  Plaintiff does not have a

18  record as to what he was paid for these shirts, if anything.  This is not uncommon.

19  Plaintiff does have images of the shirt, and produced them.  However, Plaintiff does

20  not have royalty information sought and has produced <u>all</u> information in his possession,

21  custody and/or control relating to this shirt.  Indeed, the only information that Plaintiff was

22  able to gather regarding these items was found on the internet.  Accordingly, pursuant to

23  FRCP 33(d), Plaintiff identified and produced these documents in response to Defendant's

24  interrogatory.

25  To the extent Defendant seeks more information, he can and should subpoena the

26  third parties involved in the production of the shirt.  To date Defendant has not done so.

27  However, Defendant cannot compel Plaintiff to make up information as to his royalties,

28  simply because Plaintiff does not know the answer.

GUETTA\MTN COMPEL JOINT STIP

**JOINT STIPULATION RE:
MOTION TO COMPEL**

1    Moreover, while Defendant's Motion mentions Plaintiff's sale of his book, Defendant

2    conceded in the parties meet and confer that evidence of Plaintiff's sales of his own book

3    (published by Plaintiff, containing only photographs take by Plaintiff and containing over

4    100 photographs ), does not reveal anything whatsoever about a license fee or royalty rate

5    for use of reproduction of one image at issue in this case.  Indeed, Defendant does not

6    even argue the point in the instant motion, apparently hoping the Court will make a "kitchen

7    sink" order that Plaintiff simply need to disclose all of his finances to Defendant.   However,

8    the question remains, how does information relating to the sales of a 148 page book, with

9    hundreds of pictures of famous persons, tell us anything about the reasonable license fee

10   for one of the pictures contained therein? The obvious answer is, it doesn't.  Information

11   regarding Plaintiff's book sales is simply not relevant, and is protected by Plaintiff's right

12   to financial privacy, and Defendant does not seriously attempt to argue otherwise.

13   For the foregoing reasons, Defendant's Motion to Compel should be denied.

14

15   **IV.   REQUESTS FOR PRODUCTION OF DOCUMENTS AT ISSUE**

16   **REQUEST FOR PRODUCTION OF DOCUMENTS NO. 18:**

17   All DOCUMENTS that RELATE OR REFER TO any monies you have ever received

18   in connection with the SUBJECT PHOTOGRAPH.

19   **RESPONSE:**

20   Objection. Overbroad and unduly burdensome. Further objection: This Request

21   seeks documents protected by Plaintiff's right to privacy. Not relevant, nor likely to lead to

22   the discovery of admissible evidence. Subject to and without waiving this objection, Plaintiff

23   responds: The SUBJECT PHOTOGRAPH was widely displayed all over the workd from

24   1994-2010 in publicity and promotional materials for the group Run DMC as well as in

25   publicity and promotional materials for Plaintiff's book *Fuck You Heroes; Glen E. Friedman*

26   *Photographs 1976-1991*, and in exhibitions of Plaintiff's work. The SUBJECT

27   PHOTOGRAPH appeared in the book, *Fuck You Heroes; Glen E. Friedman Photographs*

28   *1976-1991*, Burning Flags Press, 1994. Plaintiff receives monies for sales of this book,

1  however, it is impossible to determine which monies are directly attributable to the

2  SUBJECT PHOTOGRAPH.

3  **SUPPLEMENTAL RESPONSE:**

4       Plaintiff incorporates by reference all prior objections and responses and provides

5  the following supplemental response: Plaintiff produces the documents attached as Exhibit

6  A.

7  **GUETTA'S CONTENTIONS AND PROPOSED RESOLUTION:**

8       The information is relevant to damages and to determining whether Guetta's use

9  of the photograph was fair pursuant to 17 U.S.C. § 107(4).  Indeed, during the August 23,

10  2010 Scheduling Conference, Hon. Dean D. Pregerson asked whether there was any value

11  to the Photograph. Moreover, the Complaint alleges that Friedman has suffered substantial

12  damage to his business "in the form of diversion of trade, loss of income and profits, and

13  a dilution of the value" of his rights. Complaint, ¶ 23. Guetta is entitled to an understanding

14  of the value of the Photograph. The response fails to comply with the provisions of

15  <u>Fed.R.Civ.P.</u> 34, which require a responding party to indicate whether the inspection

16  activities will be permitted or not.

17       Guetta proposed that Friedman respond by indicating that Guetta's use of the

18  Photograph did not cause Friedman any losses. Friedman's counsel indicated that it would

19  provide a response indicating that Friedman did not suffer any losses from Guetta's use

20  of the Photograph, other than the loss of a potential royalty payment Friedman may have

21  received had he licensed the Photograph to Guetta, but did not provide such a response.

22  Thereafter, Friedman's counsel indicated he would stipulate Friedman "suffered no loss

23  from Defendant's use of the subject photograph other than the loss of a potential royalty

24  payment he would have received had he licensed it to" Guetta, but then reneged and

25  insisted that the stipulation instead state that Friedman "waives any claim for actual

26  damages in the instant action." <u>Id.</u> This change in language makes a significant difference

27  in the analysis of fair use under 17 U.S.C. § 107(4) (effects of the market for and value of

28  the copyrighted work).

1    The response provided by Friedman does not indicate whether he has produced all

2    responsive documents or not and therefore fails to indicate whether the inspection is being

3    permitted. Clearly, Friedman has not produced all responsive documents as he has

4    asserted that he received monies in connection with the sale of a book that includes the

5    Photograph. Accordingly, Guetta is entitled to the documents showing those monies and

6    any other monies relating to the Photograph.

7    **PLAINTIFF'S CONTENTIONS:**

8    Although Plaintiff has stated unequivocally this Request is overbroad and he does

9    not have possession of any further specific information sought by Defendants, Defendant

10   still filed the instant Motion to Compel seeking more information.  The basis for Defendant's

11   Motion is that, Plaintiffs' responses "do not seem truthful" and he "must have" more

12   information.  First, this is not a basis for a Motion to Compel.  Second, this is not the case.

13   Plaintiff has never licensed the image in question for any use similar to Defendant's

14   use.  The sole item wherein Plaintiff's image was licensed was a small run of promotional

15   t-shirts printed in 2003 in support of a small art show.  Plaintiff does not have any contract

16   with respect to these shirts, to the extent one even existed.  This is not uncommon.

17   Plaintiff does not have a record as to what he was promised for these shirts, if anything.

18   This is not uncommon.  Plaintiff does not have a record as to what he was paid for these

19   shirts, if anything.  This is not uncommon.

20   Plaintiff does have images of the shirt, and produced them.  However, Plaintiff does

21   not have royalty information sought and has produced all information in his possession,

22   custody and/or control relating to this shirt.  Indeed, the only information that Plaintiff was

23   able to gather regarding these items was found on the internet.

24   To the extent Defendant seeks more information, he can and should subpoena the

25   third parties involved in the production of the shirt.  To date Defendant has not done so.

26   However, Defendant cannot compel Plaintiff to make up information as to his royalties,

27   simply because Plaintiff does not know the answer.

28   Moreover, while Defendant's Motion elsewhere mentions Plaintiff's sale of his book,

GUETTA\MTN COMPEL JOINT STIP

21

JOINT STIPULATION RE:
MOTION TO COMPEL

1    it does not here.  To the extent Defendant seeks information relating to Plaintiffs book

2    sales, it is plainly overbroad and invasive of Plaintiff's right to privacy and should be denied

3    for the same reasons as set forth above.

4

5    **REQUEST FOR PRODUCTION OF DOCUMENTS NO. 25:**

6        All DOCUMENTS that RELATE OR REFER TO any efforts YOU have taken to

7    generate monies with respect to the SUBJECT photograph.

8    **RESPONSE:**

9        Objection. Vague and ambiguous as to the phrase "efforts YOU have taken to

10   generate monies." Further objection; overbroad and unduly burdensome. Subject to and

11   without waiving this objection, Plaintiff responds: The SUBJECT PHOTOGRAPH was

12   widely displayed all over the workd from 1994-2010 in publicity and promotional materials

13   for the group Run DMC as well as in publicity and promotional materials for Plaintiff's book

14   *Fuck You Heroes; Glen E. Friedman Photographs 1976-1991*, and in exhibitions of

15   Plaintiff's work. The SUBJECT PHOTOGRAPH appeared in the book, *Fuck You Heroes;*

16   *Glen E. Friedman Photographs 1976-1991*, Burning Flags Press, 1994. Plaintiff receives

17   monies for sales of this book, however, it is impossible to determine which monies are

18   directly attributable to the SUBJECT PHOTOGRAPH.

19   **SUPPLEMENTAL RESPONSE:**

20       Plaintiff incorporates by reference all prior objections and responses and provides

21   the following supplemental response: Plaintiff produces the documents attached as Exhibit

22   A.

23   **GUETTA'S CONTENTIONS AND PROPOSED RESOLUTION:**

24       The information is relevant to damages and to determining whether Guetta's use

25   of the photograph was fair pursuant to 17 U.S.C. § 107(4).  Indeed, during the August 23,

26   2010 Scheduling Conference, Hon. Dean D. Pregerson asked whether there was any value

27   to the Photograph. Moreover, the Complaint alleges that Friedman has suffered substantial

28   damage to his business "in the form of diversion of trade, loss of income and profits, and

---

1    a dilution of the value" of his rights. Complaint, ¶ 23. Guetta is entitled to an understanding

2    of the value of the Photograph. The response fails to comply with the provisions of

3    Fed.R.Civ.P. 34, which require a responding party to indicate whether the inspection

4    activities will be permitted or not.

5        Guetta proposed that Friedman respond by indicating that Guetta's use of the

6    Photograph did not cause Friedman any losses. Friedman's counsel indicated that it would

7    provide a response indicating that Friedman did not suffer any losses from Guetta's use

8    of the Photograph, other than the loss of a potential royalty payment Friedman may have

9    received had he licensed the Photograph to Guetta, but did not provide such a response.

10   Thereafter, Friedman's counsel indicated he would stipulate Friedman "suffered no loss

11   from Defendant's use of the subject photograph other than the loss of a potential royalty

12   payment he would have received had he licensed it to" Guetta, but then reneged and

13   insisted that the stipulation instead state that Friedman "waives any claim for actual

14   damages in the instant action." Id. This change in language makes a significant difference

15   in the analysis of fair use under 17 U.S.C. § 107(4) (effects of the market for and value of

16   the copyrighted work).

17       The response provided by Friedman does not indicate whether he has produced all

18   responsive documents or not and therefore fails to indicate whether the inspection is being

19   permitted. The attached documents do not demonstrate Friedman's attempts to generate

20   monies with respect to the Photograph. Documents such as correspondence

21   demonstrating Friedman's attempts have not been produced.

22   **PLAINTIFF'S CONTENTIONS:**

23       Although Plaintiff has stated unequivocally this Request is overbroad and he does

24   not have possession of any further specific information sought by Defendants, Defendant

25   still filed the instant Motion to Compel seeking more information.  The basis for Defendant's

26   Motion is that, Plaintiffs' responses "do not seem truthful" and he "must have" more

27   information.  First, this is not a basis for a Motion to Compel.  Second, this is not the case.

28       Plaintiff has never licensed the image in question for any use similar to Defendant's

1   use.  The sole item wherein Plaintiff's image was licensed was a small run of promotional

2   t-shirts printed in 2003 in support of a small art show.  Plaintiff does not have any contract

3   with respect to these shirts, to the extent one even existed.  This is not uncommon.

4   Plaintiff does not have a record as to what he was promised for these shirts, if anything.

5   This is not uncommon.  Plaintiff does not have a record as to what he was paid for these

6   shirts, if anything.  This is not uncommon.

7       Plaintiff does have images of the shirt, and produced them.  However, Plaintiff does

8   not have royalty information sought and has produced <u>all</u> information in his possession,

9   custody and/or control relating to this shirt.  Indeed, the only information that Plaintiff was

10  able to gather regarding these items was found on the internet.

11      To the extent Defendant seeks more information, he can and should subpoena the

12  third parties involved in the production of the shirt.  To date Defendant has not done so.

13  However, Defendant cannot compel Plaintiff to make up information as to his royalties,

14  simply because Plaintiff does not know the answer.

15      Moreover, while Defendant's Motion elsewhere mentions Plaintiff's sale of his book,

16  it does not here.  To the extent Defendant seeks information relating to Plaintiffs book

17  sales, it is plainly overbroad and invasive of Plaintiff's right to privacy and should be denied

18  for the same reasons as set forth above.

19

20  **REQUEST FOR PRODUCTION OF DOCUMENTS NO. 26:**

21      All DOCUMENTS that RELATE OR REFER TO any efforts YOU have taken to

22  license the SUBJECT PHOTOGRAPH.

23  **RESPONSE:**

24      Objection. Vague and ambiguous so as to be unintelligible, fails to describe with

25  reasonable particularity each item or category of items to be inspected is overbroad, unduly

26  burdensome, invades Plaintiff's right to privacy and seeks documents not relevant to any

27  claim or defense in this matter, to the extent it seeks documents that did not result in a

28  license. Subject to and without waiving this objection, Plaintiff responds: The SUBJECT

1  PHOTOGRAPH was widely displayed all over the workd from 1994-2010 in publicity and

2  promotional materials for the group Run DMC as well as in publicity and promotional

3  materials for Plaintiff's book *Fuck You Heroes; Glen E. Friedman Photographs 1976-1991*,

4  and in exhibitions of Plaintiff's work. Plaintiff further identifies Plaintiff's book, *Fuck You*

5  *Heroes; Glen E. Friedman Photographs 1976-1991* which is equally available to

6  propounding party.

7  **SUPPLEMENTAL RESPONSE:**

8  Plaintiff incorporates by reference all prior objections and responses and provides

9  the following supplemental response: Plaintiff produces the documents attached as Exhibit

10  A.

11  **GUETTA'S CONTENTIONS AND PROPOSED RESOLUTION:**

12  The information is relevant to damages and to determining whether Guetta's use

13  of the photograph was fair pursuant to 17 U.S.C. § 107(4).  Indeed, during the August 23,

14  2010 Scheduling Conference, Hon. Dean D. Pregerson asked whether there was any value

15  to the Photograph. Moreover, the Complaint alleges that Friedman has suffered substantial

16  damage to his business "in the form of diversion of trade, loss of income and profits, and

17  a dilution of the value" of his rights. Complaint, ¶ 23. Guetta is entitled to an understanding

18  of the value of the Photograph. The response fails to comply with the provisions of

19  Fed.R.Civ.P. 34, which require a responding party to indicate whether the inspection

20  activities will be permitted or not.

21  Guetta proposed that Friedman respond by indicating that Guetta's use of the

22  Photograph did not cause Friedman any losses. Friedman's counsel indicated that it would

23  provide a response indicating that Friedman did not suffer any losses from Guetta's use

24  of the Photograph, other than the loss of a potential royalty payment Friedman may have

25  received had he licensed the Photograph to Guetta, but did not provide such a response.

26  Thereafter, Friedman's counsel indicated he would stipulate Friedman "suffered no loss

27  from Defendant's use of the subject photograph other than the loss of a potential royalty

28  payment he would have received had he licensed it to" Guetta, but then reneged and

1   insisted that the stipulation instead state that Friedman "waives any claim for actual

2   damages in the instant action." Id. This change in language makes a significant difference

3   in the analysis of fair use under 17 U.S.C. § 107(4) (effects of the market for and value of

4   the copyrighted work).

5          The response provided by Friedman does not indicate whether he has produced all

6   responsive documents or not and therefore fails to indicate whether the inspection is being

7   permitted. The attached documents do not demonstrate Friedman's attempts to license the

8   Photograph. Documents such as correspondence demonstrating Friedman's attempts have

9   not been produced. The objections based on privacy and relevance to the extent the

10  document requests seek documents that did not result in a license is not well taken as

11  Friedman's efforts to market the photograph, whether they resulted in a license or not, are

12  directly relevant to this action that he initiated.

13  **PLAINTIFF'S CONTENTIONS:**

14         Although Plaintiff has stated unequivocally this Request is overbroad and he does

15  not have possession of any further specific information sought by Defendants, Defendant

16  still filed the instant Motion to Compel seeking more information.  The basis for Defendant's

17  Motion is that, Plaintiffs' responses "do not seem truthful" and he "must have" more

18  information.  First, this is not a basis for a Motion to Compel.  Second, this is not the case.

19         Plaintiff has never licensed the image in question for any use similar to Defendant's

20  use.  The sole item wherein Plaintiff's image was licensed was a small run of promotional

21  t-shirts printed in 2003 in support of a small art show.  Plaintiff does not have any contract

22  with respect to these shirts, to the extent one even existed.  This is not uncommon.

23  Plaintiff does not have a record as to what he was promised for these shirts, if anything.

24  This is not uncommon.  Plaintiff does not have a record as to what he was paid for these

25  shirts, if anything.  This is not uncommon.

26         Plaintiff does have images of the shirt, and produced them.  However, Plaintiff does

27  not have royalty information sought and has produced all information in his possession,

28  custody and/or control relating to this shirt.  Indeed, the only information that Plaintiff was

1   able to gather regarding these items was found on the internet.

2        To the extent Defendant seeks more information, he can and should subpoena the

3   third parties involved in the production of the shirt.  To date Defendant has not done so.

4   However, Defendant cannot compel Plaintiff to make up information as to his royalties,

5   simply because Plaintiff does not know the answer.

6        Moreover, while Defendant's Motion elsewhere mentions Plaintiff's sale of his book,

7   it does not here.  To the extent Defendant seeks information relating to Plaintiffs book

8   sales, it is plainly overbroad and invasive of Plaintiff's right to privacy and should be denied

9   for the same reasons as set forth above.

10

11  **REQUEST FOR PRODUCTION OF DOCUMENTS NO. 28:**

12       All DOCUMENTS that RELATE OR REFER TO any efforts YOU have taken to sell

13  any lithographs and/or reproductions the SUBJECT PHOTOGRAPH.

14  **RESPONSE:**

15       Objection. Vague and ambiguous so as to be unintelligible, fails to describe with

16  reasonable particularity each item or category of items to be inspected is overbroad, unduly

17  burdensome, invades Plaintiff's right to privacy and seeks documents not relevant to any

18  claim or defense in this matter, to the extent it seeks documents that did not result in a

19  license. Subject to and without waiving this objection, Plaintiff responds: The SUBJECT

20  PHOTOGRAPH was widely displayed all over the workd from 1994-2010 in publicity and

21  promotional materials for the group Run DMC as well as in publicity and promotional

22  materials for Plaintiff's book *Fuck You Heroes; Glen E. Friedman Photographs 1976-1991*,

23  and in exhibitions of Plaintiff's work. Plaintiff further identifies Plaintiff's book, *Fuck You*

24  *Heroes; Glen E. Friedman Photographs 1976-1991* which is equally available to

25  propounding party.

26  **SUPPLEMENTAL RESPONSE:**

27       Plaintiff incorporates by reference all prior objections and responses and provides

28  the following supplemental response: Plaintiff produces the documents attached as Exhibit

A.

**GUETTA'S CONTENTIONS AND PROPOSED RESOLUTION:**

The information is relevant to damages and to determining whether Guetta's use of the photograph was fair pursuant to 17 U.S.C. § 107(4). Indeed, during the August 23, 2010 Scheduling Conference, Hon. Dean D. Pregerson asked whether there was any value to the Photograph. Moreover, the Complaint alleges that Friedman has suffered substantial damage to his business "in the form of diversion of trade, loss of income and profits, and a dilution of the value" of his rights. Complaint, ¶ 23. Guetta is entitled to an understanding of the value of the Photograph. The response fails to comply with the provisions of Fed.R.Civ.P. 34, which require a responding party to indicate whether the inspection activities will be permitted or not.

Guetta proposed that Friedman respond by indicating that Guetta's use of the Photograph did not cause Friedman any losses. Friedman's counsel indicated that it would provide a response indicating that Friedman did not suffer any losses from Guetta's use of the Photograph, other than the loss of a potential royalty payment Friedman may have received had he licensed the Photograph to Guetta, but did not provide such a response. Thereafter, Friedman's counsel indicated he would stipulate Friedman "suffered no loss from Defendant's use of the subject photograph other than the loss of a potential royalty payment he would have received had he licensed it to" Guetta, but then reneged and insisted that the stipulation instead state that Friedman "waives any claim for actual damages in the instant action." Id. This change in language makes a significant difference in the analysis of fair use under 17 U.S.C. § 107(4) (effects of the market for and value of the copyrighted work).

The response provided by Friedman does not indicate whether he has produced all responsive documents or not and therefore fails to indicate whether the inspection is being permitted. The attached documents do not demonstrate Friedman's attempts to sell reproductions of the Photograph. Documents such as correspondence demonstrating Friedman's attempts have not been produced. The objections based on privacy and

relevance to the extent the document requests seek documents that did not result in a license is not well taken as Friedman's efforts to market the photograph, whether they resulted in a license or not, are directly relevant to this action that he initiated.

**PLAINTIFF'S CONTENTIONS:**

Although Plaintiff has stated unequivocally this Request is overbroad and he does not have possession of any further specific information sought by Defendants, Defendant still filed the instant Motion to Compel seeking more information. The basis for Defendant's Motion is that, Plaintiffs' responses "do not seem truthful" and he "must have" more information. First, this is not a basis for a Motion to Compel. Second, this is not the case.

Plaintiff has never licensed the image in question for any use similar to Defendant's use. The sole item wherein Plaintiff's image was licensed was a small run of promotional t-shirts printed in 2003 in support of a small art show. Plaintiff does not have any contract with respect to these shirts, to the extent one even existed. This is not uncommon. Plaintiff does not have a record as to what he was promised for these shirts, if anything. This is not uncommon. Plaintiff does not have a record as to what he was paid for these shirts, if anything. This is not uncommon.

Plaintiff does have images of the shirt, and produced them. However, Plaintiff does not have royalty information sought and has produced all information in his possession, custody and/or control relating to this shirt. Indeed, the only information that Plaintiff was able to gather regarding these items was found on the internet.

To the extent Defendant seeks more information, he can and should subpoena the third parties involved in the production of the shirt. To date Defendant has not done so. However, Defendant cannot compel Plaintiff to make up information as to his royalties, simply because Plaintiff does not know the answer.

Moreover, while Defendant's Motion elsewhere mentions Plaintiff's sale of his book, it does not here. To the extent Defendant seeks information relating to Plaintiffs book sales, it is plainly overbroad and invasive of Plaintiff's right to privacy and should be denied for the same reasons as set forth above.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 30:**

All DOCUMENTS that RELATE OR REFER TO any efforts YOU have taken to sell any products that incorporate the SUBJECT PHOTOGRAPH including, but not limited to, any books, apparel and/or other merchandise.

**RESPONSE:**

Objection. Vague and ambiguous so as to be unintelligible, fails to describe with reasonable particularity each item or category of items to be inspected is overbroad, unduly burdensome, invades Plaintiff's right to privacy and seeks documents not relevant to any claim or defense in this matter, to the extent it seeks documents that did not result in a license. Subject to and without waiving this objection, Plaintiff responds: The SUBJECT PHOTOGRAPH was widely displayed all over the workd from 1994-2010 in publicity and promotional materials for the group Run DMC as well as in publicity and promotional materials for Plaintiff's book *Fuck You Heroes; Glen E. Friedman Photographs 1976-1991*, and in exhibitions of Plaintiff's work. Plaintiff further identifies Plaintiff's book, *Fuck You Heroes; Glen E. Friedman Photographs 1976-1991* which is equally available to propounding party.

**SUPPLEMENTAL RESPONSE:**

Plaintiff incorporates by reference all prior objections and responses and provides the following supplemental response: Plaintiff produces the documents attached as Exhibit A.

**GUETTA'S CONTENTIONS AND PROPOSED RESOLUTION:**

The information is relevant to damages and to determining whether Guetta's use of the photograph was fair pursuant to 17 U.S.C. § 107(4).  Indeed, during the August 23, 2010 Scheduling Conference, Hon. Dean D. Pregerson asked whether there was any value to the Photograph. Moreover, the Complaint alleges that Friedman has suffered substantial damage to his business "in the form of diversion of trade, loss of income and profits, and a dilution of the value" of his rights. Complaint, ¶ 23. Guetta is entitled to an understanding of the value of the Photograph. The response fails to comply with the provisions of

1   Fed.R.Civ.P. 34, which require a responding party to indicate whether the inspection

2   activities will be permitted or not.

3          Guetta proposed that Friedman respond by indicating that Guetta's use of the

4   Photograph did not cause Friedman any losses. Friedman's counsel indicated that it would

5   provide a response indicating that Friedman did not suffer any losses from Guetta's use

6   of the Photograph, other than the loss of a potential royalty payment Friedman may have

7   received had he licensed the Photograph to Guetta, but did not provide such a response.

8   Thereafter, Friedman's counsel indicated he would stipulate Friedman "suffered no loss

9   from Defendant's use of the subject photograph other than the loss of a potential royalty

10  payment he would have received had he licensed it to" Guetta, but then reneged and

11  insisted that the stipulation instead state that Friedman "waives any claim for actual

12  damages in the instant action." Id. This change in language makes a significant difference

13  in the analysis of fair use under 17 U.S.C. § 107(4) (effects of the market for and value of

14  the copyrighted work).

15         The response provided by Friedman does not indicate whether he has produced all

16  responsive documents or not and therefore fails to indicate whether the inspection is being

17  permitted. The attached documents do not demonstrate Friedman's attempts to sell

18  products that incorporate the Photograph. Documents such as correspondence

19  demonstrating Friedman's attempts have not been produced. The objections based on

20  privacy and relevance to the extent the document requests seek documents that did not

21  result in a license is not well taken as Friedman's efforts to market the photograph, whether

22  they resulted in a license or not, are directly relevant to this action that he initiated.

23  **PLAINTIFF'S CONTENTIONS:**

24         Although Plaintiff has stated unequivocally this Request is overbroad and he does

25  not have possession of any further specific information sought by Defendants, Defendant

26  still filed the instant Motion to Compel seeking more information.  The basis for Defendant's

27  Motion is that, Plaintiffs' responses "do not seem truthful" and he "must have" more

28  information.  First, this is not a basis for a Motion to Compel.  Second, this is not the case.

1    Plaintiff has never licensed the image in question for any use similar to Defendant's

2    use.  The sole item wherein Plaintiff's image was licensed was a small run of promotional

3    t-shirts printed in 2003 in support of a small art show.  Plaintiff does not have any contract

4    with respect to these shirts, to the extent one even existed.  This is not uncommon.

5    Plaintiff does not have a record as to what he was promised for these shirts, if anything.

6    This is not uncommon.  Plaintiff does not have a record as to what he was paid for these

7    shirts, if anything.  This is not uncommon.

8    Plaintiff does have images of the shirt, and produced them.  However, Plaintiff does

9    not have royalty information sought and has produced all information in his possession,

10   custody and/or control relating to this shirt.  Indeed, the only information that Plaintiff was

11   able to gather regarding these items was found on the internet.

12   To the extent Defendant seeks more information, he can and should subpoena the

13   third parties involved in the production of the shirt.  To date Defendant has not done so.

14   However, Defendant cannot compel Plaintiff to make up information as to his royalties,

15   simply because Plaintiff does not know the answer.

16   Moreover, while Defendant's Motion elsewhere mentions Plaintiff's sale of his book,

17   it does not here.  To the extent Defendant seeks information relating to Plaintiffs book

18   sales, it is plainly overbroad and invasive of Plaintiff's right to privacy and should be denied

19   for the same reasons as set forth above.

20

21   **REQUEST FOR PRODUCTION OF DOCUMENTS NO. 32:**

22   All DOCUMENTS that evidence, RELATE OR REFER TO any monies YOU

23   received for licensing the SUBJECT PHOTOGRAPH.

24   **RESPONSE:**

25   Objection. Vague and ambiguous so as to be unintelligible, fails to describe with

26   reasonable particularity each item or category of items to be inspected is overbroad, unduly

27   burdensome, invades Plaintiff's right to privacy and seeks documents not relevant to any

28   claim or defense in this matter, to the extent it seeks documents that did not result in a

1   license. Subject to and without waiving this objection, Plaintiff responds: The SUBJECT

2   PHOTOGRAPH was widely displayed all over the workd from 1994-2010 in publicity and

3   promotional materials for the group Run DMC as well as in publicity and promotional

4   materials for Plaintiff's book *Fuck You Heroes; Glen E. Friedman Photographs 1976-1991*,

5   and in exhibitions of Plaintiff's work. Plaintiff further identifies Plaintiff's book, *Fuck You*

6   *Heroes; Glen E. Friedman Photographs 1976-1991* which is equally available to

7   propounding party.

8   **SUPPLEMENTAL RESPONSE:**

9   Plaintiff incorporates by reference all prior objections and responses and provides

10  the following supplemental response: Plaintiff produces the documents attached as Exhibit

11  A.

12  **GUETTA'S CONTENTIONS AND PROPOSED RESOLUTION:**

13  The information is relevant to damages and to determining whether Guetta's use

14  of the photograph was fair pursuant to 17 U.S.C. § 107(4).  Indeed, during the August 23,

15  2010 Scheduling Conference, Hon. Dean D. Pregerson asked whether there was any value

16  to the Photograph. Moreover, the Complaint alleges that Friedman has suffered substantial

17  damage to his business "in the form of diversion of trade, loss of income and profits, and

18  a dilution of the value" of his rights. Complaint, ¶ 23. Guetta is entitled to an understanding

19  of the value of the Photograph. The response fails to comply with the provisions of

20  Fed.R.Civ.P. 34, which require a responding party to indicate whether the inspection

21  activities will be permitted or not.

22  Guetta proposed that Friedman respond by indicating that Guetta's use of the

23  Photograph did not cause Friedman any losses. Friedman's counsel indicated that it would

24  provide a response indicating that Friedman did not suffer any losses from Guetta's use

25  of the Photograph, other than the loss of a potential royalty payment Friedman may have

26  received had he licensed the Photograph to Guetta, but did not provide such a response.

27  Thereafter, Friedman's counsel indicated he would stipulate Friedman "suffered no loss

28  from Defendant's use of the subject photograph other than the loss of a potential royalty

---

1   payment he would have received had he licensed it to" Guetta, but then reneged and

2   insisted that the stipulation instead state that Friedman "waives any claim for actual

3   damages in the instant action." Id. This change in language makes a significant difference

4   in the analysis of fair use under 17 U.S.C. § 107(4) (effects of the market for and value of

5   the copyrighted work).

6          The response provided by Friedman does not indicate whether he has produced all

7   responsive documents or not and therefore fails to indicate whether the inspection is being

8   permitted. The attached documents do not demonstrate the monies Friedman has received

9   in connection with licensing the Photograph. Documents such as licensing agreements

10  have not been produced. The objections based on privacy and relevance to the extent the

11  document requests seek documents that did not result in a license is not well taken as

12  Friedman's efforts to market the photograph, whether they resulted in a license or not, are

13  directly relevant to this action that he initiated.

14  **PLAINTIFF'S CONTENTIONS:**

15         Although Plaintiff has stated unequivocally this Request is overbroad and he does

16  not have possession of any further specific information sought by Defendants, Defendant

17  still filed the instant Motion to Compel seeking more information.  The basis for Defendant's

18  Motion is that, Plaintiffs' responses "do not seem truthful" and he "must have" more

19  information.  First, this is not a basis for a Motion to Compel.  Second, this is not the case.

20         Plaintiff has never licensed the image in question for any use similar to Defendant's

21  use.  The sole item wherein Plaintiff's image was licensed was a small run of promotional

22  t-shirts printed in 2003 in support of a small art show.  Plaintiff does not have any contract

23  with respect to these shirts, to the extent one even existed.  This is not uncommon.

24  Plaintiff does not have a record as to what he was promised for these shirts, if anything.

25  This is not uncommon.  Plaintiff does not have a record as to what he was paid for these

26  shirts, if anything.  This is not uncommon.

27         Plaintiff does have images of the shirt, and produced them.  However, Plaintiff does

28  not have royalty information sought and has produced all information in his possession,

1   custody and/or control relating to this shirt.  Indeed, the only information that Plaintiff was

2   able to gather regarding these items was found on the internet.

3        To the extent Defendant seeks more information, he can and should subpoena the

4   third parties involved in the production of the shirt.  To date Defendant has not done so.

5   However, Defendant cannot compel Plaintiff to make up information as to his royalties,

6   simply because Plaintiff does not know the answer.

7        Moreover, while Defendant's Motion elsewhere mentions Plaintiff's sale of his book,

8   it does not here.  To the extent Defendant seeks information relating to Plaintiffs book

9   sales, it is plainly overbroad and invasive of Plaintiff's right to privacy and should be denied

10  for the same reasons as set forth above.

11

12  **REQUEST FOR PRODUCTION OF DOCUMENTS NO. 33:**

13       All DOCUMENTS that constitute, evidence, RELATE OR REFER TO any licensing

14  agreement that in any way RELATES OR REFERS TO the SUBJECT PHOTOGRAPH.

15  **RESPONSE:**

16       Objection. Vague and ambiguous so as to be unintelligible, fails to describe with

17  reasonable particularity each item or category of items to be inspected is overbroad, unduly

18  burdensome, invades Plaintiff's right to privacy and seeks documents not relevant to any

19  claim or defense in this matter, to the extent it seeks documents that did not result in a

20  license. Subject to and without waiving this objection, Plaintiff responds: The SUBJECT

21  PHOTOGRAPH was widely displayed all over the workd from 1994-2010 in publicity and

22  promotional materials for the group Run DMC as well as in publicity and promotional

23  materials for Plaintiff's book *Fuck You Heroes; Glen E. Friedman Photographs 1976-1991*,

24  and in exhibitions of Plaintiff's work. Plaintiff further identifies Plaintiff's book, *Fuck You*

25  *Heroes; Glen E. Friedman Photographs 1976-1991* which is equally available to

26  propounding party.

27  **SUPPLEMENTAL RESPONSE:**

28       Plaintiff incorporates by reference all prior objections and responses and provides

1   the following supplemental response: Plaintiff produces the documents attached as Exhibit

2   A.

3   **GUETTA'S CONTENTIONS AND PROPOSED RESOLUTION:**

4          The information is relevant to damages and to determining whether Guetta's use

5   of the photograph was fair pursuant to 17 U.S.C. § 107(4).  Indeed, during the August 23,

6   2010 Scheduling Conference, Hon. Dean D. Pregerson asked whether there was any value

7   to the Photograph. Moreover, the Complaint alleges that Friedman has suffered substantial

8   damage to his business "in the form of diversion of trade, loss of income and profits, and

9   a dilution of the value" of his rights. Complaint, ¶ 23. Guetta is entitled to an understanding

10  of the value of the Photograph. The response fails to comply with the provisions of

11  Fed.R.Civ.P. 34, which require a responding party to indicate whether the inspection

12  activities will be permitted or not.

13         Guetta proposed that Friedman respond by indicating that Guetta's use of the

14  Photograph did not cause Friedman any losses. Friedman's counsel indicated that it would

15  provide a response indicating that Friedman did not suffer any losses from Guetta's use

16  of the Photograph, other than the loss of a potential royalty payment Friedman may have

17  received had he licensed the Photograph to Guetta, but did not provide such a response.

18  Thereafter, Friedman's counsel indicated he would stipulate Friedman "suffered no loss

19  from Defendant's use of the subject photograph other than the loss of a potential royalty

20  payment he would have received had he licensed it to" Guetta, but then reneged and

21  insisted that the stipulation instead state that Friedman "waives any claim for actual

22  damages in the instant action." Id. This change in language makes a significant difference

23  in the analysis of fair use under 17 U.S.C. § 107(4) (effects of the market for and value of

24  the copyrighted work).

25         The response provided by Friedman does not indicate whether he has produced all

26  responsive documents or not and therefore fails to indicate whether the inspection is being

27  permitted. The attached documents do not concern any licensing agreements relating to

28  the Photograph. The objections based on privacy and relevance to the extent the

GUETTA\MTN COMPEL JOINT STIP                                    JOINT STIPULATION RE:
                                                               MOTION TO COMPEL

1  document requests seek documents that did not result in a license is not well taken as

2  Friedman's efforts to market the photograph, whether they resulted in a license or not, are

3  directly relevant to this action that he initiated.

4  **PLAINTIFF'S CONTENTIONS:**

5       Although Plaintiff has stated unequivocally this Request is overbroad and he does

6  not have possession of any further specific information sought by Defendants, Defendant

7  still filed the instant Motion to Compel seeking more information.  The basis for Defendant's

8  Motion is that, Plaintiffs' responses "do not seem truthful" and he "must have" more

9  information.  First, this is not a basis for a Motion to Compel.  Second, this is not the case.

10      Plaintiff has never licensed the image in question for any use similar to Defendant's

11  use.  The sole item wherein Plaintiff's image was licensed was a small run of promotional

12  t-shirts printed in 2003 in support of a small art show.  Plaintiff does not have any contract

13  with respect to these shirts, to the extent one even existed.  This is not uncommon.

14  Plaintiff does not have a record as to what he was promised for these shirts, if anything.

15  This is not uncommon.  Plaintiff does not have a record as to what he was paid for these

16  shirts, if anything.  This is not uncommon.

17      Plaintiff does have images of the shirt, and produced them.  However, Plaintiff does

18  not have royalty information sought and has produced all information in his possession,

19  custody and/or control relating to this shirt.  Indeed, the only information that Plaintiff was

20  able to gather regarding these items was found on the internet.

21      To the extent Defendant seeks more information, he can and should subpoena the

22  third parties involved in the production of the shirt.  To date Defendant has not done so.

23  However, Defendant cannot compel Plaintiff to make up information as to his royalties,

24  simply because Plaintiff does not know the answer.

25      Moreover, while Defendant's Motion elsewhere mentions Plaintiff's sale of his book,

26  it does not here.  To the extent Defendant seeks information relating to Plaintiffs book

27  sales, it is plainly overbroad and invasive of Plaintiff's right to privacy and should be denied

28  for the same reasons as set forth above.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 35:**

DOCUMENTS that evidence, RELATE OR REFER TO any monies YOU received for selling any lithographs or reproductions of the SUBJECT PHOTOGRAPH.

**RESPONSE:**

Objection. Vague and ambiguous so as to be unintelligible, fails to describe with reasonable particularity each item or category of items to be inspected is overbroad, unduly burdensome, invades Plaintiff's right to privacy and seeks documents not relevant to any claim or defense in this matter, to the extent it seeks documents that did not result in a license. Subject to and without waiving this objection, Plaintiff responds: The SUBJECT PHOTOGRAPH was widely displayed all over the workd from 1994-2010 in publicity and promotional materials for the group Run DMC as well as in publicity and promotional materials for Plaintiff's book *Fuck You Heroes; Glen E. Friedman Photographs 1976-1991*, and in exhibitions of Plaintiff's work. Plaintiff further identifies Plaintiff's book, *Fuck You Heroes; Glen E. Friedman Photographs 1976-1991* which is equally available to propounding party.

**SUPPLEMENTAL RESPONSE:**

Plaintiff incorporates by reference all prior objections and responses and provides the following supplemental response: Plaintiff produces the documents attached as Exhibit A.

**GUETTA'S CONTENTIONS AND PROPOSED RESOLUTION:**

The information is relevant to damages and to determining whether Guetta's use of the photograph was fair pursuant to 17 U.S.C. § 107(4).  Indeed, during the August 23, 2010 Scheduling Conference, Hon. Dean D. Pregerson asked whether there was any value to the Photograph. Moreover, the Complaint alleges that Friedman has suffered substantial damage to his business "in the form of diversion of trade, loss of income and profits, and a dilution of the value" of his rights. Complaint, ¶ 23. Guetta is entitled to an understanding of the value of the Photograph. The response fails to comply with the provisions of Fed.R.Civ.P. 34, which require a responding party to indicate whether the inspection

1   activities will be permitted or not.

2   Guetta proposed that Friedman respond by indicating that Guetta's use of the

3   Photograph did not cause Friedman any losses. Friedman's counsel indicated that it would

4   provide a response indicating that Friedman did not suffer any losses from Guetta's use

5   of the Photograph, other than the loss of a potential royalty payment Friedman may have

6   received had he licensed the Photograph to Guetta, but did not provide such a response.

7   Thereafter, Friedman's counsel indicated he would stipulate Friedman "suffered no loss

8   from Defendant's use of the subject photograph other than the loss of a potential royalty

9   payment he would have received had he licensed it to" Guetta, but then reneged and

10   insisted that the stipulation instead state that Friedman "waives any claim for actual

11   damages in the instant action." Id. This change in language makes a significant difference

12   in the analysis of fair use under 17 U.S.C. § 107(4) (effects of the market for and value of

13   the copyrighted work).

14   The response provided by Friedman does not indicate whether he has produced all

15   responsive documents or not and therefore fails to indicate whether the inspection is being

16   permitted. The attached documents do not demonstrate any monies Friedman received

17   for selling any reproductions of the Photograph. Documents such as receipts have not

18   been produced. The objections based on privacy and relevance to the extent the document

19   requests seek documents that did not result in a license is not well taken as Friedman's

20   efforts to market the photograph, whether they resulted in a license or not, are directly

21   relevant to this action that he initiated.

22   **PLAINTIFF'S CONTENTIONS:**

23   Although Plaintiff has stated unequivocally this Request is overbroad and he does

24   not have possession of any further specific information sought by Defendants, Defendant

25   still filed the instant Motion to Compel seeking more information.  The basis for Defendant's

26   Motion is that, Plaintiffs' responses "do not seem truthful" and he "must have" more

27   information.  First, this is not a basis for a Motion to Compel.  Second, this is not the case.

28   Plaintiff has never licensed the image in question for any use similar to Defendant's

1   use.  The sole item wherein Plaintiff's image was licensed was a small run of promotional

2   t-shirts printed in 2003 in support of a small art show.  Plaintiff does not have any contract

3   with respect to these shirts, to the extent one even existed.  This is not uncommon.

4   Plaintiff does not have a record as to what he was promised for these shirts, if anything.

5   This is not uncommon.  Plaintiff does not have a record as to what he was paid for these

6   shirts, if anything.  This is not uncommon.

7        Plaintiff does have images of the shirt, and produced them.  However, Plaintiff does

8   not have royalty information sought and has produced <u>all</u> information in his possession,

9   custody and/or control relating to this shirt.  Indeed, the only information that Plaintiff was

10  able to gather regarding these items was found on the internet.

11       To the extent Defendant seeks more information, he can and should subpoena the

12  third parties involved in the production of the shirt.  To date Defendant has not done so.

13  However, Defendant cannot compel Plaintiff to make up information as to his royalties,

14  simply because Plaintiff does not know the answer.

15       Moreover, while Defendant's Motion elsewhere mentions Plaintiff's sale of his book,

16  it does not here.  To the extent Defendant seeks information relating to Plaintiffs book

17  sales, it is plainly overbroad and invasive of Plaintiff's right to privacy and should be denied

18  for the same reasons as set forth above.

19

20  **REQUEST FOR PRODUCTION OF DOCUMENTS NO. 36:**

21       All DOCUMENTS that RELATE OR REFER TO each and every instance in which

22  a lithograph and/or reproduction of the SUBJECT PHOTOGRAPH was sold.

23  **RESPONSE:**

24       Objection. Vague and ambiguous so as to be unintelligible, fails to describe with

25  reasonable particularity each item or category of items to be inspected is overbroad, unduly

26  burdensome, invades Plaintiff's right to privacy and seeks documents not relevant to any

27  claim or defense in this matter, to the extent it seeks documents that did not result in a

28  license. Subject to and without waiving this objection, Plaintiff responds: The SUBJECT

1   PHOTOGRAPH was widely displayed all over the workd from 1994-2010 in publicity and

2   promotional materials for the group Run DMC as well as in publicity and promotional

3   materials for Plaintiff's book *Fuck You Heroes; Glen E. Friedman Photographs 1976-1991*,

4   and in exhibitions of Plaintiff's work. Plaintiff further identifies Plaintiff's book, *Fuck You*

5   *Heroes; Glen E. Friedman Photographs 1976-1991* which is equally available to

6   propounding party.

7   **SUPPLEMENTAL RESPONSE:**

8       Plaintiff incorporates by reference all prior objections and responses and provides

9   the following supplemental response: Plaintiff produces the documents attached as Exhibit

10  A.

11  **GUETTA'S CONTENTIONS AND PROPOSED RESOLUTION:**

12      The information is relevant to damages and to determining whether Guetta's use

13  of the photograph was fair pursuant to 17 U.S.C. § 107(4).  Indeed, during the August 23,

14  2010 Scheduling Conference, Hon. Dean D. Pregerson asked whether there was any value

15  to the Photograph. Moreover, the Complaint alleges that Friedman has suffered substantial

16  damage to his business "in the form of diversion of trade, loss of income and profits, and

17  a dilution of the value" of his rights. Complaint, ¶ 23. Guetta is entitled to an understanding

18  of the value of the Photograph. The response fails to comply with the provisions of

19  <u>Fed.R.Civ.P.</u> 34, which require a responding party to indicate whether the inspection

20  activities will be permitted or not.

21      Guetta proposed that Friedman respond by indicating that Guetta's use of the

22  Photograph did not cause Friedman any losses. Friedman's counsel indicated that it would

23  provide a response indicating that Friedman did not suffer any losses from Guetta's use

24  of the Photograph, other than the loss of a potential royalty payment Friedman may have

25  received had he licensed the Photograph to Guetta, but did not provide such a response.

26  Thereafter, Friedman's counsel indicated he would stipulate Friedman "suffered no loss

27  from Defendant's use of the subject photograph other than the loss of a potential royalty

28  payment he would have received had he licensed it to" Guetta, but then reneged and

1    insisted that the stipulation instead state that Friedman "waives any claim for actual

2    damages in the instant action." Id. This change in language makes a significant difference

3    in the analysis of fair use under 17 U.S.C. § 107(4) (effects of the market for and value of

4    the copyrighted work).

5         The response provided by Friedman does not indicate whether he has produced all

6    responsive documents or not and therefore fails to indicate whether the inspection is being

7    permitted. The attached documents do not demonstrate any monies Friedman received

8    for selling any reproductions of the Photograph. Documents such as receipts have not

9    been produced. The objections based on privacy and relevance to the extent the document

10   requests seek documents that did not result in a license is not well taken as Friedman's

11   efforts to market the photograph, whether they resulted in a license or not, are directly

12   relevant to this action that he initiated.

13   **PLAINTIFF'S CONTENTIONS:**

14        Although Plaintiff has stated unequivocally this Request is overbroad and he does

15   not have possession of any further specific information sought by Defendants, Defendant

16   still filed the instant Motion to Compel seeking more information.  The basis for Defendant's

17   Motion is that, Plaintiffs' responses "do not seem truthful" and he "must have" more

18   information.  First, this is not a basis for a Motion to Compel.  Second, this is not the case.

19        Plaintiff has never licensed the image in question for any use similar to Defendant's

20   use.  The sole item wherein Plaintiff's image was licensed was a small run of promotional

21   t-shirts printed in 2003 in support of a small art show.  Plaintiff does not have any contract

22   with respect to these shirts, to the extent one even existed.  This is not uncommon.

23   Plaintiff does not have a record as to what he was promised for these shirts, if anything.

24   This is not uncommon.  Plaintiff does not have a record as to what he was paid for these

25   shirts, if anything.  This is not uncommon.

26        Plaintiff does have images of the shirt, and produced them.  However, Plaintiff does

27   not have royalty information sought and has produced all information in his possession,

28   custody and/or control relating to this shirt.  Indeed, the only information that Plaintiff was

---

GUETTA\MTN COMPEL JOINT STIP

JOINT STIPULATION RE:
MOTION TO COMPEL

1   able to gather regarding these items was found on the internet.

2       To the extent Defendant seeks more information, he can and should subpoena the

3   third parties involved in the production of the shirt.  To date Defendant has not done so.

4   However, Defendant cannot compel Plaintiff to make up information as to his royalties,

5   simply because Plaintiff does not know the answer.

6       Moreover, while Defendant's Motion elsewhere mentions Plaintiff's sale of his book,

7   it does not here.  To the extent Defendant seeks information relating to Plaintiffs book

8   sales, it is plainly overbroad and invasive of Plaintiff's right to privacy and should be denied

9   for the same reasons as set forth above.

10

11  **REQUEST FOR PRODUCTION OF DOCUMENTS NO. 37:**

12      All DOCUMENTS that evidence, RELATE OR REFER TO any monies YOU

13  received for the sale of any products that incorporate the SUBJECT PHOTOGRAPH

14  including, but not limited to, any books, apparel and/or other merchandise.

15  **RESPONSE:**

16      Objection. Vague and ambiguous so as to be unintelligible, fails to describe with

17  reasonable particularity each item or category of items to be inspected is overbroad, unduly

18  burdensome, invades Plaintiff's right to privacy and seeks documents not relevant to any

19  claim or defense in this matter, to the extent it seeks documents that did not result in a

20  license. Subject to and without waiving this objection, Plaintiff responds: The SUBJECT

21  PHOTOGRAPH was widely displayed all over the workd from 1994-2010 in publicity and

22  promotional materials for the group Run DMC as well as in publicity and promotional

23  materials for Plaintiff's book *Fuck You Heroes; Glen E. Friedman Photographs 1976-1991*,

24  and in exhibitions of Plaintiff's work. Plaintiff further identifies Plaintiff's book, *Fuck You*

25  *Heroes; Glen E. Friedman Photographs 1976-1991* which is equally available to

26  propounding party.

27  **SUPPLEMENTAL RESPONSE:**

28      Plaintiff incorporates by reference all prior objections and responses and provides

1   the following supplemental response: Plaintiff produces the documents attached as Exhibit

2   A.

3   **GUETTA'S CONTENTIONS AND PROPOSED RESOLUTION:**

4        The information is relevant to damages and to determining whether Guetta's use

5   of the photograph was fair pursuant to 17 U.S.C. § 107(4).  Indeed, during the August 23,

6   2010 Scheduling Conference, Hon. Dean D. Pregerson asked whether there was any value

7   to the Photograph. Moreover, the Complaint alleges that Friedman has suffered substantial

8   damage to his business "in the form of diversion of trade, loss of income and profits, and

9   a dilution of the value" of his rights. Complaint, ¶ 23. Guetta is entitled to an understanding

10  of the value of the Photograph. The response fails to comply with the provisions of

11  Fed.R.Civ.P. 34, which require a responding party to indicate whether the inspection

12  activities will be permitted or not.

13       Guetta proposed that Friedman respond by indicating that Guetta's use of the

14  Photograph did not cause Friedman any losses. Friedman's counsel indicated that it would

15  provide a response indicating that Friedman did not suffer any losses from Guetta's use

16  of the Photograph, other than the loss of a potential royalty payment Friedman may have

17  received had he licensed the Photograph to Guetta, but did not provide such a response.

18  Thereafter, Friedman's counsel indicated he would stipulate Friedman "suffered no loss

19  from Defendant's use of the subject photograph other than the loss of a potential royalty

20  payment he would have received had he licensed it to" Guetta, but then reneged and

21  insisted that the stipulation instead state that Friedman "waives any claim for actual

22  damages in the instant action." Id. This change in language makes a significant difference

23  in the analysis of fair use under 17 U.S.C. § 107(4) (effects of the market for and value of

24  the copyrighted work).

25       The response provided by Friedman does not indicate whether he has produced all

26  responsive documents or not and therefore fails to indicate whether the inspection is being

27  permitted. The attached documents do not demonstrate any monies Friedman received

28  for selling products that incorporate the Photograph. Documents such as receipts have not

1   been produced. The objections based on privacy and relevance to the extent the document

2   requests seek documents that did not result in a license is not well taken as Friedman's

3   efforts to market the photograph, whether they resulted in a license or not, are directly

4   relevant to this action that he initiated.

5   **PLAINTIFF'S CONTENTIONS:**

6       Although Plaintiff has stated unequivocally this Request is overbroad and he does

7   not have possession of any further specific information sought by Defendants, Defendant

8   still filed the instant Motion to Compel seeking more information.  The basis for Defendant's

9   Motion is that, Plaintiffs' responses "do not seem truthful" and he "must have" more

10  information.  First, this is not a basis for a Motion to Compel.  Second, this is not the case.

11      Plaintiff has never licensed the image in question for any use similar to Defendant's

12  use.  The sole item wherein Plaintiff's image was licensed was a small run of promotional

13  t-shirts printed in 2003 in support of a small art show.  Plaintiff does not have any contract

14  with respect to these shirts, to the extent one even existed.  This is not uncommon.

15  Plaintiff does not have a record as to what he was promised for these shirts, if anything.

16  This is not uncommon.  Plaintiff does not have a record as to what he was paid for these

17  shirts, if anything.  This is not uncommon.

18      Plaintiff does have images of the shirt, and produced them.  However, Plaintiff does

19  not have royalty information sought and has produced <u>all</u> information in his possession,

20  custody and/or control relating to this shirt.  Indeed, the only information that Plaintiff was

21  able to gather regarding these items was found on the internet.

22      To the extent Defendant seeks more information, he can and should subpoena the

23  third parties involved in the production of the shirt.  To date Defendant has not done so.

24  However, Defendant cannot compel Plaintiff to make up information as to his royalties,

25  simply because Plaintiff does not know the answer.

26      Moreover, while Defendant's Motion elsewhere mentions Plaintiff's sale of his book,

27  it does not here.  To the extent Defendant seeks information relating to Plaintiffs book

28  sales, it is plainly overbroad and invasive of Plaintiff's right to privacy and should be denied

1   for the same reasons as set forth above.

2

3   **REQUEST FOR PRODUCTION OF DOCUMENTS NO. 38:**

4   All DOCUMENTS that RELATE OR REFER TO each and every sale of any products

5   that incorporate the SUBJECT PHOTOGRAPH including, but not limited to, any books,

6   apparel and/or other merchandise.

7   **RESPONSE:**

8   Objection. Vague and ambiguous so as to be unintelligible, fails to describe with

9   reasonable particularity each item or category of items to be inspected is overbroad, unduly

10  burdensome, invades Plaintiff's right to privacy and seeks documents not relevant to any

11  claim or defense in this matter, to the extent it seeks documents that did not result in a

12  license. Subject to and without waiving this objection, Plaintiff responds: The SUBJECT

13  PHOTOGRAPH was widely displayed all over the workd from 1994-2010 in publicity and

14  promotional materials for the group Run DMC as well as in publicity and promotional

15  materials for Plaintiff's book *Fuck You Heroes; Glen E. Friedman Photographs 1976-1991*,

16  and in exhibitions of Plaintiff's work. Plaintiff further identifies Plaintiff's book, *Fuck You*

17  *Heroes; Glen E. Friedman Photographs 1976-1991* which is equally available to

18  propounding party.

19  **SUPPLEMENTAL RESPONSE:**

20  Plaintiff incorporates by reference all prior objections and responses and provides

21  the following supplemental response: Plaintiff produces the documents attached as Exhibit

22  A.

23  **GUETTA'S CONTENTIONS AND PROPOSED RESOLUTION:**

24  The information is relevant to damages and to determining whether Guetta's use

25  of the photograph was fair pursuant to 17 U.S.C. § 107(4).  Indeed, during the August 23,

26  2010 Scheduling Conference, Hon. Dean D. Pregerson asked whether there was any value

27  to the Photograph. Moreover, the Complaint alleges that Friedman has suffered substantial

28  damage to his business "in the form of diversion of trade, loss of income and profits, and

1    a dilution of the value" of his rights. Complaint, ¶ 23. Guetta is entitled to an understanding

2    of the value of the Photograph. The response fails to comply with the provisions of

3    Fed.R.Civ.P. 34, which require a responding party to indicate whether the inspection

4    activities will be permitted or not.

5         Guetta proposed that Friedman respond by indicating that Guetta's use of the

6    Photograph did not cause Friedman any losses. Friedman's counsel indicated that it would

7    provide a response indicating that Friedman did not suffer any losses from Guetta's use

8    of the Photograph, other than the loss of a potential royalty payment Friedman may have

9    received had he licensed the Photograph to Guetta, but did not provide such a response.

10   Thereafter, Friedman's counsel indicated he would stipulate Friedman "suffered no loss

11   from Defendant's use of the subject photograph other than the loss of a potential royalty

12   payment he would have received had he licensed it to" Guetta, but then reneged and

13   insisted that the stipulation instead state that Friedman "waives any claim for actual

14   damages in the instant action." Id. This change in language makes a significant difference

15   in the analysis of fair use under 17 U.S.C. § 107(4) (effects of the market for and value of

16   the copyrighted work).

17        The response provided by Friedman does not indicate whether he has produced all

18   responsive documents or not and therefore fails to indicate whether the inspection is being

19   permitted. The attached documents do not demonstrate any monies Friedman received

20   for selling products that incorporate the Photograph. Documents such as receipts have not

21   been produced. The objections based on privacy and relevance to the extent the document

22   requests seek documents that did not result in a license is not well taken as Friedman's

23   efforts to market the photograph, whether they resulted in a license or not, are directly

24   relevant to this action that he initiated.

25   **PLAINTIFF'S CONTENTIONS:**

26        Although Plaintiff has stated unequivocally this Request is overbroad and he does

27   not have possession of any further specific information sought by Defendants, Defendant

28   still filed the instant Motion to Compel seeking more information.  The basis for Defendant's

1   Motion is that, Plaintiffs' responses "do not seem truthful" and he "must have" more

2   information.  First, this is not a basis for a Motion to Compel.  Second, this is not the case.

3          Plaintiff has never licensed the image in question for any use similar to Defendant's

4   use.  The sole item wherein Plaintiff's image was licensed was a small run of promotional

5   t-shirts printed in 2003 in support of a small art show.  Plaintiff does not have any contract

6   with respect to these shirts, to the extent one even existed.  This is not uncommon.

7   Plaintiff does not have a record as to what he was promised for these shirts, if anything.

8   This is not uncommon.  Plaintiff does not have a record as to what he was paid for these

9   shirts, if anything.  This is not uncommon.

10          Plaintiff does have images of the shirt, and produced them.  However, Plaintiff does

11   not have royalty information sought and has produced <u>all</u> information in his possession,

12   custody and/or control relating to this shirt.  Indeed, the only information that Plaintiff was

13   able to gather regarding these items was found on the internet.

14          To the extent Defendant seeks more information, he can and should subpoena the

15   third parties involved in the production of the shirt.  To date Defendant has not done so.

16   However, Defendant cannot compel Plaintiff to make up information as to his royalties,

17   simply because Plaintiff does not know the answer.

18          Moreover, while this Request seeks information relating to Plaintiff's sale of his

19   book, Defendant does not make any specific argument as to why it should receive this

20   information.  Indeed, Defendant conceded in the parties meet and confer that evidence of

21   Plaintiff's sales of his own book (published by Plaintiff's own publishing company,

22   containing only photographs taken by Plaintiff and containing over 100 photographs of

23   various persons and scenes, some famous), does not reveal anything whatsoever about

24   a license fee or royalty rate for use of reproduction of image at issue in this case.

25          While Defendant has pursued a Motion with respect to the instant Request, it does

26   not even attempt to answer the crucial question of: How does information relating to the

27   sales of a 148 page book, with hundreds of pictures of famous persons, tell us anything

28   about the reasonable license fee for one of the pictures contained therein?

GUETTA\MTN COMPEL JOINT STIP

JOINT STIPULATION RE:
MOTION TO COMPEL

1    The obvious answer is, it doesn't.  Information regarding Plaintiff's book sales is

2  simply not relevant, and is protected by Plaintiff's right to financial privacy, and Defendant

3  does not seriously attempt to argue otherwise.

4

5  Dated: February 8, 2010          LAW OFFICES OF ALAN S. GUTMAN

6
                                   By:_____/s/ John Juenger_____
7                                     John Juenger
                                      Attorneys for Defendant and Counter-Claimant
8                                     THIERRY GUETTA a/k/a MR. BRAINWASH

9

10  Dated: February 8, 2010          THE LINDE LAW FIRM

11
                                   By:_____/s/ Doug Linde_____
12                                    Douglas A. Linde
                                      Attorneys for Plaintiff and Counter-Defendant
13                                    GLEN E. FRIEDMAN

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28