UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

GLEN E. FRIEDMAN,                    ) Case No.
                                     )
              Plaintiff,             ) CV 10-00014 DDP (JCx)
                                     )
      v.                             ) **SCHEDULING ORDER**
                                     )
THIERRY GUETTA a/k/a MR.             )
BRAINWASH,                           )
                                     )
              Defendant.             )
_____     )

     Pursuant to the Federal Rules of Civil Procedure

16(b), the Court issues the following Order:

     Counsel must agree on the date for the disclosure of expert

witness reports pursuant to the Federal Rules of Civil Procedure

26(a)2.  The agreed-upon disclosure date must precede the discovery

cut-off date such that all discovery, including expert depositions,

must be completed prior to the discovery cut-off date.  All

discovery motions must be heard prior to the discovery cut-off

date.  Counsel are ordered to abide by the dates as set forth in

the Rule 26 (f) Report.

///

**EXHIBIT A**

**EXHIBIT A PAGE 5**

1

2

3 LAST DAY TO JOIN OTHER PARTIES
AND TO AMEND THE PLEADINGS 11-28-10

4 FACT DISCOVERY CUT-OFF 04-08-11

5 DEADLINE TO MAKE EXPERT DISCLOSURES 04-18-11

6 DEADLINE TO DISCLOSE REBUTTAL EXPERTS 05-09-11

7 EXPERT DISCOVERY CUT-OFF 05-31-11

8 LAST DAY TO FILE MOTIONS 06-20-11

9 FINAL PRE TRIAL CONFERENCE 07-25-11 at 11:00 a.m.

10 2-3 DAY JURY TRIAL 08-16-11 at 9:00 a.m.

11

12

13 Dated: August 24, 2010

_____
DEAN D. PREGERSON
United States District Judge

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2

EXHIBIT A PAGE 6

GUTMAN LAW
FILE COPY
INDEX NO. 12
DUE DATE: _____
CALENDARED _____ ☐

1   Alan S. Gutman, SBN 128514
    John Juenger, SBN 225201
2   LAW OFFICES OF ALAN S. GUTMAN
    9401 Wilshire Boulevard, Suite 575
3   Beverly Hills, CA 90212-2918
    Telephone: 310-385-0700
4   Facsimile: 310-385-0710
      email: alangutman@gutmanlaw.com
5            jjuenger@gutmanlaw.com

6   Attorneys for Defendant and Counter-Claimant
    THIERRY GUETTA a/k/a MR. BRAINWASH

7

8                 UNITED STATES DISTRICT COURT

9                 CENTRAL DISTRICT OF CALIFORNIA

10

11  GLEN E. FRIEDMAN,                    )   Case No. CV10-0014 DDP (JCx)
                                         )
12        Plaintiff,                     )   **DEFENDANT AND CROSS-CLAIMANT**
                                         )   **THIERRYGUETTA'S FIRST SET OF**
13  vs.                                  )   **REQUESTS FOR ADMISSIONS AND**
                                         )   **INTERROGATORIES TO PLAINTIFF**
14  THIERRY GUETTA a/k/a MR.             )   **AND CROSS-DEFENDANT GLEN E.**
    BRAINWASH, and DOES 1 through        )   **FRIEDMAN**
15  10, inclusive,                       )
                                         )
16        Defendants.                    )
                                         )
17  AND RELATED COUNTER-CLAIM.           )
                                         )
18  _____     )

19  PROPOUNDING PARTY: Defendant and Cross-Claimant THIERRY GUETTA

20  RESPONDING PARTY:   Plaintiff and Cross-Defendant GLEN E. FRIEDMAN

21  SET:                ONE (1)

22        Pursuant to Federal Rules of Civil Procedure 33 and 36, Defendant and Cross-

23  Claimant Thierry Guetta requests that Plaintiff and Cross-Defendant Glen E. Friedman

24  answer under oath the following interrogatories within 30 days after service.

25                          **DEFINITIONS**

26        Unless a contrary meaning appears in context, the following definitions are

27  applicable to these interrogatories:

28        1.    The terms "YOU" and "YOUR" shall mean and refer to Plaintiff and Cross-

1   Defendant Glen E. Friedman and his agents, principals, partners, joint adventurers,
2   employees, independent contractors, servants, associates, attorneys, investigators,
3   representatives, affiliates and any other person or entity acting on his behalf or under his
4   direction, or on whose behalf or under whose direction he acts.

5       2.    The terms "DOCUMENT" and "DOCUMENTS" are used in the broadest
6   permissible sense under the Federal Rules of Civil Procedure and shall mean and refer to,
7   without limitation, tangible things and all written, typewritten, recorded (including audio or
8   videotape or both), graphic, photographic (including negatives), facsimile transmissions,
9   or computerized materials in whatever form, including copies, drafts, and reproductions
10  thereof to which you have or have had access and every copy of such document which
11  contains any commentary or notation not appearing in the original.

12      3.    The term "RELATE OR REFER TO" shall mean and refer to discussing,
13  mentioning, constituting, referencing, inferring, evidencing, or concerning.

14      4.    The term "DESCRIPTION," when used with respect to a DOCUMENT, means
15  the DOCUMENT's date, title, the name of the person or entity that created the
16  DOCUMENT, the number of pages of the DOCUMENT and the Bates number of the
17  DOCUMENT.

18      5.    Unless otherwise noted, when used with respect to a natural person or entity,
19  the term "IDENTIFY" means state the name, address, and telephone number of the person
20  or entity.

21      5.    The term "SUBJECT PHOTOGRAPH" shall mean the photograph and/or the
22  image contained in the photograph whose copyright YOU contend Defendant and Cross-
23  Claimant Thierry Guetta infringed upon, which is the subject of the instant action.

24      **INSTRUCTIONS**

25      1.    Each request and interrogatory is to be answered separately, fully and
26  specifically.

27      2.    Propounding Party hereby requests, pursuant to Federal Rule of Civil
28  Procedure 26(e), that after responding to these requests and interrogatories Responding

---

1   Party supplement and/or correct any responses later learned to be incomplete or incorrect

2   immediately upon learning that a prior response was incomplete or incorrect.

3       3.      All information requested herein is to be set forth if it is in the possession or

4   control of, or is available or accessible to Responding Party or any of his agents,

5   consultants, counsel, investigators, representatives or any other person or persons acting

6   for or on behalf of Responding Party.

7       4.      If Responding Party cannot respond to any of the following requests or

8   interrogatories in full after exercising due diligence to secure the information to do so, then

9   Responding Party should respond to the extent possible and explain his inability to provide

10  a complete answer.

11      5.      If any information called for by a request or interrogatory is withheld on the

12  basis of a claim of privilege, Responding Party should set forth the nature of the claimed

13  privilege and the nature of the information with respect to which it is claimed.

14      6.      For each of these requests and interrogatories, singular forms of any noun

15  or pronoun shall be deemed to include the plural when the context makes this appropriate.

16  Masculine forms of any noun or pronoun shall be deemed to include the feminine or neuter

17  when the context makes this appropriate.

18                **REQUESTS FOR ADMISSIONS AND INTERROGATORIES**

19  **INTERROGATORY NO. 1:**

20      When was the SUBJECT PHOTOGRAPH taken?

21  **RESPONSE:**

22

23  **INTERROGATORY NO. 2:**

24      When was the SUBJECT PHOTOGRAPH first publicly released?

25  **RESPONSE:**

26

27  **INTERROGATORY NO. 3:**

28      IDENTIFY the manner in which the SUBJECT PHOTOGRAPH was first publicly

---

1  released.  For purposes of this interrogatory, IDENTIFY shall mean (a) the medium in

2  which the SUBJECT PHOTOGRAPH was first publicly release (e.g. in a book, magazine,

3  museum, etc.), (b) the title of medium in which the SUBJECT PHOTOGRAPH was first

4  released, (c) the location of the medium in which the SUBJECT PHOTOGRAPH was first

5  released, and (d) a DESCRIPTION of all DOCUMENTS that RELATE OR REFER TO the

6  medium in which the SUBJECT PHOTOGRAPH was first released.

7  **RESPONSE:**

8

9  **INTERROGATORY NO. 4:**

10  IDENTIFY each and every instance in which the SUBJECT PHOTOGRAPH was

11  publicly displayed. For purposes of this interrogatory, IDENTIFY shall mean (a) the date

12  upon which the SUBJECT PHOTOGRAPH was publicly displayed, (b) the location where

13  SUBJECT PHOTOGRAPH was publicly displayed, (c) the title of the venue or medium in

14  which the SUBJECT PHOTOGRAPH was publicly displayed, and (d) a DESCRIPTION of

15  all DOCUMENTS that RELATE OR REFER TO any instance in which the SUBJECT

16  PHOTOGRAPH was publicly displayed.

17  **RESPONSE:**

18

19  **INTERROGATORY NO. 5:**

20  IDENTIFY each and every instance in which the SUBJECT PHOTOGRAPH was

21  published. For purposes of this interrogatory, IDENTIFY shall mean (a) the date upon

22  which the SUBJECT PHOTOGRAPH was published, (b) the medium in which the

23  SUBJECT PHOTOGRAPH was published, (c) the title of medium in which the SUBJECT

24  PHOTOGRAPH was published, and (d) a DESCRIPTION of all DOCUMENTS that

25  RELATE OR REFER TO each and every instance in which the SUBJECT PHOTOGRAPH

26  was published.

27  **RESPONSE:**

28

1    **INTERROGATORY NO. 6:**

2         IDENTIFY each and every effort YOU have taken to generate monies with respect

3    to the SUBJECT photograph. For purposes of this interrogatory, IDENTIFY shall mean (a)

4    all advertising efforts YOU took with respect to the SUBJECT PHOTOGRAPH, (b) the

5    dates, parties and a description of all discussions YOU had with anyone regarding the

6    licensing or sale of the SUBJECT PHOTOGRAPH, (c) the dollar amount YOU suggested

7    for the sale, license or use of the SUBJECT PHOTOGRAPH, and (d) a DESCRIPTION of

8    all DOCUMENTS that RELATE OR REFER TO each and every effort YOU have taken to

9    generate monies with respect to the SUBJECT photograph.

10   **RESPONSE:**

11

12   **INTERROGATORY NO. 7:**

13        IDENTIFY each and every instance in which YOU received monies with respect to

14   the SUBJECT PHOTOGRAPH. For purposes of this interrogatory, IDENTIFY shall mean

15   (a) the date YOU received monies with respect to the SUBJECT PHOTOGRAPH, (b) the

16   amount of money YOU received with respect to the SUBJECT PHOTOGRAPH, (c) a

17   description of the type transaction for which YOU received any monies with respect to the

18   SUBJECT PHOTOGRAPH (e.g. licensing, lithograph sale, book sale, etc.), (d) the person

19   or entity from whom YOU received any monies with respect to the SUBJECT

20   PHOTOGRAPH, and (e) a DESCRIPTION of all DOCUMENTS that RELATE OR REFER

21   TO each and every instance in which YOU received monies with respect to the SUBJECT

22   PHOTOGRAPH.

23   **RESPONSE:**

24

25   **INTERROGATORY NO. 8:**

26        IDENTIFY each and every instance in which a lithograph and/or reproduction of the

27   SUBJECT PHOTOGRAPH was sold. For purposes of this interrogatory, IDENTIFY shall

28   mean, (a) the date any lithograph and/or reproduction of the SUBJECT PHOTOGRAPH

1  was sold, (b) the dollar amount for which the lithograph or reproduction of the SUBJECT

2  PHOTOGRAPH was sold, (c) the name, address and telephone number of each and every

3  person and/or entity that purchased a lithograph or reproduction of the SUBJECT

4  PHOTOGRAPH, and (d) a DESCRIPTION of all DOCUMENTS that RELATE OR REFER

5  TO each and every instance in which a lithograph and/or reproduction of the SUBJECT

6  PHOTOGRAPH was sold.

7  **RESPONSE:**

8

9  **INTERROGATORY NO. 9:**

10     State YOUR gross and net profits generated from the SUBJECT PHOTOGRAPH

11  and how those amounts were calculated.

12  **RESPONSE:**

13

14  **INTERROGATORY NO. 10:**

15     IDENTIFY all persons having knowledge concerning the facts and circumstances

16  relating to the creation, publication, marketing, advertising, licensing and/or sale of the

17  SUBJECT PHOTOGRAPH.

18  **RESPONSE:**

19

20  **REQUEST FOR ADMISSION 1:**

21     Admit Defendant and Cross-Claimant Thierry Guetta's use of the image whose

22  copyright YOU contend he infringed upon was fair use.

23  **RESPONSE:**

24

25  **INTERROGATORY NO. 11:**

26     If YOUR answer to Request for Admission No. 1 is anything other than an

27  unqualified admission, (a) state all facts that support YOUR answer, (b) provide a

28  DESCRIPTION of all DOCUMENTS that support or refute YOUR answer, and (c)

1  IDENTIFY all persons with knowledge that supports or refutes YOUR answer.

2  **RESPONSE:**

3

4  **REQUEST FOR ADMISSION NO. 2:**

5      Admit Defendant and Cross-Claimant Thierry Guetta's use of the image whose

6  copyright YOU contend he infringed upon was de minimis.

7  **RESPONSE:**

8

9  **INTERROGATORY NO. 12:**

10     If YOUR answer to Request for Admission No. 2 is anything other than an

11  unqualified admission, (a) state all facts that support YOUR answer, (b) provide a

12  DESCRIPTION of all DOCUMENTS that support or refute YOUR answer, and (c)

13  IDENTIFY all persons with knowledge that supports or refutes YOUR answer.

14  **RESPONSE:**

15

16  **REQUEST FOR ADMISSION NO. 3:**

17     Admit Defendant and Cross-Claimant Thierry Guetta's use of the image whose

18  copyright YOU contend he infringed upon was transformative.

19  **RESPONSE:**

20

21  **INTERROGATORY NO. 13:**

22     If YOUR answer to Request for Admission No. 3 is anything other than an

23  unqualified admission, (a) state all facts that support YOUR answer, (b) provide a

24  DESCRIPTION of all DOCUMENTS that support or refute YOUR answer, and (c)

25  IDENTIFY all persons with knowledge that supports or refutes YOUR answer.

26  **RESPONSE:**

27

28  **INTERROGATORY NO. 14:**

1    IDENTIFY each person and/or entity who participated in any way in preparation of

2    the responses to these interrogatories and state specifically with reference to interrogatory

3    numbers the area(s) of participation of each such person.

4    **RESPONSE:**

5

6    **INTERROGATORY NO. 15:**

7    On what date did YOU first learn of the alleged infringement by Defendant and

8    Cross-Claimant Thierry Guetta with respect to the SUBJECT PHOTOGRAPH?

9    **RESPONSE:**

10

11    **INTERROGATORY NO. 16:**

12    IDENTIFY each person that in any manner witnessed and/or participated in the

13    shooting and/or creation of the SUBJECT PHOTOGRAPH.

14    **RESPONSE:**

15

16    Dated: May 25, 2010        LAW OFFICES OF ALAN S. GUTMAN

17

18                      By: _____

19                        Alan S. Gutman
                              Attorneys for Defendant and Counter-Claimant
                              THIERRY GUETTA a/k/a MR. BRAINWASH

20

21

22

23

24

25

26

27

28

PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the county of Los Angeles, State of California. I am over the age of 18 and not party to the within action; my business address is 9401 WILSHIRE BLVD., SUITE 575, BEVERLY HILLS, CA 90212-2918.

On **May 25, 2010** I served the foregoing document described as **DEFENDANT AND CROSS-CLAIMANT THIERRYGUETTA'S FIRST SET OF REQUESTS FOR ADMISSIONS AND INTERROGATORIES TO PLAINTIFF AND CROSS-DEFENDANT GLEN E. FRIEDMAN** on all interested parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

**DOUGLAS A. LINDE, ESQ.**
**ERICA ALLEN, ESQ.**
**THE LINDE LAW FIRM**
**9000 SUNSET BLVD., SUITE 1025**
**LOS ANGELES, CA 90069**
**TELEPHONE: 310-203-9333**
**FACSIMILE: 310-203-9233**

[] BY MAIL: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Beverly Hills, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[] E-MAIL: I transmitted the document to which this is attached via email to the email addresses listed above.

[XX] BY PERSONAL SERVICE: I caused the envelope to be delivered by hand to the offices of the addressee.

[] BY FACSIMILE TRANSMITTAL: I sent by facsimile the above document on  at .m. to the facsimile machine number identified above.

[] BY FEDERAL EXPRESS OVERNIGHT DELIVERY: I caused the above document to be sent by Federal Express overnight delivery, fully prepaid, in accordance with Code of Civil Procedure § 1013(c).

Executed on **May 25, 2010** at Beverly Hills, California.

[XX] (FEDERAL)    I declare that I am employed in the office of a member of the bar of this court at whose direction this service was made.

CECIBEL ESCOBAR

EXHIBIT A PAGE 15

1   DOUGLAS A. LINDE, ESQ. (SBN 217584)(dal@lindelaw.net)
    ERICA ALLEN, ESQ. (SBN 234922)(ela@lindelaw.net)
2   THE LINDE LAW FIRM
    9000 Sunset Boulevard, Ste. 1025
3   Los Angeles, California  90069
    Telephone (310) 203-9333
4   Fax (310) 203-9233

5   Attorneys for Plaintiffs,
6   GLEN E. FRIEDMAN

GUTMAN LAW
**FILE COPY**
INDEX NO. ___17___
DUE DATE: _____
CALENDARED _____ ☐

7

8               UNITED STATES DISTRICT COURT

9               CENTRAL DISTRICT OF CALIFORNIA

10

11  GLEN E. FRIEDMAN                )  Case No. CV10-0014 DDP (JCx)
                                    )  Honorable Dean D. Pregerson
12          Plaintiffs,             )  Complaint Filed: January 4, 2010
                                    )
13                                  )
14          v.                      )
                                    )
15  THIERRY GUETTA a/k/a MR.        )  **PLAINTIFF'S RESPONSE TO**
16  BRAINWASH; and DOES 1 though    )  **REQUEST FOR ADMISSIONS AND**
    10, inclusive,                  )  **INTERROGATORIES, SET ONE**
17                                  )
18          Defendants.             )
                                    )
19  _____  )

20  **TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD HEREIN:**

21

22  **PROPOUNDING PARTY:**       **THIERRY GUETTA**

23

24  **RESPONDING PARTY:**        **GLEN E. FRIEDMAN**

25  **SET NUMBER:**              **ONE**

26

27

28

**EXHIBIT C**   EXHIBIT C PAGE 16

1    Plaintiff, GLEN E. FRIEDMAN herewith provides responses to Defendant,

2    THIERRY GUETTA'S, Interrogatories, Set Number One, as follows:

3                          **PRELIMINARY STATEMENT**

4         These responses are made solely for the purpose of this action. Each answer is

5    subject to all objections as to competence, relevance, materiality, propriety and

6    admissibility, and any and all other objections on grounds that would require the

7    exclusion of any statement contained herein if any Interrogatories were asked of, or any

8    statement contained herein were made by, a witness present and testifying in Court, all

9    of which objections and grounds are reserved and may be interposed at the time of trial.

10        Except for explicit facts admitted herein, no incidental or implied admissions are

11   intended hereby. The fact that Plaintiff has answered or objected to any Interrogatory

12   or any part thereof should not be taken as an admission that they accept or admit the

13   existence of any facts set forth or assumed by such interrogatory or that such answer or

14   objection constitutes admissible evidence. The fact that Plaintiff has not answered part

15   of all of any Interrogatory is not intended and shall not be construed to be a waiver by

16   them of all or any part of any object to any Interrogatory propounded by Defendant.

17

18        To the extent any or all of the Interrogatories call for information which

19   constitutes information or material prepared in anticipation of litigation or for trial or

20   information or material covered by the Work Product Doctrine or which constitutes

21   information which is privileged by virtue of the attorney-client privilege, this Claimant

22   objects to each and every such Interrogatory and thus will not supply or render any

23   information or material protected from discovery by virtue of the Work Product

24   Doctrine or attorney-client privilege.

25        Plaintiff has not completed the investigation of the facts relating to this case, has not

26   completed discovery of this action, and has not completed preparation for trial. The

27   following answers are given without prejudice to the production of subsequent

28   discovered facts or evidence, or the presentation of facts or theories resulting from

EXHIBIT C PAGE 17

1  subsequently discovered evidence, reevaluation of the existing evidence or evaluation

2  of existing evidence in light of newly-discovered evidence.

3

4                                          **RESPONSES**

5

**INTERROGATORY NO.1:**

6

7  When was the SUBJECT PHOTOGRAPH taken?

8  **RESPONSE:**

9

10  Between November 1985- November 1986.

11  **INTERROGATORY NO.2:**

12

13  When was the SUBJECT PHOTOGRAPH first publicly released?

14  **RESPONSE:**

15  Objection:  This Interrogatory is vague and does not seek information relevant to any

16

17  claim or defense in this matter.  Without waiving this objection, Plaintiff responds as

18  follows:  1994.

19  **INTERROGATORY NO.3:**

20

21  IDENTIFY the manner in which the SUBJECT PHOTOGRAPH was first publicly

22  released. For purposes of this interrogatory, IDENTIFY shall mean (a) the medium in

23

24  which the SUBJECT PHOTOGRAPH was first publicly release (e.g. in a book,

25  magazine, museum, etc.), (b) the title of medium in which the SUBJECT

26  PHOTOGRAPH was first released, (c) the location of the medium in which the

27

28  SUBJECT PHOTOGRAPH was first released, and (d) a DESCRIPTION of all

EXHIBIT C PAGE 18

DOCUMENTS that RELATE OR REFER TO the medium in which the SUBJECT PHOTOGRAPH was first released.

**RESPONSE:**

Objection. This Interrogatory is vague, ambiguous, overbroad, unduly burdensome, contains unrelated subparts, and does not seek information relevant to any claim or defense in this matter. Subject to and without waiving this objection, Plaintiff responds: The SUBJECT PHOTOGRAPH was first publicly released in the book, *Fuck You Heroes; Glen E. Friedman Photographs 1976-1991*, Burning Flags Press, 1994.

**INTERROGATORY NO.4:**

IDENTIFY each and every instance in which the SUBJECT PHOTOGRAPH was publicly displayed. For purposes of this interrogatory, IDENTIFY shall mean (a) the date upon which the SUBJECT PHOTOGRAPH was publicly displayed, (b) the location where SUBJECT PHOTOGRAPH was publicly displayed, (c) the title of the venue or medium in which the SUBJECT PHOTOGRAPH was publicly displayed, and (d) a DESCRIPTION of all DOCUMENTS that RELATE OR REFER TO any instance in which the SUBJECT PHOTOGRAPH was publicly displayed.

**RESPONSE:**

Objection. Extremely overbroad and unduly burdensome in that the Interrogatory calls for information that is not relevant, nor likely to lead to the discovery of admissible evidence and contains unrelated subparts. Subject to and without waiving this

EXHIBIT C PAGE 19

objection; Plaintiff responds:  The SUBJECT IMAGE was widely displayed all over the world from 1994-2010 in publicity and promotional materials for the group Run DMC as well as in publicity and promotional materials for Plaintiff's book *Fuck You Heroes; Glen E. Friedman Photographs 1976-1991*, and in exhibitions of Plaintiff's work.

**INTERROGATORY NO.5:**

IDENTIFY each and every instance in which the SUBJECT PHOTOGRAPH was published. For purposes of this interrogatory, IDENTIFY shall mean (a) the date upon which the SUBJECT PHOTOGRAPH was published, (b) the medium in which the SUBJECT PHOTOGRAPH was published, (c) the title of medium in which the SUBJECT PHOTOGRAPH was published, and (d) a DESCRIPTION of all DOCUMENTS that RELATE OR REFER TO each and every instance in which the SUBJECT PHOTOGRAPH was published.

**RESPONSE:**

Objection.  Extremely overbroad and unduly burdensome in that this Interrogatory calls for production of information that is not relevant, nor likely to lead to the discovery of admissible evidence and contains unrelated subparts.  Subject to and without waiving this objection; Plaintiff responds:  The SUBJECT IMAGE was widely displayed all over the world from 1994-2010 in publicity and promotional materials for the group Run DMC, in Plaintiff's book *Fuck You Heroes; Glen E. Friedman Photographs 1976-1991*, wherever said book was sold, as well as in publicity and promotional materials

EXHIBIT C PAGE 20

1   for Plaintiff's book *Fuck You Heroes; Glen E. Friedman Photographs 1976-1991*, and

2   in exhibitions of Plaintiff's work.

3

4

5   **INTERROGATORY NO.6:**

6

7   IDENTIFY each and every effort YOU have taken to generate monies with respect to

8   the SUBJECT photograph. For purposes of this interrogatory, IDENTIFY shall mean

9   (a) all advertising efforts YOU took with respect to the SUBJECT PHOTOGRAPH, (b)

10  the dates, parties and a description of all discussions YOU had with anyone regarding

11

12  the licensing or sale of the SUBJECT PHOTOGRAPH, (c) the dollar amount YOU

13  suggested for the sale, license or use of the SUBJECT PHOTOGRAPH, and (d) a

14

15  DESCRIPTION of all DOCUMENTS that RELATE OR REFER TO each and every

16  effort YOU have taken to generate monies with respect to the SUBJECT photograph.

17

18  **RESPONSE:**

19  Objection.  Vague and ambiguous so as to be unintelligible and contains unrelated

20  subparts.  Moreover this Interrogatory seeks information that is protected by Plaintiff's

21

22  right to privacy.

23  **INTERROGATORY NO.7:**

24

25  IDENTIFY each and every instance in which YOU received monies with respect to the

26  SUBJECT PHOTOGRAPH. For purposes of this interrogatory, IDENTIFY shall mean

27  (a) the date YOU received monies with respect to the SUBJECT PHOTOGRAPH, (b)

28

EXHIBIT C PAGE 21

the amount of money YOU received with respect to the SUBJECT PHOTOGRAPH, (c) a description of the type transaction for which YOU received any monies with respect to the SUBJECT PHOTOGRAPH (e.g. licensing, lithograph sale, book sale, etc.), (d) the person or entity from whom YOU received any monies with respect to the SUBJECT PHOTOGRAPH, and (e) a DESCRIPTION of all DOCUMENTS that RELATE OR REFER TO each and every instance in which YOU received monies with respect to the SUBJECT PHOTOGRAPH.

**RESPONSE:**

Objection.  Vague and ambiguous so as to be unintelligible and contains unrelated subparts.  Moreover this Interrogatory seeks information that is protected by Plaintiff's right to privacy.

**INTERROGATORY NO.8:**

IDENTIFY each and every instance in which a lithograph and/or reproduction of the SUBJECT PHOTOGRAPH was sold. For purposes of this interrogatory, IDENTIFY shall mean, (a) the date any lithograph and/or reproduction of the SUBJECT PHOTOGRAPH was sold, (b) the dollar amount for which the lithograph or reproduction of the SUBJECT PHOTOGRAPH was sold, (c) the name, address and telephone number of each and every person and/or entity that purchased a lithograph or reproduction of the SUBJECT PHOTOGRAPH, and (d) a DESCRIPTION of all

EXHIBIT C PAGE 22

DOCUMENTS that RELATE OR REFER TO each and every instance in which a lithograph and/or reproduction of the SUBJECT PHOTOGRAPH was sold.

**RESPONSE:**

Objection.  Vague and ambiguous so as to be unintelligible, and contains unrelated subparts.  Moreover this Interrogatory seeks information that is protected by Plaintiff's right to privacy.

**INTERROGATORY NO.9:**

State YOUR gross and net profits generated from the SUBJECT PHOTOGRAPH and how those amounts were calculated.

**RESPONSE:**

Objection.  Vague and ambiguous so as to be unintelligible.  Moreover this Interrogatory seeks information that is protected by Plaintiff's right to privacy.

**INTERROGATORY NO. 10:**

IDENTIFY all persons having knowledge concerning the facts and circumstances relating to the creation, publication, marketing, advertising, licensing and/or sale of the SUBJECT PHOTOGRAPH.

**RESPONSE:**

Plaintiff identifies Glen E. Friedman who should only be contacted through Plaintiff's counsel, as well as the subjects of the photograph, whose addresses are unknown.

**REQUEST FOR ADMISSION 1:**

EXHIBIT C PAGE 23

Admit Defendant and Cross-Claimant Thierry Guetta's use of the image whose copyright YOU contend he infringed upon was fair use.

**RESPONSE:**

Deny.

**INTERROGATORY NO.11:**

If YOUR answer to Request for Admission No. 1 is anything other than an unqualified admission, (a) state all facts that support YOUR answer, (b) provide a DESCRIPTION of all DOCUMENTS that support or refute YOUR answer, and (c) IDENTIFY all persons with knowledge that supports or refutes YOUR answer.

**RESPONSE:**

Objection. This Interrogatory is improper. *Safeco of America v. Rawstron*, 181 F.R.D. 441, 445 (CD CA 1998); *Miller v. Holtzmann*, 240 FRD 1, 3 (D. DC 2006).

**REQUEST FOR ADMISSION NO.2:**

Admit Defendant and Cross-Claimant Thierry Guetta's use of the image whose copyright YOU contend he infringed upon was de minimis.

**RESPONSE:**

Deny.

**INTERROGATORY NO. 12:**

If YOUR answer to Request for Admission No. 2 is anything other than an unqualified admission, (a) state all facts that support YOUR answer, (b) provide a DESCRIPTION

EXHIBIT C PAGE 24

of all DOCUMENTS that support or refute YOUR answer, and (c) IDENTIFY all persons with knowledge that supports or refutes YOUR answer.

**RESPONSE:**

Objection. This Interrogatory is improper. *Safeco of America v. Rawstron*, 181 F.R.D. 441, 445 (CD CA 1998); *Miller v. Holtzmann*, 240 FRD 1, 3 (D. DC 2006).

**REQUEST FOR ADMISSION NO.3:**

Admit Defendant and Cross-Claimant Thierry Guetta's use of the image whose copyright YOU contend he infringed upon was transformative.

**RESPONSE:**

Deny.

**INTERROGATORY NO. 13:**

If YOUR answer to Request for Admission NO.3 is anything other than an unqualified admission, (a) state all facts that support YOUR answer, (b) provide a DESCRIPTION of all DOCUMENTS that support or refute YOUR answer, and (c) IDENTIFY all persons with knowledge that supports or refutes YOUR answer.

**RESPONSE:**

Objection. This Interrogatory is improper. *Safeco of America v. Rawstron*, 181 F.R.D. 441, 445 (CD CA 1998); *Miller v. Holtzmann*, 240 FRD 1, 3 (D. DC 2006).

**INTERROGATORY NO. 14:**

EXHIBIT C PAGE 25

1  IDENTIFY each person and/or entity who participated in any way in preparation of the

2  responses to these interrogatories and state specifically with reference to interrogatory

3

4  numbers the area(s) of participation of each such person.

5  **RESPONSE:**

6

7  Plaintiff identifies Plaintiff and Plaintiff's counsel.

8  **INTERROGATORY NO. 15:**

9  On what date did YOU first learn of the alleged infringement by Defendant and Cross-

10

11  Claimant Thierry Guetta with respect to the SUBJECT PHOTOGRAPH?

12  **RESPONSE:**

13

14  In 2009, exact date unknown.

15  **INTERROGATORY NO. 16:**

16  IDENTIFY each person that in any manner witnessed and/or participated in the

17

18  shooting and/or creation of the SUBJECT PHOTOGRAPH.

19  ///

20  ///

21

22  ///

23

24

25

26

27

28

EXHIBIT C PAGE 26

**<u>RESPONSE:</u>**

Objection.  Vague, ambiguous, overbroad and unduly burdensome.  Subject to and without waiving this objection, Plaintiff responds: Plaintiff identifies Glen E. Friedman who should only be contacted through Plaintiff's counsel and members of the group Run DMC, whose present addresses are unknown.

Dated:  July 16, 2010                    THE LINDE LAW FIRM

                                         By:
                                         Douglas A. Linde
                                         Erica L. Allen
                                         Attorneys for Plaintiff
                                         GLEN E. FRIEDMAN

EXHIBIT C PAGE 27

PROOF OF SERVICE
(C.C.P. 1013A, 2015.5)
**STATE OF CALIFORNIA**

I am employed in the county of Los Angeles, State of California. I am over the age of eighteen years and not a party to the within action; my business address is 9000 Sunset Boulevard, Ste. 1025, Los Angeles, CA 90069.

On **July 16, 2010** I served **RESPONSES TO INTERROGATORIES AND REQUESTS FOR ADMISSIONS, SET ONE** on the interested parties to this action by the following means:

 **X**   by placing _____ the original _____ a true copy enclosed in a sealed envelope(s) addressed as stated on the attached Service List.

 **X**   **BY MAIL.** I deposited such envelope(s) in the mail in Los Angeles, California.   The envelope(s) was mailed with postage thereon fully prepaid.

_____ **BY PERSONAL SERVICE.**   I caused to be delivered such envelope(s) by hand to the addressee(s) stated on the attached Service List.

_____ **BY FACSIMILE.**   I sent by facsimile a copy of the above-described document to the interested parties identified on the attached Service List.

_____ **BY E-MAIL.**   I sent by electronic mail a .pdf copy of the fully executed above-described document to the interested parties identified on the attached Service List.

Executed on **July 16, 2010** in Los Angeles, California.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Daniel Linde

**Name** _____          **Signature** _____

EXHIBIT C PAGE 28

## SERVICE LIST

Alan S. Gutman
John Juenger
LAW OFFICES OF ALAN S. GUTMAN
9401 Wilshire Blvd., Ste. 575
Beverly Hills, CA 90212

LAW OFFICES OF
## ALAN S. GUTMAN
9401 WILSHIRE BOULEVARD, SUITE 575
BEVERLY HILLS, CALIFORNIA 90212-2918
TELEPHONE: 310-385-0700
FACSIMILE: 310-385-0710

jjuenger@gutmanlaw.com

www.gutmanlaw.com

August 19, 2010

**Via Facsimile and U.S. Mail**

Douglas A. Linde, Esq.
Erica Gonzales, Esq.
THE LINDE LAW FIRM
9000 Sunset Blvd., Suite 1025
Los Angeles, CA 90069

Re:   Glen E. Friedman vs. Thierry Guetta aka Mr. Brainwash,
      USDC, Central District of California, Case No. CV10-0014 DDP (JCx)

Dear Doug and Erica:

This letter concerns Plaintiff and Counter-Defendant's responses to Defendant and Counter-Claimant's First Set of Requests for Admissions and Interrogatories. In the event that we are unable to resolve these issues informally, we will move for an order compelling further responses and for an award of attorney's fees in preparing the same. Please consider this letter a request for a conference pursuant to L.R. 37-1.

Interrogatory No. 6 asks Plaintiff to identify all efforts he made to generate monies with respect to the photograph of Run-D.M.C. at issue in this action. Plaintiff objects on the grounds that the interrogatory is "[v]ague and ambiguous so as to be unintelligible and contains unrelated subparts." The interrogatory does not contain any subparts. Rather, it provides a comprehensive definition of IDENTIFY so as so to ensure that the interrogatory is not vague and ambiguous. Moreover, to the extent the definitions for IDENTIFY may be considered subparts, they are "logically or factually subsumed within and necessarily related to the primary question." Safeco of America v. Rawstron, 181 F.R.D. 441, 445 (C.D. CA 1998). Each definition for IDENTIFY specifically relies on the primary question as to what efforts Plaintiff took to generate monies from the photograph. Plaintiff further objects on the grounds that the interrogatory seeks information protected by Plaintiff's right to privacy. While the request may seek information that is afforded privacy protection, Plaintiff has put the information at issue by filing his lawsuit. The information is not only relevant to damages, it is relevant to determining whether Defendant's use of the photograph was fair. 17 U.S.C. §107(4). For the foregoing reasons, Plaintiff must answer this interrogatory.

For the same reasons articulated above, Interrogatory Nos. 7 through 9, which ask Plaintiff to identify every instance in which he received monies with respect to the photograph, for

**EXHIBIT D**                    EXHIBIT D PAGE 30

GUTMAN LAW

Doug Linde, Esq.
Erica Gonzales, Esq.
The Linde Law Firm
August 19, 2010
Page 2

each instance a lithograph or reproduction of the photograph was sold and Plaintiff's gross and net profits from the photograph, respectively, must be answered.

Plaintiff has not provided substantive responses to Interrogatory Nos. 11 through 13, each of which ask Plaintiff to identify all facts, documents and persons with knowledge supporting Plaintiff's response to three corresponding requests for admissions to the extent that Plaintiff's responses to those requests for admissions are anything other than an unqualified admission. The only objection raised is that the interrogatory is "improper" and reference is made to Safeco, supra, and Miller v. Holtzmann, 240 FRD 1, 3 (D. DC 2006). Apparently, Friedman has refused to answer these interrogatories on the grounds that the Defendant has exceeded the 25 interrogatory limit set forth in Fed.R.Civ.P. 33(a)(1). This argument fails for several reasons. First of all, as explained with regards to Interrogatory No. 6 above, none of the interrogatories contain distinct subparts, only comprehensive definitions of IDENTIFY are provided. The definitions are not "discrete and separate questions." Safeco of America v. Rawstron, 181 F.R.D. 441, 445 (C.D. CA 1998). Moreover, Plaintiff is required to respond to 25 interrogatories. Even under the most charitable view Plaintiff has not responded to more than 16 interrogatories, including responses that are entirely objections. Accordingly, the objections to Interrogatory Nos. 11 through 13 are not well taken and substantive responses must be provided.

We look forward to resolving this matter amicably. The foregoing is without prejudice to any and all rights, remedies, claims, actions a defenses, all of which are expressly reserved.

Very truly yours,
LAW OFFICES OF ALAN S. GUTMAN

By: _____
John Juenger

JJ:tmf
GUETTA\LETTER 19 AUG 2010 LINDE

DOUGLAS A. LINDE, ESQ. (SBN 217584)(dal@lindelaw.net)
ERICA ALLEN, ESQ. (SBN 234922)(ela@lindelaw.net)
THE LINDE LAW FIRM
9000 Sunset Boulevard, Ste. 1025
Los Angeles, California 90069
Telephone (310) 203-9333
Fax (310) 203-9233

Attorneys for Plaintiffs,
GLEN E. FRIEDMAN

GUTMAN LAW
FILE COPY
INDEX NO. _27_
DUE DATE: _____
CALENDARED _____ ☐

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

GLEN E. FRIEDMAN                          )   Case No. CV10-0014 DDP (JCx)
                                          )   Honorable Dean D. Pregerson
            Plaintiffs,                   )   Complaint Filed: January 4, 2010
                                          )
        v.                                )
                                          )   **PLAINTIFF'S SUPPLEMENTAL**
THIERRY GUETTA a/k/a MR.                  )   **RESPONSES TO REQUEST FOR**
BRAINWASH; and DOES 1 though              )   **ADMISSIONS AND**
10, inclusive,                            )   **INTERROGATORIES, SET ONE**
                                          )
            Defendants.                   )
_____        )

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD HEREIN:**

**PROPOUNDING PARTY:**        **THIERRY GUETTA**

**RESPONDING PARTY:**         **GLEN E. FRIEDMAN**

**SET NUMBER:**               **ONE**

**EXHIBIT E**

EXHIBIT E PAGE 32

Plaintiff, GLEN E. FRIEDMAN herewith provides supplemental responses to Defendant, THIERRY GUETTA'S, Interrogatories and Requests for Admission, Set Number One, as follows:

## PRELIMINARY STATEMENT

These responses are made solely for the purpose of this action.  Each answer is subject to all objections as to competence, relevance, materiality, propriety and admissibility, and any and all other objections on grounds that would require the exclusion of any statement contained herein if any Interrogatories were asked of, or any statement contained herein were made by, a witness present and testifying in Court, all of which objections and grounds are reserved and may be interposed at the time of trial.

Except for explicit facts admitted herein, no incidental or implied admissions are intended hereby.  The fact that Plaintiff has answered or objected to any Interrogatory or any part thereof should not be taken as an admission that they accept or admit the existence of any facts set forth or assumed by such interrogatory or that such answer or objection constitutes admissible evidence.  The fact that Plaintiff has not answered part of all of any Interrogatory is not intended and shall not be construed to be a waiver by them of all or any part of any object to any Interrogatory propounded by Defendant.

To the extent any or all of the Interrogatories call for information which constitutes information or material prepared in anticipation of litigation or for trial or information or material covered by the Work Product Doctrine or which constitutes information which is privileged by virtue of the attorney-client privilege, this Claimant objects to each and every such Interrogatory and thus will not supply or render any information or material protected from discovery by virtue of the Work Product Doctrine or attorney-client privilege.

Plaintiff has not completed the investigation of the facts relating to this case, has not completed discovery of this action, and has not completed preparation for trial.  The

following answers are given without prejudice to the production of subsequent

discovered facts or evidence, or the presentation of facts or theories resulting from

subsequently discovered evidence, reevaluation of the existing evidence or evaluation

of existing evidence in light of newly-discovered evidence.

## RESPONSES

## INTERROGATORY NO.6:

IDENTIFY each and every effort YOU have taken to generate monies with respect to

the SUBJECT photograph. For purposes of this interrogatory, IDENTIFY shall mean

(a) all advertising efforts YOU took with respect to the SUBJECT PHOTOGRAPH, (b)

the dates, parties and a description of all discussions YOU had with anyone regarding

the licensing or sale of the SUBJECT PHOTOGRAPH, (c) the dollar amount YOU

suggested for the sale, license or use of the SUBJECT PHOTOGRAPH, and (d) a

DESCRIPTION of all DOCUMENTS that RELATE OR REFER TO each and every

effort YOU have taken to generate monies with respect to the SUBJECT photograph.

## SUPPLEMENTAL RESPONSE:

Plaintiff incorporates by reference all prior objections and responses and provides the

following supplemental response: The SUBJECT IMAGE was widely displayed all

over the world from 1994-2010 in publicity and promotional materials for the group

Run DMC as well as in publicity and promotional materials for Plaintiff's book *Fuck*

*You Heroes; Glen E. Friedman Photographs 1976-1991,* and in exhibitions of

Plaintiff's work. The SUBJECT PHOTOGRAPH appeared in the book, *Fuck You Heroes; Glen E. Friedman Photographs 1976-1991*, Burning Flags Press, 1994. Plaintiff received monies for sales of this book, however, it is impossible to determine which monies are directly attributable to the SUBJECT PHOTOGRAPH.

**INTERROGATORY NO.7:**

IDENTIFY each and every instance in which YOU received monies with respect to the SUBJECT PHOTOGRAPH. For purposes of this interrogatory, IDENTIFY shall mean (a) the date YOU received monies with respect to the SUBJECT PHOTOGRAPH, (b) the amount of money YOU received with respect to the SUBJECT PHOTOGRAPH, (c) a description of the type transaction for which YOU received any monies with respect to the SUBJECT PHOTOGRAPH (e.g. licensing, lithograph sale, book sale, etc.), (d) the person or entity from whom YOU received any monies with respect to the SUBJECT PHOTOGRAPH, and (e) a DESCRIPTION of all DOCUMENTS that RELATE OR REFER TO each and every instance in which YOU received monies with respect to the SUBJECT PHOTOGRAPH.

**SUPPLEMENTAL RESPONSE:**

Plaintiff incorporates by reference all prior objections and responses and provides the following supplemental response: The SUBJECT IMAGE was widely displayed all over the world from 1994-2010 in publicity and promotional materials for the group Run DMC as well as in publicity and promotional materials for Plaintiff's book *Fuck*

*You Heroes; Glen E. Friedman Photographs 1976-1991,* and in exhibitions of Plaintiff's work. The SUBJECT PHOTOGRAPH appeared in the book, *Fuck You Heroes; Glen E. Friedman Photographs 1976-1991*, Burning Flags Press, 1994. Plaintiff received monies for sales of this book, however, it is impossible to determine which monies are directly attributable to the SUBJECT PHOTOGRAPH.

**INTERROGATORY NO.9:**

State YOUR gross and net profits generated from the SUBJECT PHOTOGRAPH and how those amounts were calculated.

**SUPPLEMENTAL RESPONSE:**

Plaintiff incorporates by reference all prior objections and responses and provides the following supplemental response: The SUBJECT IMAGE was widely displayed all over the world from 1994-2010 in publicity and promotional materials for the group Run DMC as well as in publicity and promotional materials for Plaintiff's book *Fuck You Heroes; Glen E. Friedman Photographs 1976-1991,* and in exhibitions of Plaintiff's work. The SUBJECT PHOTOGRAPH appeared in the book, *Fuck You Heroes; Glen E. Friedman Photographs 1976-1991*, Burning Flags Press, 1994. Plaintiff received monies for sales of this book, however, it is impossible to determine which monies are directly attributable to the SUBJECT PHOTOGRAPH.

///

///

**INTERROGATORY NO.11:**

If YOUR answer to Request for Admission No. 1 is anything other than an unqualified admission, (a) state all facts that support YOUR answer, (b) provide a DESCRIPTION of all DOCUMENTS that support or refute YOUR answer, and (c) IDENTIFY all persons with knowledge that supports or refutes YOUR answer.

**SUPPLEMENTAL RESPONSE:**

Plaintiff incorporates by reference all prior objections and responses and provides the following supplemental response:

(a) Plaintiff's entire copyrighted image was used as the basis of the infringing works. The infringing images were created and used for commercial purposes for which Defendant obtained a direct economic benefit.

(b) Plaintiff's original image and each of the infringing images created by Defendant.

(c) Plaintiff, GLEN E. FRIEDMAN and Defendant, THIERRY GUETTA

**INTERROGATORY NO. 12:**

If YOUR answer to Request for Admission No. 2 is anything other than an unqualified admission, (a) state all facts that support YOUR answer, (b) provide a DESCRIPTION of all DOCUMENTS that support or refute YOUR answer, and (c) IDENTIFY all persons with knowledge that supports or refutes YOUR answer.

**SUPPLEMENTAL RESPONSE:**

Plaintiff incorporates by reference all prior objections and responses and provides the following supplemental response:

(a) Plaintiff's entire copyrighted image was used as the basis of the infringing works.

(b) Plaintiff's original image and each of the infringing images created by Defendant.

(c) Plaintiff, GLEN E. FRIEDMAN and Defendant, THIERRY GUETTA

**INTERROGATORY NO. 13:**

If YOUR answer to Request for Admission NO.3 is anything other than an unqualified admission, (a) state all facts that support YOUR answer, (b) provide a DESCRIPTION of all DOCUMENTS that support or refute YOUR answer, and (c) IDENTIFY all persons with knowledge that supports or refutes YOUR answer.

**SUPLEMENTAL RESPONSE:**

Plaintiff incorporates by reference all prior objections and responses and provides the following supplemental response:

(a) Plaintiff's entire copyrighted image was used as the basis of the infringing works. Plaintiff's photograph is the heart of the infringing images; they are merely retransmitted in a different medium.  Without the photograph, Defendant would not have a work.

1

  (b) Plaintiff's original image and each of the infringing images created by

2

Defendant.

3

  (c) Plaintiff, GLEN E. FRIEDMAN and Defendant, THIERRY GUETTA

4

5

6  Dated: September ___14___, 2010                THE LINDE LAW FIRM

7

8                                        By: _____
9                                        Douglas A. Linde
                                         Erica L. Allen
10                                       Attorneys for Plaintiff
11                                       GLEN E. FRIEDMAN

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT E PAGE 39

<u>PROOF OF SERVICE</u>
(FRCP 5)

I am employed in the county of Los Angeles, State of California. I am over the age of eighteen years and not a party to the within action; my business address is 9000 Sunset Boulevard, Ste. 1025, Los Angeles, CA 90069.

On <u>September 14, 2010</u> I served **PLAINTIFF'S SUPPLEMENTAL RESPONSES TO INTERROGATORIES AND REQUEST FOR ADMISSIONS, SET ONE** on the interested parties to this action by the following means:

_X____ by placing _____ the original _____ a true copy enclosed in a sealed envelope(s) addressed as stated on the attached Service List.

_X____ **BY MAIL.** I deposited such envelope(s) in the mail in Los Angeles, California. The envelope(s) was mailed with postage thereon fully prepaid.

_____ **BY PERSONAL SERVICE.** I caused to be delivered such envelope(s) by hand to the addressee(s) stated on the attached Service List.

_____ **BY FACSIMILE.** I sent by facsimile a copy of the above-described document to the interested parties identified on the attached Service List.

_____ **BY E-MAIL.** I sent by electronic mail a .pdf copy of the fully executed above-described document to the interested parties identified on the attached Service List.

Executed on <u>September 14, 2010</u> in Los Angeles, California.

I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Jeffrey T. Allen
_____          _____
**Name**                                              **Signature**

EXHIBIT E PAGE 40

## SERVICE LIST

Alan S. Gutman
John Juenger
LAW OFFICES OF ALAN S. GUTMAN
9401 Wilshire Blvd., Ste. 575
Beverly Hills, CA 90212



1  Alan S. Gutman, SBN 128514
   John Juenger, SBN 225201
2  LAW OFFICES OF ALAN S. GUTMAN
   9401 Wilshire Boulevard, Suite 575
3  Beverly Hills, CA 90212-2918
   Telephone: 310-385-0700
4  Facsimile: 310-385-0710
       email: alangutman@gutmanlaw.com
5              jjuenger@gutmanlaw.com

6  Attorneys for Defendant and Counter-Claimant
   THIERRY GUETTA a/k/a MR. BRAINWASH

7

8              UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10

11  GLEN E. FRIEDMAN,                    Case No. CV10-0014 DDP (JCx)

12        Plaintiff,                     DEFENDANT AND COUNTER-
                                         CLAIMANT THIERRY GUETTA'S FIRST
13  vs.                                  SET OF REQUESTS FOR
                                         PRODUCTION OF DOCUMENTS TO
14  THIERRY GUETTA a/k/a MR.             PLAINTIFF AND COUNTER-
    BRAINWASH, and DOES 1 through        DEFENDANT GLEN E. FRIEDMAN
15  10, inclusive,

16        Defendants.

17  AND RELATED COUNTER-CLAIM.

18

19  PROPOUNDING PARTY:  Defendant and Counter-Claimant THIERRY GUETTA

20  RESPONDING PARTY:   Plaintiff and Counter-Defendant GLEN E. FRIEDMAN

21  SET:                ONE (1)

22       Pursuant to Federal Rule of Civil Procedure 34, Defendant and Counter-Claimant

23  Thierry Guetta requests that Plaintiff and Counter-Defendant Glen E. Friedman produce

24  the documents specified below within thirty (30) days of the date of service hereof at the

25  Law Offices of Alan S. Gutman, 9401 Wilshire Boulevard, Suite 575, Beverly Hills, CA

26  90212.

27                    **DEFINITIONS AND INSTRUCTIONS**

28       1.      Whenever reference is made to a person, it includes any and all of such

---

GUETTA\NTP FRIEDMAN 1                                    DEFENDANT AND COUNTER-CLAIMANT'S
                                                     REQUESTS FOR PRODUCTION OF DOCUMENTS
                        **EXHIBIT F**

1  person's principals, employees, agents, attorneys, consultants and other representatives.

2      2.    When production of any document in Responding Party's possession is

3  requested, such request includes documents subject to the Responding Party's

4  possession, custody or control. In the event that Responding Party is able to provide only

5  part of the document(s) called for in any particular Request for Production, provide all

6  document(s) that Responding Party is able to provide and state the reason, if any, for the

7  inability to provide the remainder.

8      3.    The terms "DOCUMENT" and "DOCUMENTS" shall mean and refer to all

9  materials within the scope of Fed.R.Civ.P. 34 including but not limited to: all writings and

10  recordings, including the originals and all non-identical copies, whether different from the

11  original by reason of any notation made on such copies or otherwise (including but without

12  limitation to, email and attachments, correspondence, memoranda, notes, diaries, minutes,

13  statistics, letters, telegrams, minutes, contracts, reports, studies, checks, statements, tags,

14  labels, invoices, brochures, periodicals, telegrams, receipts, returns, summaries,

15  pamphlets, books, interoffice and intraoffice communications, offers, notations of any sort

16  of conversations, working papers, applications, permits, file wrappers, indices, telephone

17  calls, meetings or printouts, teletypes, telefax, invoices, worksheets, and all drafts,

18  alterations, modifications, changes and amendments of any of the foregoing), graphic or

19  aural representations of any kind (including without limitation, photographs, charts,

20  microfiche, microfilm, videotape, recordings, motion pictures, plans, drawings, surveys),

21  and electronic, for the latest version mechanical, magnetic, optical or electric records or

22  representations of any kind (including without limitation, computer files and programs,

23  tapes, cassettes, discs, recordings), including metadata.

24      4.    If any document is withheld from production under a claim of privilege or

25  other exemption from discovery, state the title and nature of the document, and furnish a

26  list signed by the attorney of record giving the following information with respect to each

27  document withheld:

28          (a)    the name and title of the author and/or sender and the name and title

1              of the recipient;

2        (b)    the date of the document's origination;

3        (c)    the name of each person or persons (other than stenographic or

4              clerical assistants) participating in the preparation of the document);

5        (d)    the name and position, if any, of each person to whom the contents

6              of the documents have been communicated by copy, exhibition,

7              reading or substantial summarization;

8        (e)    a statement of the specific basis on which privilege is claimed and

9              whether or not the subject matter or the contents of the document is

10             limited to legal advice or information provided for the purpose of

11             securing legal advice; and

12       (f)    the identity and position, if any, of the person or persons supplying the

13             attorney signing the list with the information

14             requested in subparagraphs above.

15    5.    Every Request for Production herein shall be deemed a continuing Request

16  for Production, and Responding Party is to supplement its answers promptly if and when

17  Responding Party obtains responsive documents which add to or are in any way

18  inconsistent with Responding Party's

19    6.    Any word written in the singular herein shall be construed as plural or vice

20  versa when necessary to facilitate the response to any request.

21    7.    "And" as well as "or" shall be construed disjunctively or conjunctively as

22  necessary in order to bring within the scope of the request all responses which otherwise

23  might be construed to be outside its scope.

24    8.    The term "RELATE OR REFER TO" shall mean and refer to discussing,

25  mentioning, constituting, referencing, inferring, evidencing, or concerning.

26    9.    The terms "YOU" and "YOUR" shall mean and refer to Plaintiff Glen E.

27  Friedman and his agents, principals, partners, joint adventurers, employees, independent

28  contractors, servants, associates, attorneys, investigators, representatives, affiliates and

1  any other person or entity acting on his behalf or under his direction, or on whose behalf

2  or under whose direction he acts.

3         10.    The term "SUBJECT PHOTOGRAPH" shall mean the photograph and/or the

4  image contained in the photograph whose copyright YOU contend Defendant and Counter-

5  Claimant Thierry Guetta infringed upon, which is the subject of the instant action.

6

7                       **REQUESTS FOR PRODUCTION OF DOCUMENTS**

8         1.    All DOCUMENTS that support or refute YOUR claim for copyright

9  infringement.

10         2.    All DOCUMENTS that RELATE OR REFER TO YOUR attempts to register

11  any copyright for the SUBJECT PHOTOGRAPH.

12         3.    All DOCUMENTS that RELATE OR REFER TO any copyright YOU contend

13  Defendant and Counter-Claimant Thierry Guetta infringed upon.

14         4.    A true and correct copy of the SUBJECT PHOTOGRAPH.

15         5.    All DOCUMENTS that RELATE OR REFER TO YOUR attempts to register

16  the copyright for the book "F*** YOU HEROES."

17         6.    All DOCUMENTS that RELATE OR REFER TO the copyright for the book

18  "F*** YOU HEROES."

19         7.    The book "F*** YOU HEROES."

20         8.    All DOCUMENTS supporting or refuting YOUR contention that YOUR are "a

21  photographer and artist who has gained worldwide recognition for [YOUR] original and

22  groundbreaking photographs of musical visionaries and other cultural icons" as alleged in

23  ¶ 11 of your Complaint.

24         9.    All DOCUMENTS supporting or refuting YOUR contention that Defendant

25  and Counter-Claimant Thierry Guetta "engaged in acts of affirmative and widespread self-

26  promotion of the copies directed to the public at large by distributing said copies (and

27  accompanying written materials) with a false and misleading designation of creation,

28  ownership and origin, and falsely representing that the Subject image was [Defendant and

---

1   Counter-Claimant Thierry Guetta]'s own" as alleged in ¶ 15 of YOUR Complaint.

2       10.    All DOCUMENTS supporting or refuting YOUR contention that Defendant

3   and Counter-Claimant Thierry Guetta "engaged in acts of affirmative and widespread self-

4   promotion of the copies directed to the public at large by publicly claiming ownership rights

5   in and to the derivative works based on the Subject Image that belong solely to Plaintiff"

6   as alleged in ¶ 16 of YOUR Complaint.

7       11.    All DOCUMENTS supporting or refuting YOUR contention that Defendant

8   and Counter-Claimant Thierry Guetta's acts "have caused [YOU] to suffer, and to continue

9   to suffer, substantial damage to its [sic] business in the form of diversion of trade, loss of

10  income and profits, and a dilution of the value of its [sic] rights" as alleged in ¶ 23 of YOUR

11  Complaint.

12      12.    All DOCUMENTS supporting or refuting YOUR contention that Defendant

13  and Counter-Claimant Thierry Guetta's has "obtained direct and indirect profits [he] would

14  not otherwise have realized but for [his] infringement of Plaintiff's copyrighted Subject

15  Image" as alleged in ¶ 23 of YOUR Complaint.

16      13.    All DOCUMENTS that support or refute YOUR denial that Defendant and

17  Counter-Claimant Thierry Guetta's use of the SUBJECT PHOTOGRAPH was fair use.

18      14.    All DOCUMENTS that support or refute YOUR denial that Defendant and

19  Counter-Claimant Thierry Guetta's use of the SUBJECT PHOTOGRAPH was de minimis.

20      15.    All DOCUMENTS that support or refute YOUR denial that Defendant and

21  Counter-Claimant Thierry Guetta's use of the SUBJECT PHOTOGRAPH was

22  transformative.

23      16.    All DOCUMENTS that discuss, RELATE OR REFER TO the SUBJECT

24  PHOTOGRAPH.

25      17.    All DOCUMENTS that evidence that the SUBJECT PHOTOGRAPH was a

26  well known image prior to Defendant and Counter-Claimant Thierry Guetta's use of the

27  image.

28      18.    All DOCUMENTS that RELATE OR REFER TO any monies you have ever

1   received in connection with the SUBJECT PHOTOGRAPH..

2   19.   All DOCUMENTS that RELATE OR REFER TO any damages you have

3   suffered in any manner by any conduct Defendant and Counter-Claimant has engaged in.

4   20.   All DOCUMENTS that RELATE OR REFER TO the manner in which the

5   SUBJECT PHOTOGRAPH was first publicly released.  .

6   21.   All DOCUMENTS that RELATE OR REFER TO each and every instance in

7   which the SUBJECT PHOTOGRAPH was publicly displayed.

8   22.   All DOCUMENTS that RELATE OR REFER TO each and every instance in

9   which the SUBJECT PHOTOGRAPH was published.

10   23.   All   DOCUMENTS   that   constitute   a   publishing   of   the   SUBJECT

11   PHOTOGRAPH.

12   24.   All DOCUMENTS that constitute RELATE OR REFER TO each and every

13   publishing of the SUBJECT PHOTOGRAPH.

14   25.   All DOCUMENTS that RELATE OR REFER TO any efforts YOU have taken

15   to generate monies with respect to the SUBJECT photograph.

16   26.   All DOCUMENTS that RELATE OR REFER TO any efforts YOU have taken

17   to license the SUBJECT PHOTOGRAPH.

18   27.   All DOCUMENTS that memorialize, RELATE OR REFER TO any discussions

19   YOU had in an effort to license the SUBJECT PHOTOGRAPH.

20   28.   All DOCUMENTS that RELATE OR REFER TO any efforts YOU have taken

21   to sell any lithographs and/or reproductions the SUBJECT PHOTOGRAPH.

22   29.   All DOCUMENTS that memorialize, RELATE OR REFER TO any discussions

23   YOU had in an effort to sell any lithographs and/or reproductions of the SUBJECT

24   PHOTOGRAPH.

25   30.   All DOCUMENTS that RELATE OR REFER TO any efforts YOU have taken

26   to sell any products that incorporate the SUBJECT PHOTOGRAPH including, but not

27   limited to, any books, apparel and/or other merchandise.

28   31.   All DOCUMENTS that memorialize, RELATE OR REFER TO any discussions

1  YOU had in an effort to sell any products that incorporate the SUBJECT PHOTOGRAPH

2  including, but not limited to, any books, apparel and/or other merchandise.

3      32.    All DOCUMENTS that evidence, RELATE OR REFER TO any monies YOU

4  received for licensing the SUBJECT PHOTOGRAPH.

5      33.    All DOCUMENTS that constitute, evidence, RELATE OR REFER TO any

6  licensing agreement that in any way RELATES OR REFERS TO the SUBJECT

7  PHOTOGRAPH.

8      34.    All DOCUMENTS that constitute, evidence, RELATE OR REFER TO the

9  termination of any licensing agreement that in any way RELATES OR REFERS TO the

10  SUBJECT PHOTOGRAPH.

11      35.    All DOCUMENTS that evidence, RELATE OR REFER TO any monies YOU

12  received for selling any lithographs or reproductions of the SUBJECT PHOTOGRAPH.

13      36.    All DOCUMENTS that RELATE OR REFER TO each and every instance in

14  which a lithograph and/or reproduction of the SUBJECT PHOTOGRAPH was sold.

15      37.    All DOCUMENTS that evidence, RELATE OR REFER TO any monies YOU

16  received for the sale of any products that incorporate the SUBJECT PHOTOGRAPH

17  including, but not limited to, any books, apparel and/or other merchandise.

18      38.    All DOCUMENTS that RELATE OR REFER TO each and every sale of any

19  products that incorporate the SUBJECT PHOTOGRAPH including, but not limited to, any

20  books, apparel and/or other merchandise.

21      39.    All DOCUMENTS that RELATE OR REFER TO each and every instance in

22  which YOU received monies with respect to the SUBJECT PHOTOGRAPH.

23      40.    All DOCUMENTS that RELATE OR REFER TO the inclusion or omission of

24  copyright notice with respect to the SUBJECT PHOTOGRAPH in any medium.

25      41.    All DOCUMENTS filed in or referring to lawsuits, countersuits, arbitrations or

26  other legal proceedings brought by or against YOU for infringement of the SUBJECT

27  PHOTOGRAPH.

28      42.    All DOCUMENTS that evidence, RELATE OR REFER TO the date on which

---

1 YOU first learned of the alleged infringement by Defendant and Counter-Claimant Thierry

2 Guetta with respect to the SUBJECT PHOTOGRAPH.

3     43.    All DOCUMENTS that RELATE OR REFER TO any Investigations,

4 surveillance, "buys," "stings," searches and other means or methods by which YOU

5 determined Defendant and Counter-Claimant Thierry Guetta had infringed upon YOUR

6 copyright with respect to the SUBJECT PHOTOGRAPH.

7     44.    All DOCUMENTS that RELATE OR REFER TO any infringement related to

8 the SUBJECT PHOTOGRAPH not perpetrated by Defendant and Counter-Claimant Thierry

9 Guetta.

10     45.    All press releases, transcripts of press conferences and other DOCUMENTS

11 containing, or referring to, statements made by plaintiffs concerning this suit.

12     46.    All DOCUMENTS that containing, RELATE OR REFER TO communications

13 between YOU and any publicist or public relations company concerning this suit.

14     47.    All DOCUMENTS evidencing YOUR suspension or disqualification from

15 conducting business in any jurisdiction.

16     48.    All DOCUMENTS that evidence, RELATE OR REFER TO YOUR conviction

17 of a felony.

18     49.    All DOCUMENTS that RELATE OR REFER TO YOUR communications with

19 any customer or prospective customer of Defendant and Counter-Claimant Thierry Guetta

20 concerning this suit or the alleged copyright infringement.

21

22 Dated: July 28, 2010           LAW OFFICES OF ALAN S. GUTMAN

23

24                     By: _____

                          John Juenger

25                         Attorneys for Defendant and Counter-Claimant

                        THIERRY GUETTA a/k/a MR. BRAINWASH

26

27

28

EXHIBIT F PAGE 49.

PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the county of Los Angeles, State of California. I am over the age of 18 and not party to the within action; my business address is 9401 WILSHIRE BLVD., SUITE 575, BEVERLY HILLS, CA 90212-2918.

On **July 28, 2010** I served the foregoing document described as **DEFENDANT AND COUNTER-CLAIMANT THIERRY GUETTA'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF AND COUNTER-DEFENDANT GLEN E. FRIEDMAN** on all interested parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

DOUGLAS A. LINDE, ESQ.
ERICA ALLEN, ESQ.
THE LINDE LAW FIRM
9000 SUNSET BLVD., SUITE 1025
LOS ANGELES, CA 90069
TELEPHONE: 310-203-9333
FACSIMILE: 310-203-9233

[XX]     BY MAIL: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Beverly Hills, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[] E-MAIL: I transmitted the document to which this is attached via email to the email addresses listed above.

[] BY PERSONAL SERVICE: I caused the envelope to be delivered by hand to the offices of the addressee.

[] BY FACSIMILE TRANSMITTAL: I sent by facsimile the above document on   at  .m. to the facsimile machine number identified above.

[] BY FEDERAL EXPRESS OVERNIGHT DELIVERY: I caused the above document to be sent by Federal Express overnight delivery, fully prepaid, in accordance with Code of Civil Procedure § 1013(c).

Executed on **July 28, 2010**  at Beverly Hills, California.

[XX] (FEDERAL)     I declare that I am employed in the office of a member of the bar of this court at whose direction this service was made.

CECIBEL ESCOBAR

EXHIBIT F PAGE 50

1   **DOUGLAS A. LINDE, ESQ. (SBN 217584)(dal@lindelaw.net)**
    **ERICA ALLEN, ESQ. (SBN 234922)(ela@lindelaw.net)**
2   **THE LINDE LAW FIRM**
    9000 Sunset Boulevard, Ste. 1025
3   Los Angeles, California 90069
    Telephone (310) 203-9333
4   Fax (310) 203-9233

5   Attorneys for Plaintiffs,
6   GLEN E. FRIEDMAN

GUTMAN LAW
FILE COPY
INDEX NO. 28
DUE DATE: _____
CALENDARED _____ ☐

7

8                   UNITED STATES DISTRICT COURT

9                   CENTRAL DISTRICT OF CALIFORNIA

10

11   GLEN E. FRIEDMAN            )   Case No. CV10-0014 DDP (JCx)
                                 )   Honorable Dean D. Pregerson
12           Plaintiffs,         )   Complaint Filed: January 4, 2010
                                 )
13                               )
                                 )
14       v.                      )
                                 )   **PLAINTIFF'S RESPONSE TO**
15   THIERRY GUETTA a/k/a MR.    )   **REQUEST FOR PRODUCTION, SET**
16   BRAINWASH; and DOES 1 though)   **ONE**
     10, inclusive,              )
17                               )
                                 )
18           Defendants.         )
19   _____)

20   **TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD HEREIN:**

21

22   **PROPOUNDING PARTY:**        **THIERRY GUETTA**

23

24   **RESPONDING PARTY:**          **GLEN E. FRIEDMAN**

25   **SET NUMBER:**                **ONE**

26

27

28

                        **EXHIBIT G**         EXHIBIT 6 PAGE 51

1    Plaintiff, GLEN E. FRIEDMAN herewith provides responses to Defendant,

2    THIERRY GUETTA'S, Request for Production of Documents, Set Number One, as

3    follows:

4                              **PRELIMINARY STATEMENT**

5        These responses are made solely for the purpose of this action.  Each answer is

6    subject to all objections as to competence, relevance, materiality, propriety and

7    admissibility, and any and all other objections on grounds that would require the

8    exclusion of any statement contained herein if any Request were asked of, or any

9    statement contained herein were made by, a witness present and testifying in Court, all

10   of which objections and grounds are reserved and may be interposed at the time of trial.

11       Except for explicit facts admitted herein, no incidental or implied admissions are

12   intended hereby.  The fact that Plaintiff has answered or objected to any Request or any

13   part thereof should not be taken as an admission that they accept or admit the existence

14   of any facts set forth or assumed by such Request or that such answer or objection

15   constitutes admissible evidence.  The fact that Plaintiff has not answered part of all of

16   any Request is not intended and shall not be construed to be a waiver by them of all or

17   any part of any object to any Request propounded by Defendant.

18

19       To the extent any or all of the Requests call for information which constitutes

20   information or material prepared in anticipation of litigation or for trial or information

21   or material covered by the Work Product Doctrine or which constitutes information

22   which is privileged by virtue of the attorney-client privilege, this Claimant objects to

23   each and every such Request and thus will not supply or render any information or

24   material protected from discovery by virtue of the Work Product Doctrine or attorney-

25   client privilege.

26       Plaintiff has not completed the investigation of the facts relating to this case, has

27   not completed discovery of this action, and has not completed preparation for trial. The

28   following answers are given without prejudice to the production of subsequent

EXHIBIT 6 PAGE 52

1   discovered facts or evidence, or the presentation of facts or theories resulting from

2   subsequently discovered evidence, reevaluation of the existing evidence or evaluation

3   of existing evidence in light of newly-discovered evidence.

4

5   **RESPONSES**

6

7   **REQUEST FOR PRODUCTION NO. 1:**

8   All DOCUMENTS that support or refute YOUR claim for copyright infringement.

9   **RESPONSE:**

10

11  Objection.  Overbroad and unduly burdensome in that documents responsive to this

12  Request have been previously provided and are already in possession of propounding

13  party.  Subject to and without waiving this objection, Plaintiff responds:  Plaintiff

14  identifies the documents identified and produced in Plaintiff's Initial Disclosures

15

16  Pursuant to Rule 26(a)(1).  Investigation and discovery continue, therefore Plaintiff

17  reserves the right to supplement this discovery in the future.

18

19  **REQUEST FOR PRODUCTION NO. 2.**

20  All DOCUMENTS that RELATE OR REFER TO YOUR attempts to register any

21  copyright for the SUBJECT PHOTOGRAPH.

22

23  **RESPONSE:**

24  Objection.  Overbroad and unduly burdensome in that documents responsive to this

25  Request have been previously provided and are already in possession of propounding

26  party.  Subject to and without waiving this objection, Plaintiff responds:  Plaintiff

27

28

EXHIBIT 6 PAGE 53

1  identifies Plaintiff Copyright Registration VA 1-221-001 photocopy attached to

2  Plaintiff's Initial Disclosures as Exhibit 1.

3

4  **REQUEST FOR PRODUCTION NO. 3.**

5  All DOCUMENTS that RELATE OR REFER TO any copyright YOU contend

6  Defendant and Counter-Claimant Thierry Guetta infringed upon.

7

8  **RESPONSE:**

9  Objection. Overbroad and unduly burdensome in that documents responsive to this

10  Request have been previously provided and are already in possession of propounding

11  party. Subject to and without waiving this objection, Plaintiff responds: Plaintiff

12  identifies Plaintiff Copyright Registration VA 1-221-001 photocopy attached to

13  Plaintiff's Initial Disclosures as Exhibit 1.

14

15  **REQUEST FOR PRODUCTION NO. 4.**

16  A true and correct copy of the SUBJECT PHOTOGRAPH.

17

18  **RESPONSE:**

19  Objection. Overbroad and unduly burdensome in that documents responsive to this

20  Request have been previously provided and are already in possession of propounding

21  party. Subject to and without waiving this objection, Plaintiff responds: Plaintiff

22  identifies photocopy of Plaintiff's original photo attached to Plaintiff's Initial

23  Disclosures as Exhibit 2.

24

25

26

27

28

EXHIBIT 9 PAGE 54

**REQUEST FOR PRODUCTION NO. 5.**

All DOCUMENTS that RELATE OR REFER TO YOUR attempts to register the copyright for the book "F*** YOU HEROES."

**RESPONSE:**

Objection. Overbroad and unduly burdensome in that documents responsive to this Request have been previously provided and are already in possession of propounding party. Subject to and without waiving this objection, Plaintiff responds: Plaintiff identifies Plaintiff Copyright Registration VA 1-221-001 photocopy attached to Plaintiff's Initial Disclosures as Exhibit 1.

**REQUEST FOR PRODUCTION NO. 6.**

All DOCUMENTS that RELATE OR REFER TO the copyright for the book "F*** YOU HEROES."

**RESPONSE:**

Objection. Overbroad and unduly burdensome in that documents responsive to this Request have been previously provided and are already in possession of propounding party. Subject to and without waiving this objection, Plaintiff responds: Plaintiff identifies Plaintiff Copyright Registration VA 1-221-001 photocopy attached to Plaintiff's Initial Disclosures as Exhibit 1.

**REQUEST FOR PRODUCTION NO. 7.**

The book "F*** YOU HEROES."

EXHIBIT 9 PAGE 55

1   **RESPONSE:**

2   Objection.  Unduly burdensome in that documents responsive to this Request are

3

4   equally available to propounding party.  Subject to and without waiving this objection,

5   Plaintiff responds:  Plaintiff's book *F\*\*\* You Heroes*, can be found on the internet at

6

7   http://www.amazon.com/Fuck-You-Heroes-Photographs-1976-1991/dp/0964191601.

8   **REQUEST FOR PRODUCTION NO. 8:**

9   All DOCUMENTS supporting or refuting YOUR contention that YOUR are "a

10

11  photographer and artist who has gained worldwide recognition for [YOUR] original and

12  groundbreaking photographs of musical visionaries and other cultural icons" as alleged

13

14  in paragraph 11 of your Complaint.

15  **RESPONSE:**

16  Objection.  Vague, ambiguous overbroad and unduly burdensome in that this Request

17

18  calls for production of some documents that are not relevant, reasonably calculated to

19  lead to the discovery of admissible evidence, encompassing every photograph taken by

20

21  Plaintiff and mention of Plaintiff in the media, ever.  Subject to and without waiving

22  this objection; Plaintiff responds:  Plaintiff identifies Plaintiff's books, which can be

23  purchased on the internet:

24

25      *My Rules*, Photozine, self published and distributed, 1982

26      *F\*\*\* You Heroes*, Glen E. Friedman photographs 1976-1991, Burning Flags

27  Press, 1994,

28

EXHIBIT 6 PAGE 56

*Fuck You Too, The Extras + More Scrapbook* - Music and Skating thru '04, Glen E. Friedman, ConSafos press 1996, updated 2005,

*The Idealist*, Glen E. Friedman - In My Eyes - 25 Years (1976–2001), Burning Flags Press, 1998, updated 2004

*Dogtown-The Legend of the Z-Boys*, C.R. Stecyk III & Glen E. Friedman, Burning Flags Press, 2000

*Recognize*, Glen E. Friedman, Burning Flags Press, 2005

*Keep Your Eyes Open*, Glen E. Friedman, Burning Flags Press, 2007

## REQUEST FOR PRODUCTION NO. 9.

All DOCUMENTS supporting or refuting YOUR contention that Defendant and Counter-Claimant Thierry Guetta "engaged in acts of affirmative and widespread self promotion of the copies directed to the public at large by distributing said copies (and accompanying written materials) with a false and misleading designation of creation, ownership and origin, and falsely representing that the Subject image was [Defendant and Counter-Claimant Thierry Guetta]'s own" as alleged in paragraph15 of YOUR Complaint.

## RESPONSE:

Objection. Unduly burdensome in that documents responsive to this Request are already in possession of propounding party, if not moreso. Subject to and without waiving this objection, Plaintiff responds: Plaintiff identifies Copyright Registration

EXHIBIT 6 PAGE 57

VA 1-221-001 attached to Plaintiff's Initial Disclosures as Exhibit 1, Plaintiff's original photograph of RUN DMC photocopy attached to Plaintiff's Initial Disclosures as Exhibit 2 and all images created by Defendant bearing the SUBJECT PHOTOGRAPH or any portion thereof.

**REQUEST FOR PRODUCTION NO. 10.**

All DOCUMENTS supporting or refuting YOUR contention that Defendant and Counter-Claimant Thierry Guetta "engaged in acts of affirmative and widespread self promotion of the copies directed to the public at large by publicly claiming ownership rights in and to the derivative works based on the Subject Image that belong solely to Plaintiff' as alleged in paragraph 16 of YOUR Complaint.

**RESPONSE:**

Objection. Unduly burdensome in that documents responsive to this Request are already in possession of propounding party, if not moreso. Subject to and without waiving this objection, Plaintiff responds:  Plaintiff identifies Copyright Registration VA 1-221-001 attached to Plaintiff's Initial Disclosures as Exhibit 1, Plaintiff's original photograph of RUN DMC photocopy attached to Plaintiff's Initial Disclosures as Exhibit 2 and all images created by Defendant bearing the SUBJECT PHOTOGRAPH or any portion thereof.

///

///

EXHIBIT 6 PAGE 58

## REQUEST FOR PRODUCTION NO. 11.

All DOCUMENTS supporting or refuting YOUR contention that Defendant and Counter-Claimant Thierry Guetta's acts "have caused [YOU] to suffer, and to continue to suffer, substantial damage to its [sic] business in the form of diversion of trade, loss of income and profits, and a dilution of the value of its [sic] rights" as alleged in paragraph 23 of YOUR Complaint.

## RESPONSE:

Objection. Unduly burdensome in that documents responsive to this Request are already in possession of propounding party, if not moreso. Subject to and without waiving this objection, Plaintiff responds: Plaintiff identifies Copyright Registration VA 1-221-001 attached to Plaintiff's Initial Disclosures as Exhibit 1, Plaintiff's original photograph of RUN DMC photocopy attached to Plaintiff's Initial Disclosures as Exhibit 2 and all images created by Defendant bearing the SUBJECT PHOTOGRAPH or any portion thereof.

## REQUEST FOR PRODUCTION NO. 12.

All DOCUMENTS supporting or refuting YOUR contention that Defendant and Counter-Claimant Thierry Guetta's has "obtained direct and indirect profits [he] would not otherwise have realized but for [his] infringement of Plaintiff's copyrighted Subject Image" as alleged in paragraph 23 of YOUR Complaint.

EXHIBIT 6 PAGE 59

**RESPONSE:**

Objection.  Unduly burdensome in that documents responsive to this Request are already in possession of propounding party, if not moreso.  Subject to and without waiving this objection, Plaintiff responds:  Plaintiff identifies Defendant's sales summaries for sales of any goods bearing Plaintiff's photograph of RUN DMC or any portion thereof.

**REQUEST FOR PRODUCTION NO. 13.**

All DOCUMENTS that support or refute YOUR denial that Defendant and Counter-Claimant Thierry Guetta's use of the SUBJECT PHOTOGRAPH was fair use.

**RESPONSE:**

Objection.  This Request fails to describe with reasonable particularity each item or category of items to be inspected, and seeks documents protected by the attorney work product doctrine.  Subject to and without waiving this objection, Plaintiff responds: Plaintiff identifies Plaintiff's original photograph of RUN DMC photocopy attached to Plaintiff's Initial Disclosures as Exhibit 2 and all images created by Defendant bearing the SUBJECT PHOTOGRAPH or any portion thereof.

**REQUEST FOR PRODUCTION NO. 14.**

All DOCUMENTS that support or refute YOUR denial that Defendant and Counter-Claimant Thierry Guetta's use of the SUBJECT PHOTOGRAPH was de minimis.

**RESPONSE:**

EXHIBIT 5 PAGE 60

Objection.  This Request fails to describe with reasonable particularity each item or category of items to be inspected, and seeks documents protected by the attorney work product doctrine.  Subject to and without waiving this objection, Plaintiff responds: Plaintiff identifies Plaintiff's original photograph of RUN DMC photocopy attached to Plaintiff's Initial Disclosures as Exhibit 2 and all images created by Defendant bearing the SUBJECT PHOTOGRAPH or any portion thereof.

**REQUEST FOR PRODUCTION NO. 15.**

All DOCUMENTS that support or refute YOUR denial that Defendant and Counter-Claimant Thierry Guetta's use of the SUBJECT PHOTOGRAPH was transformative.

**RESPONSE:**

Objection.  This Request fails to describe with reasonable particularity each item or category of items to be inspected, and seeks documents protected by the attorney work product doctrine.  Subject to and without waiving this objection, Plaintiff responds: Plaintiff identifies Plaintiff's original photograph of RUN DMC photocopy attached to Plaintiff's Initial Disclosures as Exhibit 2 and all images created by Defendant bearing the SUBJECT PHOTOGRAPH or any portion thereof.

**REQUEST FOR PRODUCTION NO. 16.**

All DOCUMENTS that discuss, RELATE OR REFER TO the SUBJECT PHOTOGRAPH.

EXHIBIT 6 PAGE 61

**RESPONSE:**

Objection.  This Request fails to describe with reasonable particularity each item or category of items to be inspected, and seeks documents protected by the attorney work product doctrine.  Subject to and without waiving this objection, Plaintiff responds: Copyright Registration VA 1-221-001 attached to Plaintiff's Initial Disclosures as Exhibit 1, Plaintiff's original photograph of RUN DMC photocopy attached to Plaintiff's Initial Disclosures as Exhibit 2, Plaintiff's book, *F\*\*\* You Heroes: Glen E. Friedman Photographs 1976-1991*, Burning Flags Press, 1994, and all images created by Defendant bearing the SUBJECT PHOTOGRAPH or any portion thereof.

**REQUEST FOR PRODUCTION NO. 17.**

All DOCUMENTS that evidence that the SUBJECT PHOTOGRAPH was a well known image prior to Defendant and Counter-Claimant Thierry Guetta's use of the image.

**RESPONSE:**

Objection.  Vague and ambiguous so as to be unintelligible.  Further objection. Overbroad and unduly burdensome.  Subject to and without waiving this objection, Plaintiff responds:  Plaintiff identifies Plaintiff's book, *F\*\*\* You Heroes: Glen E. Friedman Photographs 1976-1991*, Burning Flags Press, 1994 which is equally available to propounding party.

**REQUEST FOR PRODUCTION NO. 18.**

All DOCUMENTS that RELATE OR REFER TO any monies you have ever received in connection with the SUBJECT PHOTOGRAPH.

**RESPONSE:**

Objection.  Overbroad and unduly burdensome.  Further objection: This Request seeks documents protected by Plaintiff's right to privacy.  Not relevant, nor likely to lead to the discovery of admissible evidence.  Subject to and without waiving this objection, Plaintiff responds:  The SUBJECT PHOTOGRAPH was widely displayed all over the world from 1994-2010 in publicity and promotional materials for the group Run DMC as well as in publicity and promotional materials for Plaintiff's book *Fuck You Heroes; Glen E. Friedman Photographs 1976-1991,* and in exhibitions of Plaintiff's work.  The SUBJECT PHOTOGRAPH appeared in the book, *Fuck You Heroes; Glen E. Friedman Photographs 1976-1991*, Burning Flags Press, 1994.  Plaintiff received monies for sales of this book, however, it is impossible to determine which monies are directly attributable to the SUBJECT PHOTOGRAPH

**REQUEST FOR PRODUCTION NO. 19.**

All DOCUMENTS that RELATE OR REFER TO any damages you have suffered in any manner by any conduct Defendant and Counter-Claimant has engaged in.

**RESPONSE:**

Objection.  Unduly burdensome in that documents responsive to this Request are already in possession of propounding party.  Subject to and without waiving this objection, Plaintiff responds:  Plaintiff identifies Defendant's sales documents for sales of any goods bearing Plaintiff's photograph of RUN DMC or any portion thereof.  Investigation and discovery continue, therefore, Plaintiff reserves the right to supplement this response in the future.

**REQUEST FOR PRODUCTION NO. 20.**

All DOCUMENTS that RELATE OR REFER TO the manner in which the SUBJECT PHOTOGRAPH was first publicly released.

**RESPONSE:**

Objection.  Vague and ambiguous so as to be unintelligible.  Subject to and without waiving this objection, Plaintiff responds:  Plaintiff identifies Plaintiff's book, *F*** You Heroes: Glen E. Friedman Photographs 1976-1991*, Burning Flags Press, 1994 which is equally available to propounding party.

**REQUEST FOR PRODUCTION NO. 21.**

All DOCUMENTS that RELATE OR REFER TO each and every instance in which the SUBJECT PHOTOGRAPH was publicly displayed.

///

///

EXHIBIT 6 PAGE 64

**RESPONSE:**

Objection overbroad and unduly burdensome. Subject to and without waiving this objection, Plaintiff responds: The SUBJECT IMAGE was widely displayed all over the world from 1994-2010 in publicity and promotional materials for the group Run DMC as well as in publicity and promotional materials for Plaintiff's book *Fuck You Heroes; Glen E. Friedman Photographs 1976-1991,* and in exhibitions of Plaintiff's work. Plaintiff further identifies Plaintiff's book *Fuck You Heroes; Glen E. Friedman Photographs 1976-1991* which is equally available to propounding party.

**REQUEST FOR PRODUCTION NO. 22.**

All DOCUMENTS that RELATE OR REFER TO each and every instance in which the SUBJECT PHOTOGRAPH was published.

**RESPONSE:**

Objection. This Request fails to describe with reasonable particularity each item or category of items to be inspected, is overbroad, and unduly burdensome. Subject to and without waiving this objection, Plaintiff responds: The SUBJECT IMAGE was widely displayed all over the world from 1994-2010 in publicity and promotional materials for the group Run DMC as well as in publicity and promotional materials for Plaintiff's book *Fuck You Heroes; Glen E. Friedman Photographs 1976-1991,* and in exhibitions of Plaintiff's work. Plaintiff further identifies Plaintiff's book *Fuck You Heroes; Glen E. Friedman Photographs 1976-1991* which is equally available to propounding party.

EXHIBIT 6 PAGE 65

**REQUEST FOR PRODUCTION NO. 23.**

All DOCUMENTS that constitute a publishing of the SUBJECT PHOTOGRAPH.

**RESPONSE:**

Objection.  Vague and ambiguous so as to be unintelligible.  Further objection.  This Request fails to describe with reasonable particularity each item or category of items to be inspected, is overbroad, and unduly burdensome.  Subject to and without waiving this objection, Plaintiff responds:  The SUBJECT IMAGE was widely displayed all over the world from 1994-2010 in publicity and promotional materials for the group Run DMC as well as in publicity and promotional materials for Plaintiff's book *Fuck You Heroes; Glen E. Friedman Photographs 1976-1991,* and in exhibitions of Plaintiff's work.  Plaintiff further identifies Plaintiff's book *Fuck You Heroes; Glen E. Friedman Photographs 1976-1991* which is equally available to propounding party.

**REQUEST FOR PRODUCTION NO. 24.**

All DOCUMENTS that constitute RELATE OR REFER TO each and every publishing of the SUBJECT PHOTOGRAPH.

**RESPONSE:**

Objection.  Vague and ambiguous so as to be unintelligible.  Further Objections:  This Request fails to describe with reasonable particularity each item or category of items to be inspected, is overbroad, and unduly burdensome.  Subject to and without waiving this objection, Plaintiff responds:  The SUBJECT IMAGE was widely displayed all

EXHIBIT 6 PAGE 66

over the world from 1994-2010 in publicity and promotional materials for the group

Run DMC as well as in publicity and promotional materials for Plaintiff's book *Fuck*

*You Heroes; Glen E. Friedman Photographs 1976-1991,* and in exhibitions of

Plaintiff's work.  Plaintiff further identifies Plaintiff's book *Fuck You Heroes; Glen E.*

*Friedman Photographs 1976-1991* which is equally available to propounding party.

**REQUEST FOR PRODUCTION NO. 25.**

All DOCUMENTS that RELATE OR REFER TO any efforts YOU have taken to

generate monies with respect to the SUBJECT photograph.

**RESPONSE:**

Objection.  Vague and ambiguous as to the phrase "efforts YOU have taken to generate

monies."  Further objection; overbroad and unduly burdensome.  Subject to and without

waiving this objection, Plaintiff responds: The SUBJECT IMAGE was widely

displayed all over the world from 1994-2010 in publicity and promotional materials for

the group Run DMC as well as in publicity and promotional materials for Plaintiff's

book *Fuck You Heroes; Glen E. Friedman Photographs 1976-1991,* and in exhibitions

of Plaintiff's work.  The SUBJECT PHOTOGRAPH appeared in the book, *Fuck You*

*Heroes; Glen E. Friedman Photographs 1976-1991,* Burning Flags Press, 1994.

Plaintiff received monies for sales of this book, however, it is impossible to determine

which monies are directly attributable to the SUBJECT PHOTOGRAPH.

EXHIBIT 6 PAGE 67

**REQUEST FOR PRODUCTION NO. 26.**

All DOCUMENTS that RELATE OR REFER TO any efforts YOU have taken to license the SUBJECT PHOTOGRAPH.

**RESPONSE:**

Objection.  Vague and ambiguous so as to be unintelligible, fails to describe with reasonable particularity each item or category of items to be inspected is overbroad, unduly burdensome, invades Plaintiff's right to privacy and seeks documents not relevant to any claim or defense in this matter, to the extent it seeks documents that did not result in a license.  Subject to and without waiving this objection, Plaintiff responds: The SUBJECT IMAGE was widely displayed all over the world from 1994-2010 in publicity and promotional materials for the group Run DMC as well as in publicity and promotional materials for Plaintiff's book *Fuck You Heroes; Glen E. Friedman Photographs 1976-1991,* and in exhibitions of Plaintiff's work.  Plaintiff further identifies Plaintiff's book *Fuck You Heroes; Glen E. Friedman Photographs 1976-1991* which is equally available to propounding party.

**REQUEST FOR PRODUCTION NO. 27.**

All DOCUMENTS that memorialize, RELATE OR REFER TO any discussions YOU had in an effort to license the SUBJECT PHOTOGRAPH.

///

///

EXHIBIT 4 PAGE 68

**RESPONSE:**

Objection.  Vague and ambiguous so as to be unintelligible, fails to describe with

reasonable particularity each item or category of items to be inspected is overbroad,

unduly burdensome, invades Plaintiff's right to privacy and seeks documents not

relevant to any claim or defense in this matter, to the extent it seeks documents that did

not result in a license.  Subject to and without waiving this objection, Plaintiff responds:

The SUBJECT IMAGE was widely displayed all over the world from 1994-2010 in

publicity and promotional materials for the group Run DMC as well as in publicity and

promotional materials for Plaintiff's book *Fuck You Heroes; Glen E. Friedman*

*Photographs 1976-1991,* and in exhibitions of Plaintiff's work.  Plaintiff further

identifies Plaintiff's book *Fuck You Heroes; Glen E. Friedman Photographs 1976-1991*

which is equally available to propounding party.

**REQUEST FOR PRODUCTION NO. 28.**

All DOCUMENTS that RELATE OR REFER TO any efforts YOU have taken to sell

any lithographs and/or reproductions the SUBJECT PHOTOGRAPH.

**RESPONSE:**

Objection.  Vague and ambiguous so as to be unintelligible, fails to describe with

reasonable particularity each item or category of items to be inspected is overbroad,

unduly burdensome, invades Plaintiff's right to privacy and seeks documents not

relevant to any claim or defense in this matter, to the extent it seeks documents that did

1    not result in a license.  Subject to and without waiving this objection, Plaintiff responds:

2    The SUBJECT IMAGE was widely displayed all over the world from 1994-2010 in

3    publicity and promotional materials for the group Run DMC as well as in publicity and

4    promotional materials for Plaintiff's book *Fuck You Heroes; Glen E. Friedman*

5    *Photographs 1976-1991,* and in exhibitions of Plaintiff's work.  Plaintiff further

6

7    identifies Plaintiff's book *Fuck You Heroes; Glen E. Friedman Photographs 1976-1991*

8    which is equally available to propounding party.

9

10

11   **REQUEST FOR PRODUCTION NO. 29.**

12   All DOCUMENTS that memorialize, RELATE ORREFER TO any discussions YOU

13   had in an effort to sell any lithographs and/or reproductions of the SUBJECT

14

15   PHOTOGRAPH.

16   **RESPONSE:**

17

18   Objection.  Vague and ambiguous so as to be unintelligible, fails to describe with

19   reasonable particularity each item or category of items to be inspected is overbroad,

20

21   unduly burdensome, invades Plaintiff's right to privacy and seeks documents not

22   relevant to any claim or defense in this matter, to the extent it seeks documents that did

23   not result in a license.  Subject to and without waiving this objection, Plaintiff responds:

24

25   The SUBJECT IMAGE was widely displayed all over the world from 1994-2010 in

26   publicity and promotional materials for the group Run DMC as well as in publicity and

27   promotional materials for Plaintiff's book *Fuck You Heroes; Glen E. Friedman*

28

EXHIBIT 6 PAGE 70

*Photographs 1976-1991,* and in exhibitions of Plaintiff's work.  Plaintiff further

identifies Plaintiff's book *Fuck You Heroes; Glen E. Friedman Photographs 1976-1991*

which is equally available to propounding party.

**REQUEST FOR PRODUCTION NO. 30.**

All DOCUMENTS that RELATE OR REFER TO any efforts YOU have taken to sell

any products that incorporate the SUBJECT PHOTOGRAPH including, but not limited

to, any books, apparel and/or other merchandise.

**RESPONSE:**

Objection.  Vague and ambiguous so as to be unintelligible, fails to describe with

reasonable particularity each item or category of items to be inspected is overbroad,

unduly burdensome, invades Plaintiff's right to privacy and seeks documents not

relevant to any claim or defense in this matter, to the extent it seeks documents that did

not result in a license.  Subject to and without waiving this objection, Plaintiff responds:

The SUBJECT IMAGE was widely displayed all over the world from 1994-2010 in

publicity and promotional materials for the group Run DMC as well as in publicity and

promotional materials for Plaintiff's book *Fuck You Heroes; Glen E. Friedman*

*Photographs 1976-1991,* and in exhibitions of Plaintiff's work.  Plaintiff further

identifies Plaintiff's book *Fuck You Heroes; Glen E. Friedman Photographs 1976-1991*

which is equally available to propounding party.

EXHIBIT 6 PAGE 71

**REQUEST FOR PRODUCTION NO. 31.**

All DOCUMENTS that memorialize, RELATE OR REFER TO any discussions YOU had in an effort to sell any products that incorporate the SUBJECT PHOTOGRAPH including, but not limited to, any books, apparel and/or other merchandise.

**RESPONSE:**

Objection. Vague and ambiguous so as to be unintelligible, fails to describe with reasonable particularity each item or category of items to be inspected is overbroad, unduly burdensome, invades Plaintiff's right to privacy and seeks documents not relevant to any claim or defense in this matter, to the extent it seeks documents that did not result in a license. Subject to and without waiving this objection, Plaintiff responds: The SUBJECT IMAGE was widely displayed all over the world from 1994-2010 in publicity and promotional materials for the group Run DMC as well as in publicity and promotional materials for Plaintiff's book *Fuck You Heroes; Glen E. Friedman Photographs 1976-1991,* and in exhibitions of Plaintiff's work. Plaintiff further identifies Plaintiff's book *Fuck You Heroes; Glen E. Friedman Photographs 1976-1991* which is equally available to propounding party.

**REQUEST FOR PRODUCTION NO. 32.**

All DOCUMENTS that evidence, RELATE OR REFER TO any monies YOU received for licensing the SUBJECT PHOTOGRAPH.

EXHIBIT 6 PAGE 72

**RESPONSE:**

Objection.  Vague and ambiguous so as to be unintelligible, fails to describe with

reasonable particularity each item or category of items to be inspected is overbroad,

unduly burdensome, invades Plaintiff's right to privacy and seeks documents not

relevant to any claim or defense in this matter, to the extent it seeks documents that did

not result in a license.  Subject to and without waiving this objection, Plaintiff responds:

The SUBJECT IMAGE was widely displayed all over the world from 1994-2010 in

publicity and promotional materials for the group Run DMC as well as in publicity and

promotional materials for Plaintiff's book *Fuck You Heroes; Glen E. Friedman*

*Photographs 1976-1991*, and in exhibitions of Plaintiff's work.  Plaintiff received

monies for sales of this book, however, it is impossible to determine which monies are

directly attributable to the SUBJECT PHOTOGRAPH.

**REQUEST FOR PRODUCTION NO. 33.**

All DOCUMENTS that constitute, evidence, RELATE OR REFER TO any licensing

agreement that in any way RELATES OR REFERS TO the SUBJECT

PHOTOGRAPH.

**RESPONSE:**

Objection.  Vague and ambiguous so as to be unintelligible, fails to describe with

reasonable particularity each item or category of items to be inspected is overbroad,

unduly burdensome, invades Plaintiff's right to privacy and seeks documents not

EXHIBIT 6 PAGE 73

1    relevant to any claim or defense in this matter, to the extent it seeks documents that did

2    not result in a license.  Subject to and without waiving this objection, Plaintiff responds:

3
4    The SUBJECT IMAGE was widely displayed all over the world from 1994-2010 in

5    publicity and promotional materials for the group Run DMC as well as in publicity and

6
7    promotional materials for Plaintiff's book *Fuck You Heroes ; Glen E. Friedman*

8    *Photographs 1976-1991,* which is equally available to propounding party, and in

9    exhibitions of Plaintiff's work.

10
11   **REQUEST FOR PRODUCTION NO. 34.**

12   All DOCUMENTS that constitute, evidence, RELATE OR REFER TO the termination

13
14   of any licensing agreement that in any way RELATES OR REFERS TO the SUBJECT

15   PHOTOGRAPH.

16   **RESPONSE:**

17
18   Objection.  Vague and ambiguous so as to be unintelligible, fails to describe with

19   reasonable particularity each item or category of items to be inspected is overbroad,

20
21   unduly burdensome, invades Plaintiff's right to privacy and seeks documents not

22   relevant to any claim or defense in this matter, to the extent it seeks documents that did

23
24   not result in a license.  Subject to and without waiving this objection, Plaintiff responds:

25   The SUBJECT IMAGE was widely displayed all over the world from 1994-2010 in

26   publicity and promotional materials for the group Run DMC as well as in publicity and

27
28   promotional materials for Plaintiff's book *Fuck You Heroes; Glen E. Friedman*

EXHIBIT 6 PAGE 74

*Photographs 1976-1991,* which is equally available to propounding party, and in exhibitions of Plaintiff's work.

**REQUEST FOR PRODUCTION NO. 35.**

All DOCUMENTS that evidence, RELATE OR REFER TO any monies YOU received for selling any lithographs or reproductions of the SUBJECT PHOTOGRAPH.

**RESPONSE:**

Objection.  Vague and ambiguous so as to be unintelligible, fails to describe with reasonable particularity each item or category of items to be inspected is overbroad, unduly burdensome, invades Plaintiff's right to privacy and seeks documents not relevant to any claim or defense in this matter, to the extent it seeks documents that did not result in a license.  Subject to and without waiving this objection, Plaintiff responds: The SUBJECT IMAGE was widely displayed all over the world from 1994-2010 in publicity and promotional materials for the group Run DMC as well as in publicity and promotional materials for Plaintiff's book *Fuck You Heroes; Glen E. Friedman Photographs 1976-1991,* and in exhibitions of Plaintiff's work.  Plaintiff further identifies Plaintiff's book *Fuck You Heroes; Glen E. Friedman Photographs 1976-1991* which is equally available to propounding party.

**REQUEST FOR PRODUCTION NO. 36.**

All DOCUMENTS that RELATE OR REFER TO each and every instance in which a lithograph and/or reproduction of the SUBJECT PHOTOGRAPH was sold.

EXHIBIT 6 PAGE 75

**RESPONSE:**

Objection. Vague and ambiguous so as to be unintelligible, fails to describe with

reasonable particularity each item or category of items to be inspected is overbroad,

unduly burdensome, invades Plaintiff's right to privacy and seeks documents not

relevant to any claim or defense in this matter, to the extent it seeks documents that did

not result in a license. Subject to and without waiving this objection, Plaintiff responds:

The SUBJECT IMAGE was widely displayed all over the world from 1994-2010 in

publicity and promotional materials for the group Run DMC as well as in publicity and

promotional materials for Plaintiff's book *Fuck You Heroes; Glen E. Friedman*

*Photographs 1976-1991,* and in exhibitions of Plaintiff's work. Plaintiff further

identifies Plaintiff's book *Fuck You Heroes; Glen E. Friedman Photographs 1976-1991*

which is equally available to propounding party.

**REQUEST FOR PRODUCTION NO. 37.**

All DOCUMENTS that evidence, RELATE OR REFER TO any monies YOU received

for the sale of any products that incorporate the SUBJECT PHOTOGRAPH including,

but not limited to, any books, apparel and/or other merchandise.

**RESPONSE:**

Objection. Vague and ambiguous so as to be unintelligible, fails to describe with

reasonable particularity each item or category of items to be inspected is overbroad,

unduly burdensome, invades Plaintiff's right to privacy and seeks documents not

relevant to any claim or defense in this matter, to the extent it seeks documents that did not result in a license.  Subject to and without waiving this objection, Plaintiff responds: The SUBJECT IMAGE was widely displayed all over the world from 1994-2010 in publicity and promotional materials for the group Run DMC as well as in publicity and promotional materials for Plaintiff's book *Fuck You Heroes; Glen E. Friedman Photographs 1976-1991,* and in exhibitions of Plaintiff's work.  Plaintiff further identifies Plaintiff's book *Fuck You Heroes; Glen E. Friedman Photographs 1976-1991* which is equally available to propounding party.  Plaintiff received monies for sales of this book, however, it is impossible to determine which monies are directly attributable to the SUBJECT PHOTOGRAPH.

**REQUEST FOR PRODUCTION NO. 38.**

All DOCUMENTS that RELATE OR REFER TO each and every sale of any products that incorporate the SUBJECT PHOTOGRAPH including, but not limited to, any books, apparel and/or other merchandise.

**RESPONSE:**

Objection.  Vague and ambiguous so as to be unintelligible, fails to describe with reasonable particularity each item or category of items to be inspected is overbroad, unduly burdensome, invades Plaintiff's right to privacy and seeks documents not relevant to any claim or defense in this matter, to the extent it seeks documents that did not result in a license.  Subject to and without waiving this objection, Plaintiff responds:

EXHIBIT 6 PAGE 77

The SUBJECT IMAGE was widely displayed all over the world from 1994-2010 in

publicity and promotional materials for the group Run DMC as well as in publicity and

promotional materials for Plaintiff's book *Fuck You Heroes; Glen E. Friedman*

*Photographs 1976-1991,* and in exhibitions of Plaintiff's work.  Plaintiff further

identifies Plaintiff's book *Fuck You Heroes; Glen E. Friedman Photographs 1976-1991*

which is equally available to propounding party.  Plaintiff received monies for sales of

this book, however, it is impossible to determine which monies are directly attributable

to the SUBJECT PHOTOGRAPH.

**REQUEST FOR PRODUCTION NO. 39.**

All DOCUMENTS that RELATE OR REFER TO each and every instance in which

YOU received monies with respect to the SUBJECT PHOTOGRAPH.

**RESPONSE:**

Objection.  Vague and ambiguous so as to be unintelligible, fails to describe with

reasonable particularity each item or category of items to be inspected is overbroad,

unduly burdensome, invades Plaintiff's right to privacy and seeks documents not

relevant to any claim or defense in this matter, to the extent it seeks documents that did

not result in a license.  Subject to and without waiving this objection, Plaintiff responds:

The SUBJECT IMAGE was widely displayed all over the world from 1994-2010 in

publicity and promotional materials for the group Run DMC as well as in publicity and

promotional materials for Plaintiff's book *Fuck You Heroes; Glen E. Friedman*

EXHIBIT 6 PAGE 78

*Photographs 1976-1991,* and in exhibitions of Plaintiff's work.  Plaintiff further

identifies Plaintiff's book *Fuck You Heroes; Glen E. Friedman Photographs 1976-1991*

which is equally available to propounding party.  Plaintiff received monies for sales of

this book, however, it is impossible to determine which monies are directly attributable

to the SUBJECT PHOTOGRAPH.

**REQUEST FOR PRODUCTION NO. 40.**

All DOCUMENTS that RELATE OR REFER TO the inclusion or omission of

copyright notice with respect to the SUBJECT PHOTOGRAPH in any medium.

**RESPONSE:**

Objection:  This Request seeks documents that are not relevant to any claim or defense

in this matter.  Subject to and without waiving this objection, Plaintiff responds:  The

SUBJECT IMAGE was widely displayed all over the world from 1994-2010 in

publicity and promotional materials for the group Run DMC as well as in publicity and

promotional materials for Plaintiff's book *Fuck You Heroes; Glen E. Friedman*

*Photographs 1976-1991,* and in exhibitions of Plaintiff's work.  Plaintiff further

identifies Plaintiff's book *Fuck You Heroes; Glen E. Friedman Photographs 1976-1991*

which is equally available to propounding party.  Plaintiff received monies for sales of

this book, however, it is impossible to determine which monies are directly attributable

to the SUBJECT PHOTOGRAPH.

**REQUEST FOR PRODUCTION NO. 41.**

All DOCUMENTS filed in or referring to lawsuits, countersuits, arbitrations or other legal proceedings brought by or against YOU for infringement of the SUBJECT PHOTOGRAPH.

**RESPONSE:**

Other than documents relating to the instant case, documents responsive to this Request do not exist.

**REQUEST FOR PRODUCTION NO. 42.**

All DOCUMENTS that evidence, RELATE OR REFER TO the date on which YOU first learned of the alleged infringement by Defendant and Counter-Claimant Thierry Guetta with respect to the SUBJECT PHOTOGRAPH.

**RESPONSE:**

Objection. Vague and ambiguous so as to be unintelligible. Further objection. This Request calls for production of some documents that are not relevant, nor likely to lead to the discovery of admissible evidence. Subject to and without waiving this objection. Plaintiff responds: Documents responsive to this Request do not exist.

**REQUEST FOR PRODUCTION NO. 43.**

All DOCUMENTS that RELATE OR REFER TO any investigations, surveillance, "buys," "stings," searches and other means or methods by which YOU determined Defendant and Counter-Claimant Thierry Guetta had infringed upon YOUR copyright with respect to the SUBJECT PHOTOGRAPH.

**RESPONSE:**

This Request seeks information protected by the attorney work product doctrine.

**REQUEST FOR PRODUCTION NO. 44.**

All DOCUMENTS that RELATE OR REFER TO any infringement related to the SUBJECT PHOTOGRAPH not perpetrated by Defendant and Counter-Claimant Thierry Guetta.

**RESPONSE:**

Objection:  This Request seeks documents that are not relevant to any claim or defense in this action.

**REQUEST FOR PRODUCTION NO. 45.**

All press releases, transcripts of press conferences and other DOCUMENTS containing, or referring to, statements made by plaintiffs concerning this suit.

**RESPONSE:**

Plaintiff identifies the article located at:

http://thumped.com/interviews/photographers/glen-e-friedman-let-the-kids-shoot-them-now.html

**REQUEST FOR PRODUCTION NO. 46.**

All DOCUMENTS that containing, RELATE OR REFER TO communications between YOU and any publicist or public relations company concerning this suit.

EXHIBIT G PAGE 81

**RESPONSE:**

Documents responsive to this Request do not exist.

**REQUEST FOR PRODUCTION NO. 47.**

All DOCUMENTS evidencing YOUR suspension or disqualification from conducting business in any jurisdiction.

**RESPONSE:**

None.

**REQUEST FOR PRODUCTION NO. 48.**

All DOCUMENTS that evidence, RELATE OR REFER TO YOUR conviction of a felony.

**RESPONSE:**

None.

**REQUEST FOR PRODUCTION NO. 49.**

All DOCUMENTS that RELATE OR REFER TO YOUR communications with any customer or prospective customer of Defendant and Counter-Claimant Thierry Guetta concerning this suit or the alleged copyright infringement.

**RESPONSE:**

Objection.  This Request, and particularly the phrase "customer or prospective customer of Defendant and Counter-Claimant Thierry Guetta" is so vague and ambiguous as to be unintelligible as it could encompass an almost limitless number of undefined or ill-

1    defined people, many of with whom any communications are privileged.   Without

2    waiving this objection, Plaintiff responds as follows:  None.

3

4

5    Dated:  September 14, 2010                    THE LINDE LAW FIRM

6

7                                                 By:

8                                                 Douglas A. Linde
                                                  Erica L. Allen
9                                                 Attorneys for Plaintiff
                                                  GLEN E. FRIEDMAN
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PROOF OF SERVICE
(FRCP 5)

   I am employed in the county of Los Angeles, State of California. I am over the age of eighteen years and not a party to the within action; my business address is 9000 Sunset Boulevard, Ste. 1025, Los Angeles, CA 90069.

   On **September 15, 2010** I served **PLAINTIFF'S RESPONSES TO REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE** on the interested parties to this action by the following means:

   **X** ____ by placing _____ the original _____ a true copy enclosed in a sealed envelope(s) addressed as stated on the attached Service List.

   **X** ____ **BY MAIL.** I deposited such envelope(s) in the mail in Los Angeles, California.   The envelope(s) was mailed with postage thereon fully prepaid.

   _____ **BY PERSONAL SERVICE.**   I caused to be delivered such envelope(s) by hand to the addressee(s) stated on the attached Service List.

   _____ **BY FACSIMILE.**   I sent by facsimile a copy of the above-described document to the interested parties identified on the attached Service List.

   _____ **BY E-MAIL.**   I sent by electronic mail a .pdf copy of the fully executed above-described document to the interested parties identified on the attached Service List.

   Executed on **September 15, 2010** in Los Angeles, California.

   I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Erica L. Allen

_____          _____
**Name**                                      **Signature**

EXHIBIT 6 PAGE 84

## SERVICE LIST

Alan S. Gutman
John Juenger
LAW OFFICES OF ALAN S. GUTMAN
9401 Wilshire Blvd., Ste. 575
Beverly Hills, CA 90212

EXHIBIT 6 PAGE 85

LAW OFFICES OF

**ALAN S. GUTMAN**

9401 WILSHIRE BOULEVARD, SUITE 575
BEVERLY HILLS, CALIFORNIA 90212-2918
TELEPHONE: 310-385-0700
FACSIMILE: 310-385-0710

jjuenger@gutmanlaw.com

www.gutmanlaw.com

October 6, 2010

**Via Facsimile and U.S. Mail**

Douglas A. Linde, Esq.
Erica Gonzales, Esq.
THE LINDE LAW FIRM
9000 Sunset Blvd., Suite 1025
Los Angeles, CA 90069

Re: Glen E. Friedman vs. Thierry Guetta aka Mr. Brainwash,
   USDC, Central District of California, Case No. CV10-0014 DDP (JCx)

Dear Doug and Erica:

This letter concerns Plaintiff's supplemental responses to Defendant's First Set of Requests for Admissions and Interrogatories and Plaintiff's responses to Defendant's First Set of Requests for Production of Documents. As explained below, the responses are deficient. In the event that we are unable to resolve these issues informally, we will move for an order compelling further responses and for an award of attorney's fees in preparing the same. Please consider this letter a request for a conference pursuant to L.R. 37-1.

Interrogatories

Interrogatory Nos. 6 through 9 concern Plaintiff's attempts to generate monies with respect to the subject photograph, all instances wherein monies were received for the photograph, every instance in which a reproduction of the photograph was sold and profits from sales of the photograph, respectively. First of all, no supplemental response to Interrogatory No. 8 was provided, although it was referenced in my previous correspondence. Moreover, the interrogatories ask for specific information regarding these efforts and monies received. For example, Interrogatory No. 6 asks for all advertising efforts, dates and descriptions of discussions regarding the licensing of the photograph and all documents that refer to these efforts. The supplemental responses to Interrogatory Nos. 6, 7 and 9 contain identical language that is entirely conclusory and does not include the specific information requested. The supplemental responses state that the photograph was "widely displayed all over the world from 1994-2010 in publicity and promotional materials for the group Run DMC." It is unclear how Run DMC's use of the photograph constitutes efforts Plaintiff took to promote the sale of the photograph. Also, if Plaintiff was paid in connection with Run DMC's use of the photograph he must indicate as much, including the amount. The supplemental responses further indicate that the photograph was used in promotional

EXHIBIT H

EXHIBIT H PAGE 86

GUTMAN LAW

Doug Linde, Esq.
Erica Gonzales, Esq.
The Linde Law Firm
September 28, 2010
Page 2

materials for Plaintiff's book and at exhibitions of Plaintiff's work and that while Plaintiff received money from book sales, "it is impossible to determine which monies are directly attributable to the SUBJECT PHOTOGRAPH." As Plaintiff contends that he attempted to generate monies with respect to the subject photograph through his efforts to sell his book, Plaintiff must provide the specifics requested, including all advertising efforts, descriptions of conversations.

Plaintiff's responses clearly do not provide Defendant with an understanding as to the efforts Plaintiff took to market the photograph and what monies he received in connection with the photograph. With respect to the interrogatories pertaining to monies received in connection the subject photograph, further responses may not be necessary if Plaintiff is willing to stipulate that he suffered no losses as a result of any of Defendants' actions. Please let us know Plaintiff's position in that regard. Otherwise, please provide further supplemental responses to each of these interrogatories that addresses all of the specific information requested.

<u>Requests for Production of Documents</u>
As a preliminary matter, none of the responses comply with the provisions of FRCP 34, which require a responding party to either state which categories it will comply with or to state the reason why responding party is unable to comply with the request after engaging in a diligent search and reasonable inquiry. Plaintiff's responses include phrases such as "documents responsive to this Request have been previously provided." This is clearly an insufficient response. Plaintiff must indicate that <u>all</u> responsive documents will be or have been produced or explain why Plaintiff is unable to comply with the request. To the extent that any documents are withheld based on any objections, Plaintiff must provide a privilege log pursuant to FRCP 26(b)(5)(A).

Request for Production No. 18 seeks all documents relating to any monies received in connection with the subject photograph. The response includes language identical to supplemental responses provided to the interrogatories, discussed above, and does not indicate whether any documents will be produced. As Plaintiff claims that he received monies in connection with the photograph through sales of his book, Defendant is entitled all documents that relate or refer to those book sales. Please provide a supplemental response indicating that all responsive documents will be produced and produce those documents.

Request for Production Nos. 22 through 24 seek all documents relating to every instance in which the photograph was published. Again, the supplemental interrogatory response

EXHIBIT 4 PAGE 87

GUTMAN LAW

Doug Linde, Esq.
Erica Gonzales, Esq.
The Linde Law Firm
September 28, 2010
Page 3

is provided. Plaintiff must provide all documents relating to each and every publishing of the subject photograph.

For the same reasons stated above, Plaintiff must provide all documents relating to Plaintiff's efforts to generate monies and monies received pertaining to the subject photograph, including documents relating to discussions in that regard, as requested by Request for Documents Nos. 25 through 39. The language from the supplemental interrogatory responses provided in response to these requests is non-responsive. Additionally, Plaintiff objects on privacy and relevancy grounds to the extent the document requests seek documents that did not result in a license. These objections are not well taken as Plaintiff's efforts to market the photograph, whether they resulted in a license or not, are directly relevant to this action that Plaintiff initiated.

Request for Production No. 40 concerns documents relating to the inclusion or omission of copyright notice with respect to the subject photograph in any medium. Obviously, the copyright notice is relevant. The supplemental interrogatory language provided is non-responsive.

Request for Production No. 43 seeks documents relating to any investigations or stings by which Plaintiff determined Defendant infringed upon his copyright. Plaintiff indicates that the request seeks information protected by the attorney work product doctrine. That doctrine protects "trial preparation materials that reveal an attorney's strategy, intended lines of proof, evaluation of strengths and weaknesses, and inferences drawn from interviews." Rutter Group Practice Guide: Federal Civil Procedure Before Trial, § 11:825 citing FRCP 26(b)(3) and Hickman v. Taylor, 329 U.S. 495, 511 (1947). We fail to see how documents responsive to the request would be afforded protection under the work product doctrine. To the extent any documents have been withheld, they must be identified in the privilege log.

Plaintiff objects on the grounds of relevance in response to Request for Production No. 44, which seeks all documents relating to infringement of the photograph by anyone other than Defendant. The documents are sought relevant as infringement by others may be indicative of the market value of the photograph. Plaintiff must provide any responsive documents.

The response to Request for Production No. 45 does not indicate if the cited article is the only responsive document. Please provide a response in compliance with FRCP 34.

GUTMAN LAW

Doug Linde, Esq.
Erica Gonzales, Esq.
The Linde Law Firm
September 28, 2010
Page 4

We look forward to resolving this matter amicably. The foregoing is without prejudice to any and all rights, remedies, claims, actions and defenses, all of which are expressly reserved.

Very truly yours,
LAW OFFICES OF ALAN S. GUTMAN

By: _____
John Juenger

JJ:tmf
GUETTA\LETTER 06 OCT 2010 LINDE

EXHIBIT H PAGE 89

1    **DOUGLAS A. LINDE, ESQ. (SBN 217584)(dal@lindelaw.net)**
     **ERICA ALLEN, ESQ. (SBN 234922)(ela@lindelaw.net)**
2    **THE LINDE LAW FIRM**
     **9000 Sunset Boulevard, Ste. 1025**
3    **Los Angeles, California  90069**
     **Telephone (310) 203-9333**
4    **Fax (310) 203-9233**

GUTMAN LAW
**FILE COPY**
INDEX NO. _____
DUE DATE: _____
CALENDARED _____ ☐

5    Attorneys for Plaintiffs,
6    GLEN E. FRIEDMAN

7

8                    UNITED STATES DISTRICT COURT

9                    CENTRAL DISTRICT OF CALIFORNIA

10

11   GLEN E. FRIEDMAN                )  Case No. CV10-0014 DDP (JCx)
                                     )  Honorable Dean D. Pregerson
12         Plaintiffs,               )  Complaint Filed: January 4, 2010
                                     )
13                                   )
14         v.                        )
                                     )
15   THIERRY GUETTA a/k/a MR.        )  **PLAINTIFF'S SECOND**
     BRAINWASH; and DOES 1 though    )  **SUPPLEMENTAL RESPONSES TO**
16                                   )  **REQUEST FOR ADMISSIONS AND**
     10, inclusive,                  )  **INTERROGATORIES, SET ONE**
17                                   )
18         Defendants.               )
                                     )
19   _____ )

20   **TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD HEREIN:**

21

22   **PROPOUNDING PARTY:**        **THIERRY GUETTA**

23

24   **RESPONDING PARTY:**         **GLEN E. FRIEDMAN**

25   **SET NUMBER:**               **ONE**

26

27

28

                        **EXHIBIT I**         EXHIBIT I PAGE 90

1 Plaintiff, GLEN E. FRIEDMAN herewith provides second supplemental

2 responses to Defendant, THIERRY GUETTA'S, Interrogatories and Requests for

3 Admission, Set Number One, as follows:

4        **PRELIMINARY STATEMENT**

5   These responses are made solely for the purpose of this action.  Each answer is

6 subject to all objections as to competence, relevance, materiality, propriety and

7 admissibility, and any and all other objections on grounds that would require the

8 exclusion of any statement contained herein if any Interrogatories were asked of, or any

9 statement contained herein were made by, a witness present and testifying in Court, all

10 of which objections and grounds are reserved and may be interposed at the time of trial.

11   Except for explicit facts admitted herein, no incidental or implied admissions are

12 intended hereby.  The fact that Plaintiff has answered or objected to any Interrogatory

13 or any part thereof should not be taken as an admission that they accept or admit the

14 existence of any facts set forth or assumed by such interrogatory or that such answer or

15 objection constitutes admissible evidence.  The fact that Plaintiff has not answered part

16 of all of any Interrogatory is not intended and shall not be construed to be a waiver by

17 them of all or any part of any object to any Interrogatory propounded by Defendant.

18

19   To the extent any or all of the Interrogatories call for information which

20 constitutes information or material prepared in anticipation of litigation or for trial or

21 information or material covered by the Work Product Doctrine or which constitutes

22 information which is privileged by virtue of the attorney-client privilege, this Claimant

23 objects to each and every such Interrogatory and thus will not supply or render any

24 information or material protected from discovery by virtue of the Work Product

25 Doctrine or attorney-client privilege.

26   Plaintiff has not completed the investigation of the facts relating to this case, has not

27 completed discovery of this action, and has not completed preparation for trial.  The

28

following answers are given without prejudice to the production of subsequent discovered facts or evidence, or the presentation of facts or theories resulting from subsequently discovered evidence, reevaluation of the existing evidence or evaluation of existing evidence in light of newly-discovered evidence.

<strong><u>RESPONSES</u></strong>

**<u>INTERROGATORY NO.6:</u>**

IDENTIFY each and every effort YOU have taken to generate monies with respect to the SUBJECT photograph. For purposes of this interrogatory, IDENTIFY shall mean (a) all advertising efforts YOU took with respect to the SUBJECT PHOTOGRAPH, (b) the dates, parties and a description of all discussions YOU had with anyone regarding the licensing or sale of the SUBJECT PHOTOGRAPH, (c) the dollar amount YOU suggested for the sale, license or use of the SUBJECT PHOTOGRAPH, and (d) a DESCRIPTION of all DOCUMENTS that RELATE OR REFER TO each and every effort YOU have taken to generate monies with respect to the SUBJECT photograph.

**<u>SUPPLEMENTAL RESPONSE:</u>**

Plaintiff incorporates by reference all prior objections and responses and provides the following supplemental response:  Pursuant to FRCP 33(d), Plaintiff identifies the documents attached to Plaintiff's Supplemental Responses to Request for Production of Documents as Exhibit A.  Plaintiff is not in possession of further documents or information with respect to these matters.

EXHIBIT I PAGE 92

**INTERROGATORY NO.7:**

IDENTIFY each and every instance in which YOU received monies with respect to the SUBJECT PHOTOGRAPH. For purposes of this interrogatory, IDENTIFY shall mean (a) the date YOU received monies with respect to the SUBJECT PHOTOGRAPH, (b) the amount of money YOU received with respect to the SUBJECT PHOTOGRAPH, (c) a description of the type transaction for which YOU received any monies with respect to the SUBJECT PHOTOGRAPH (e.g. licensing, lithograph sale, book sale, etc.), (d) the person or entity from whom YOU received any monies with respect to the SUBJECT PHOTOGRAPH, and (e) a DESCRIPTION of all DOCUMENTS that RELATE OR REFER TO each and every instance in which YOU received monies with respect to the SUBJECT PHOTOGRAPH.

**SUPPLEMENTAL RESPONSE:**

Plaintiff incorporates by reference all prior objections and responses and provides the following supplemental response:  Pursuant to FRCP 33(d), Plaintiff identifies the documents attached to Plaintiff's Supplemental Responses to Request for Production of Documents as Exhibit A.  Plaintiff is not in possession of further documents or information with respect to these matters.

**INTERROGATORY NO. 8:**

IDENTIFY each and every instance in which a lithograph and/or reproduction of the SUBJECT PHOTOGRAPH was sold. For purposes of this interrogatory, IDENTIFY

EXHIBIT I PAGE 93

shall mean, (a) the date any lithograph and/or reproduction of the SUBJECT

PHOTOGRAPH was sold, (b) the dollar amount for which the lithograph or

reproduction of the SUBJECT PHOTOGRAPH was sold, (c) the name, address and

telephone number of each and every person and/or entity that purchased a lithograph or

reproduction of the SUBJECT PHOTOGRAPH, and (d) a DESCRIPTION of all

DOCUMENTS that RELATE OR REFER TO each and every instance in which a

lithograph and/or reproduction of the SUBJECT PHOTOGRAPH was sold.

**SUPPLEMENTAL RESPONSE:**

Plaintiff incorporates by reference all prior objections and responses and provides the

following supplemental response:  Pursuant to FRCP 33(d), Plaintiff identifies the

documents attached to Plaintiff's Supplemental Responses to Request for Production of

Documents as Exhibit A.  Plaintiff is not in possession of further documents or

information with respect to these matters.

**INTERROGATORY NO.9:**

State YOUR gross and net profits generated from the SUBJECT PHOTOGRAPH and

how those amounts were calculated.

**SUPPLEMENTAL RESPONSE:**

Plaintiff incorporates by reference all prior objections and responses and provides the

following supplemental response: Pursuant to FRCP 33(d), Plaintiff identifies the

documents attached to Plaintiff's Supplemental Responses to Request for Production of

EXHIBIT I PAGE 94

1  Documents as Exhibit A.  Plaintiff is not in possession of further documents or

2  information with respect to these matters.

3

4

5

6  Dated:  November 19, 2010                    THE LINDE LAW FIRM

7

8

9                                              By:
                                               Douglas A. Linde
10                                             Erica L. Allen
                                               Attorneys for Plaintiff
11                                             GLEN E. FRIEDMAN

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT I PAGE 95

PROOF OF SERVICE
(FRCP 5)

    I am employed in the county of Los Angeles, State of California. I am over the age of eighteen years and not a party to the within action; my business address is 9000 Sunset Boulevard, Ste. 1025, Los Angeles, CA 90069.

    On **November 22, 2010** I served **PLAINTIFF'S SECOND SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSIONS AND INTERROGATORIES, SET ONE** on the interested parties to this action by the following means:

**X**____ by placing _____ the original _____ a true copy enclosed in a sealed envelope(s) addressed as stated on the attached Service List.

**X**____ **BY MAIL.** I deposited such envelope(s) in the mail in Los Angeles, California. The envelope(s) was mailed with postage thereon fully prepaid.

_____ **BY PERSONAL SERVICE.** I caused to be delivered such envelope(s) by hand to the addressee(s) stated on the attached Service List.

_____ **BY FACSIMILE.** I sent by facsimile a copy of the above-described document to the interested parties identified on the attached Service List.

_____ **BY E-MAIL.** I sent by electronic mail a .pdf copy of the fully executed above-described document to the interested parties identified on the attached Service List.

    Executed on **November 22, 2010** in Los Angeles, California.

    I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Jeffrey T. Allen
_____          _____
**Name**                              Signature

EXHIBIT I PAGE 96

## <u>SERVICE LIST</u>

Alan S. Gutman
John Juenger
LAW OFFICES OF ALAN S. GUTMAN
9401 Wilshire Blvd., Ste. 575
Beverly Hills, CA 90212

EXHIBIT I PAGE 97

1  **DOUGLAS A. LINDE, ESQ.** (SBN 217584)(dal@lindelaw.net)
2  **ERICA ALLEN, ESQ.** (SBN 234922)(ela@lindelaw.net)
   **THE LINDE LAW FIRM**
3  **9000 Sunset Boulevard, Ste. 1025**
   **Los Angeles, California  90069**
   **Telephone (310) 203-9333**
4  **Fax (310) 203-9233**

5  Attorneys for Plaintiffs,
6  GLEN E. FRIEDMAN

GUTMAN LAW
FILE COPY
INDEX NO. _____
DUE DATE: _____
CALENDARED _____ ☐

7

8                 UNITED STATES DISTRICT COURT

9                 CENTRAL DISTRICT OF CALIFORNIA

10

11  GLEN E. FRIEDMAN                    )  Case No. CV10-0014 DDP (JCx)
12                                      )  Honorable Dean D. Pregerson
                Plaintiffs,             )  Complaint Filed: January 4, 2010
13                                      )
14       v.                             )
                                        )
15  THIERRY GUETTA a/k/a MR.            )  **PLAINTIFF'S RESPONSE TO**
16  BRAINWASH; and DOES 1 though        )  **REQUEST FOR PRODUCTION, SET**
    10, inclusive,                      )  **ONE**
17                                      )
18                Defendants.           )
19  _____  )

20  **TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD HEREIN:**

21

22  **PROPOUNDING PARTY:**        **THIERRY GUETTA**
23

24  **RESPONDING PARTY:**         **GLEN E. FRIEDMAN**

25  **SET NUMBER:**               **ONE**

26

27

28

EXHIBIT J                    EXHIBIT _S_ PAGE 98

Plaintiff, GLEN E. FRIEDMAN herewith provides responses to Defendant, THIERRY GUETTA'S, Request for Production of Documents, Set Number One, as follows:

## PRELIMINARY STATEMENT

These responses are made solely for the purpose of this action.  Each answer is subject to all objections as to competence, relevance, materiality, propriety and admissibility, and any and all other objections on grounds that would require the exclusion of any statement contained herein if any Request were asked of, or any statement contained herein were made by, a witness present and testifying in Court, all of which objections and grounds are reserved and may be interposed at the time of trial.

Except for explicit facts admitted herein, no incidental or implied admissions are intended hereby.  The fact that Plaintiff has answered or objected to any Request or any part thereof should not be taken as an admission that they accept or admit the existence of any facts set forth or assumed by such Request or that such answer or objection constitutes admissible evidence.  The fact that Plaintiff has not answered part of all of any Request is not intended and shall not be construed to be a waiver by them of all or any part of any object to any Request propounded by Defendant.

To the extent any or all of the Requests call for information which constitutes information or material prepared in anticipation of litigation or for trial or information or material covered by the Work Product Doctrine or which constitutes information which is privileged by virtue of the attorney-client privilege, this Claimant objects to each and every such Request and thus will not supply or render any information or material protected from discovery by virtue of the Work Product Doctrine or attorney-client privilege.

Plaintiff has not completed the investigation of the facts relating to this case, has not completed discovery of this action, and has not completed preparation for trial.  The following answers are given without prejudice to the production of subsequent

discovered facts or evidence, or the presentation of facts or theories resulting from subsequently discovered evidence, reevaluation of the existing evidence or evaluation of existing evidence in light of newly-discovered evidence.

## RESPONSES

## REQUEST FOR PRODUCTION NO. 18.

All DOCUMENTS that RELATE OR REFER TO any monies you have ever received in connection with the SUBJECT PHOTOGRAPH.

## RESPONSE:

Objection. Overbroad and unduly burdensome. Further objection: This Request seeks documents protected by Plaintiff's right to privacy. Not relevant, nor likely to lead to the discovery of admissible evidence. Subject to and without waiving this objection, Plaintiff responds: The SUBJECT PHOTOGRAPH was widely displayed all over the world from 1994-2010 in publicity and promotional materials for the group Run DMC as well as in publicity and promotional materials for Plaintiff's book *Fuck You Heroes; Glen E. Friedman Photographs 1976-1991*, and in exhibitions of Plaintiff's work. The SUBJECT PHOTOGRAPH appeared in the book, *Fuck You Heroes; Glen E. Friedman Photographs 1976-1991*, Burning Flags Press, 1994. Plaintiff received monies for sales of this book, however, it is impossible to determine which monies are directly attributable to the SUBJECT PHOTOGRAPH.

## SUPPLEMENTAL RESPONSE:

Plaintiff incorporates by reference all prior objections and responses and provides the following supplemental response:  Plaintiff produces the documents attached as Exhibit A.

**REQUEST FOR PRODUCTION NO. 22.**

All DOCUMENTS that RELATE OR REFER TO each and every instance in which the SUBJECT PHOTOGRAPH was published.

**RESPONSE:**

Objection.  This Request fails to describe with reasonable particularity each item or category of items to be inspected, is overbroad, and unduly burdensome.  Subject to and without waiving this objection, Plaintiff responds:  The SUBJECT IMAGE was widely displayed all over the world from 1994-2010 in publicity and promotional materials for the group Run DMC as well as in publicity and promotional materials for Plaintiff's book *Fuck You Heroes; Glen E. Friedman Photographs 1976-1991,* and in exhibitions of Plaintiff's work.  Plaintiff further identifies Plaintiff's book *Fuck You Heroes; Glen E. Friedman Photographs 1976-1991* which is equally available to propounding party.

**SUPPLEMENTAL RESPONSE:**

Plaintiff incorporates by reference all prior objections and responses and provides the following supplemental response:  Plaintiff produces the documents attached as Exhibit A.

**REQUEST FOR PRODUCTION NO. 23.**

All DOCUMENTS that constitute a publishing of the SUBJECT PHOTOGRAPH.

**RESPONSE:**

Objection.  Vague and ambiguous so as to be unintelligible.  Further objection.  This Request fails to describe with reasonable particularity each item or category of items to be inspected, is overbroad, and unduly burdensome.  Subject to and without waiving this objection, Plaintiff responds:  The SUBJECT IMAGE was widely displayed all over the world from 1994-2010 in publicity and promotional materials for the group Run DMC as well as in publicity and promotional materials for Plaintiff's book *Fuck You Heroes; Glen E. Friedman Photographs 1976-1991,* and in exhibitions of Plaintiff's work.  Plaintiff further identifies Plaintiff's book *Fuck You Heroes; Glen E. Friedman Photographs 1976-1991* which is equally available to propounding party.

**SUPPLEMENTAL RESPONSE:**

Plaintiff incorporates by reference all prior objections and responses and provides the following supplemental response:  Plaintiff produces the documents attached as Exhibit A.

**REQUEST FOR PRODUCTION NO. 24.**

All DOCUMENTS that constitute RELATE OR REFER TO each and every publishing of the SUBJECT PHOTOGRAPH.

**RESPONSE:**

Objection.  Vague and ambiguous so as to be unintelligible.  Further Objections:  This

Request fails to describe with reasonable particularity each item or category of items to

be inspected, is overbroad, and unduly burdensome.  Subject to and without waiving

this objection, Plaintiff responds:  The SUBJECT IMAGE was widely displayed all

over the world from 1994-2010 in publicity and promotional materials for the group

Run DMC as well as in publicity and promotional materials for Plaintiff's book *Fuck*

*You Heroes; Glen E. Friedman Photographs 1976-1991,* and in exhibitions of

Plaintiff's work.  Plaintiff further identifies Plaintiff's book *Fuck You Heroes;  Glen E.*

*Friedman Photographs 1976-1991* which is equally available to propounding party.

**SUPPLEMENTAL RESPONSE:**

Plaintiff incorporates by reference all prior objections and responses and provides the

following supplemental response:  Plaintiff produces the documents attached as Exhibit

A.

**REQUEST FOR PRODUCTION NO. 25.**

All DOCUMENTS that RELATE OR REFER TO any efforts YOU have taken to

generate monies with respect to the SUBJECT photograph.

**RESPONSE:**

Objection.  Vague and ambiguous as to the phrase "efforts YOU have taken to generate

monies."  Further objection; overbroad and unduly burdensome.  Subject to and without

waiving this objection, Plaintiff responds: The SUBJECT IMAGE was widely

1  displayed all over the world from 1994-2010 in publicity and promotional materials for

2  the group Run DMC as well as in publicity and promotional materials for Plaintiff's

3  book *Fuck You Heroes; Glen E. Friedman Photographs 1976-1991,* and in exhibitions

4  

5  of Plaintiff's work.  The SUBJECT PHOTOGRAPH appeared in the book, *Fuck You*

6  *Heroes; Glen E. Friedman Photographs 1976-1991*, Burning Flags Press, 1994.

7  

8  Plaintiff received monies for sales of this book, however, it is impossible to determine

9  which monies are directly attributable to the SUBJECT PHOTOGRAPH.

10 **SUPPLEMENTAL RESPONSE:**

11 

12 Plaintiff incorporates by reference all prior objections and responses and provides the

13 following supplemental response:  Plaintiff produces the documents attached as Exhibit

14 

15 A.

16 **REQUEST FOR PRODUCTION NO. 26.**

17 

18 All DOCUMENTS that RELATE OR REFER TO any efforts YOU have taken to

19 license the SUBJECT PHOTOGRAPH.

20 **RESPONSE:**

21 

22 Objection.  Vague and ambiguous so as to be unintelligible, fails to describe with

23 reasonable particularity each item or category of items to be inspected is overbroad,

24 

25 unduly burdensome, invades Plaintiff's right to privacy and seeks documents not

26 relevant to any claim or defense in this matter, to the extent it seeks documents that did

27 

28 not result in a license.  Subject to and without waiving this objection, Plaintiff responds:

1   The SUBJECT IMAGE was widely displayed all over the world from 1994-2010 in

2
3   publicity and promotional materials for the group Run DMC as well as in publicity and

4   promotional materials for Plaintiff's book *Fuck You Heroes; Glen E. Friedman*

5   *Photographs 1976-1991,* and in exhibitions of Plaintiff's work.  Plaintiff further

6
7   identifies Plaintiff's book *Fuck You Heroes; Glen E. Friedman Photographs 1976-1991*

8   which is equally available to propounding party.

9   **SUPPLEMENTAL RESPONSE:**

10
11  Plaintiff incorporates by reference all prior objections and responses and provides the

12  following supplemental response:  Plaintiff produces the documents attached as Exhibit

13  A.

14
15  **REQUEST FOR PRODUCTION NO. 27.**

16  All DOCUMENTS that memorialize, RELATE OR REFER TO any discussions YOU

17
18  had in an effort to license the SUBJECT PHOTOGRAPH.

19  **RESPONSE:**

20  Objection.  Vague and ambiguous so as to be unintelligible, fails to describe with

21
22  reasonable particularity each item or category of items to be inspected is overbroad,

23  unduly burdensome, invades Plaintiff's right to privacy and seeks documents not

24
25  relevant to any claim or defense in this matter, to the extent it seeks documents that did

26  not result in a license.  Subject to and without waiving this objection, Plaintiff responds:

27  The SUBJECT IMAGE was widely displayed all over the world from 1994-2010 in

28

EXHIBIT 5 PAGE 105

publicity and promotional materials for the group Run DMC as well as in publicity and promotional materials for Plaintiff's book *Fuck You Heroes; Glen E. Friedman Photographs 1976-1991,* and in exhibitions of Plaintiff's work.  Plaintiff further identifies Plaintiff's book *Fuck You Heroes; Glen E. Friedman Photographs 1976-1991* which is equally available to propounding party.

**SUPPLEMENTAL RESPONSE:**

Plaintiff incorporates by reference all prior objections and responses and provides the following supplemental response:  Plaintiff produces the documents attached as Exhibit A.

**REQUEST FOR PRODUCTION NO. 28.**

All DOCUMENTS that RELATE OR REFER TO any efforts YOU have taken to sell any lithographs and/or reproductions the SUBJECT PHOTOGRAPH.

**RESPONSE:**

Objection.  Vague and ambiguous so as to be unintelligible, fails to describe with reasonable particularity each item or category of items to be inspected is overbroad, unduly burdensome, invades Plaintiff's right to privacy and seeks documents not relevant to any claim or defense in this matter, to the extent it seeks documents that did not result in a license.  Subject to and without waiving this objection, Plaintiff responds:  The SUBJECT IMAGE was widely displayed all over the world from 1994-2010 in publicity and promotional materials for the group Run DMC as well as in publicity and

1 promotional materials for Plaintiff's book *Fuck You Heroes; Glen E. Friedman*

2 *Photographs 1976-1991,* and in exhibitions of Plaintiff's work.  Plaintiff further

3 identifies Plaintiff's book *Fuck You Heroes; Glen E. Friedman Photographs 1976-1991*

4 which is equally available to propounding party.

5 **SUPPLEMENTAL RESPONSE:**

7 Plaintiff incorporates by reference all prior objections and responses and provides the

8 following supplemental response:  Plaintiff produces the documents attached as Exhibit

10 A.

11 **REQUEST FOR PRODUCTION NO. 29.**

12 All DOCUMENTS that memorialize, RELATE OR REFER TO any discussions YOU

14 had in an effort to sell any lithographs and/or reproductions of the SUBJECT

15 PHOTOGRAPH.

17 **RESPONSE:**

18 Objection.  Vague and ambiguous so as to be unintelligible, fails to describe with

19 reasonable particularity each item or category of items to be inspected is overbroad,

21 unduly burdensome, invades Plaintiff's right to privacy and seeks documents not

22 relevant to any claim or defense in this matter, to the extent it seeks documents that did

24 not result in a license.  Subject to and without waiving this objection, Plaintiff responds:

25 The SUBJECT IMAGE was widely displayed all over the world from 1994-2010 in

26 publicity and promotional materials for the group Run DMC as well as in publicity and

1   promotional materials for Plaintiff's book *Fuck You Heroes; Glen E. Friedman*

2   *Photographs 1976-1991,* and in exhibitions of Plaintiff's work.  Plaintiff further

3

4   identifies Plaintiff's book *Fuck You Heroes; Glen E. Friedman Photographs 1976-1991*

5   which is equally available to propounding party.

6

7   **SUPPLEMENTAL RESPONSE:**

8   Plaintiff incorporates by reference all prior objections and responses and provides the

9   following supplemental response:  Plaintiff produces the documents attached as Exhibit

10

11   A.

12   **REQUEST FOR PRODUCTION NO. 30.**

13   All DOCUMENTS that RELATE OR REFER TO any efforts YOU have taken to sell

14

15   any products that incorporate the SUBJECT PHOTOGRAPH including, but not limited

16   to, any books, apparel and/or other merchandise.

17

18   **RESPONSE:**

19   Objection.  Vague and ambiguous so as to be unintelligible, fails to describe with

20   reasonable particularity each item or category of items to be inspected is overbroad,

21

22   unduly burdensome, invades Plaintiff's right to privacy and seeks documents not

23   relevant to any claim or defense in this matter, to the extent it seeks documents that did

24

25   not result in a license.  Subject to and without waiving this objection, Plaintiff responds:

26   The SUBJECT IMAGE was widely displayed all over the world from 1994-2010 in

27

28   publicity and promotional materials for the group Run DMC as well as in publicity and

1   promotional materials for Plaintiff's book *Fuck You Heroes; Glen E. Friedman*

2   *Photographs 1976-1991,* and in exhibitions of Plaintiff's work. Plaintiff further

3

4   identifies Plaintiff's book *Fuck You Heroes; Glen E. Friedman Photographs 1976-1991*

5   which is equally available to propounding party.

6

7   **SUPPLEMENTAL RESPONSE:**

8   Plaintiff incorporates by reference all prior objections and responses and provides the

9   following supplemental response: Plaintiff produces the documents attached as Exhibit

10  A.

11

12  **REQUEST FOR PRODUCTION NO. 31.**

13  All DOCUMENTS that memorialize, RELATE OR REFER TO any discussions YOU

14

15  had in an effort to sell any products that incorporate the SUBJECT PHOTOGRAPH

16  including, but not limited to, any books, apparel and/or other merchandise.

17

18  **RESPONSE:**

19  Objection. Vague and ambiguous so as to be unintelligible, fails to describe with

20

21  reasonable particularity each item or category of items to be inspected is overbroad,

22  unduly burdensome, invades Plaintiff's right to privacy and seeks documents not

23  relevant to any claim or defense in this matter, to the extent it seeks documents that did

24

25  not result in a license. Subject to and without waiving this objection, Plaintiff responds:

26  The SUBJECT IMAGE was widely displayed all over the world from 1994-2010 in

27  publicity and promotional materials for the group Run DMC as well as in publicity and

28

EXHIBIT 5 PAGE 109

promotional materials for Plaintiff's book *Fuck You Heroes; Glen E. Friedman*

*Photographs 1976-1991,* and in exhibitions of Plaintiff's work.  Plaintiff further

identifies Plaintiff's book *Fuck You Heroes; Glen E. Friedman Photographs 1976-1991*

which is equally available to propounding party.

**SUPPLEMENTAL RESPONSE:**

Plaintiff incorporates by reference all prior objections and responses and provides the

following supplemental response:  Plaintiff produces the documents attached as Exhibit

A.

**REQUEST FOR PRODUCTION NO. 32.**

All DOCUMENTS that evidence, RELATE OR REFER TO any monies YOU received

for licensing the SUBJECT PHOTOGRAPH.

**RESPONSE:**

Objection.  Vague and ambiguous so as to be unintelligible, fails to describe with

reasonable particularity each item or category of items to be inspected is overbroad,

unduly burdensome, invades Plaintiff's right to privacy and seeks documents not

relevant to any claim or defense in this matter, to the extent it seeks documents that did

not result in a license.  Subject to and without waiving this objection, Plaintiff responds:

The SUBJECT IMAGE was widely displayed all over the world from 1994-2010 in

publicity and promotional materials for the group Run DMC as well as in publicity and

promotional materials for Plaintiff's book *Fuck You Heroes; Glen E. Friedman*

*Photographs 1976-1991,* and in exhibitions of Plaintiff's work. Plaintiff received

monies for sales of this book, however, it is impossible to determine which monies are

directly attributable to the SUBJECT PHOTOGRAPH.

**SUPPLEMENTAL RESPONSE:**

Plaintiff incorporates by reference all prior objections and responses and provides the

following supplemental response: Plaintiff produces the documents attached as Exhibit

A.

**REQUEST FOR PRODUCTION NO. 33.**

All DOCUMENTS that constitute, evidence, RELATE OR REFER TO any licensing

agreement that in any way RELATES OR REFERS TO the SUBJECT

PHOTOGRAPH.

**RESPONSE:**

Objection. Vague and ambiguous so as to be unintelligible, fails to describe with

reasonable particularity each item or category of items to be inspected is overbroad,

unduly burdensome, invades Plaintiff's right to privacy and seeks documents not

relevant to any claim or defense in this matter, to the extent it seeks documents that did

not result in a license. Subject to and without waiving this objection, Plaintiff responds:

The SUBJECT IMAGE was widely displayed all over the world from 1994-2010 in

publicity and promotional materials for the group Run DMC as well as in publicity and

promotional materials for Plaintiff's book *Fuck You Heroes ; Glen E. Friedman*

EXHIBIT 5 PAGE 111

*Photographs 1976-1991,* which is equally available to propounding party, and in exhibitions of Plaintiff's work.

**SUPPLEMENTAL RESPONSE:**

Plaintiff incorporates by reference all prior objections and responses and provides the following supplemental response:  Plaintiff produces the documents attached as Exhibit A.

**REQUEST FOR PRODUCTION NO. 34.**

All DOCUMENTS that constitute, evidence, RELATE OR REFER TO the termination of any licensing agreement that in any way RELATES OR REFERS TO the SUBJECT PHOTOGRAPH.

**RESPONSE:**

Objection.  Vague and ambiguous so as to be unintelligible, fails to describe with reasonable particularity each item or category of items to be inspected is overbroad, unduly burdensome, invades Plaintiff's right to privacy and seeks documents not relevant to any claim or defense in this matter, to the extent it seeks documents that did not result in a license.  Subject to and without waiving this objection, Plaintiff responds: The SUBJECT IMAGE was widely displayed all over the world from 1994-2010 in publicity and promotional materials for the group Run DMC as well as in publicity and promotional materials for Plaintiff's book *Fuck You Heroes; Glen E. Friedman*

EXHIBIT 5 PAGE 112

*Photographs 1976-1991,* which is equally available to propounding party, and in exhibitions of Plaintiff's work.

**SUPPLEMENTAL RESPONSE:**

Plaintiff incorporates by reference all prior objections and responses and provides the following supplemental response: Plaintiff produces the documents attached as Exhibit A.

**REQUEST FOR PRODUCTION NO. 35.**

All DOCUMENTS that evidence, RELATE OR REFER TO any monies YOU received for selling any lithographs or reproductions of the SUBJECT PHOTOGRAPH.

**RESPONSE:**

Objection. Vague and ambiguous so as to be unintelligible, fails to describe with reasonable particularity each item or category of items to be inspected is overbroad, unduly burdensome, invades Plaintiff's right to privacy and seeks documents not relevant to any claim or defense in this matter, to the extent it seeks documents that did not result in a license. Subject to and without waiving this objection, Plaintiff responds: The SUBJECT IMAGE was widely displayed all over the world from 1994-2010 in publicity and promotional materials for the group Run DMC as well as in publicity and promotional materials for Plaintiff's book *Fuck You Heroes; Glen E. Friedman Photographs 1976-1991,* and in exhibitions of Plaintiff's work. Plaintiff further

EXHIBIT 5 PAGE 113

1  identifies Plaintiff's book *Fuck You Heroes; Glen E. Friedman Photographs 1976-1991*

2  which is equally available to propounding party.

3

4  **SUPPLEMENTAL RESPONSE:**

5  Plaintiff incorporates by reference all prior objections and responses and provides the

6  following supplemental response:  Plaintiff produces the documents attached as Exhibit

7

8  A.

9  **REQUEST FOR PRODUCTION NO. 36.**

10

11  All DOCUMENTS that RELATE OR REFER TO each and every instance in which a

12  lithograph and/or reproduction of the SUBJECT PHOTOGRAPH was sold.

13

14  **RESPONSE:**

15  Objection.  Vague and ambiguous so as to be unintelligible, fails to describe with

16  reasonable particularity each item or category of items to be inspected is overbroad,

17

18  unduly burdensome, invades Plaintiff's right to privacy and seeks documents not

19  relevant to any claim or defense in this matter, to the extent it seeks documents that did

20  not result in a license.  Subject to and without waiving this objection, Plaintiff responds:

21

22  The SUBJECT IMAGE was widely displayed all over the world from 1994-2010 in

23  publicity and promotional materials for the group Run DMC as well as in publicity and

24  promotional materials for Plaintiff's book *Fuck You Heroes; Glen E. Friedman*

25

26  *Photographs 1976-1991*, and in exhibitions of Plaintiff's work.  Plaintiff further

27

28

identifies Plaintiff's book *Fuck You Heroes; Glen E. Friedman Photographs 1976-1991* which is equally available to propounding party.

**SUPPLEMENTAL RESPONSE:**

Plaintiff incorporates by reference all prior objections and responses and provides the following supplemental response:  Plaintiff produces the documents attached as Exhibit A.

**REQUEST FOR PRODUCTION NO. 37.**

All DOCUMENTS that evidence, RELATE OR REFER TO any monies YOU received for the sale of any products that incorporate the SUBJECT PHOTOGRAPH including, but not limited to, any books, apparel and/or other merchandise.

**RESPONSE:**

Objection.  Vague and ambiguous so as to be unintelligible, fails to describe with reasonable particularity each item or category of items to be inspected is overbroad, unduly burdensome, invades Plaintiff's right to privacy and seeks documents not relevant to any claim or defense in this matter, to the extent it seeks documents that did not result in a license.  Subject to and without waiving this objection, Plaintiff responds: The SUBJECT IMAGE was widely displayed all over the world from 1994-2010 in publicity and promotional materials for the group Run DMC as well as in publicity and promotional materials for Plaintiff's book *Fuck You Heroes; Glen E. Friedman Photographs 1976-1991,* and in exhibitions of Plaintiff's work.  Plaintiff further

EXHIBIT 5 PAGE 115

identifies Plaintiff's book *Fuck You Heroes; Glen E. Friedman Photographs 1976-1991* which is equally available to propounding party.  Plaintiff received monies for sales of this book, however, it is impossible to determine which monies are directly attributable to the SUBJECT PHOTOGRAPH.

**SUPPLEMENTAL RESPONSE:**

Plaintiff incorporates by reference all prior objections and responses and provides the following supplemental response:  Plaintiff produces the documents attached as Exhibit A.

**REQUEST FOR PRODUCTION NO. 38.**

All DOCUMENTS that RELATE OR REFER TO each and every sale of any products that incorporate the SUBJECT PHOTOGRAPH including, but not limited to, any books, apparel and/or other merchandise.

**RESPONSE:**

Objection.  Vague and ambiguous so as to be unintelligible, fails to describe with reasonable particularity each item or category of items to be inspected is overbroad, unduly burdensome, invades Plaintiff's right to privacy and seeks documents not relevant to any claim or defense in this matter, to the extent it seeks documents that did not result in a license.  Subject to and without waiving this objection, Plaintiff responds: The SUBJECT IMAGE was widely displayed all over the world from 1994-2010 in publicity and promotional materials for the group Run DMC as well as in publicity and

EXHIBIT 5 PAGE 116

1  promotional materials for Plaintiff's book *Fuck You Heroes; Glen E. Friedman*

2  *Photographs 1976-1991,* and in exhibitions of Plaintiff's work.  Plaintiff further

3

4  identifies Plaintiff's book *Fuck You Heroes; Glen E. Friedman Photographs 1976-1991*

5  which is equally available to propounding party.  Plaintiff received monies for sales of

6

7  this book, however, it is impossible to determine which monies are directly attributable

8  to the SUBJECT PHOTOGRAPH.

9  **SUPPLEMENTAL RESPONSE:**

10

11  Plaintiff incorporates by reference all prior objections and responses and provides the

12  following supplemental response:  Plaintiff produces the documents attached as Exhibit

13

14  A.

15  **REQUEST FOR PRODUCTION NO. 39.**

16

17  All DOCUMENTS that RELATE OR REFER TO each and every instance in which

18  YOU received monies with respect to the SUBJECT PHOTOGRAPH.

19  **RESPONSE:**

20  Objection.  Vague and ambiguous so as to be unintelligible, fails to describe with

21

22  reasonable particularity each item or category of items to be inspected is overbroad,

23  unduly burdensome, invades Plaintiff's right to privacy and seeks documents not

24

25  relevant to any claim or defense in this matter, to the extent it seeks documents that did

26  not result in a license.  Subject to and without waiving this objection, Plaintiff responds:

27  The SUBJECT IMAGE was widely displayed all over the world from 1994-2010 in

28

EXHIBIT 5 PAGE 117

1   publicity and promotional materials for the group Run DMC as well as in publicity and

2   promotional materials for Plaintiff's book *Fuck You Heroes; Glen E. Friedman*

3   *Photographs 1976-1991,* and in exhibitions of Plaintiff's work.  Plaintiff further

4   identifies Plaintiff's book *Fuck You Heroes; Glen E. Friedman Photographs 1976-1991*

5   which is equally available to propounding party.  Plaintiff received monies for sales of

6   this book, however, it is impossible to determine which monies are directly attributable

7

8   to the SUBJECT PHOTOGRAPH.

9

10  **SUPPLEMENTAL RESPONSE:**

11  Plaintiff incorporates by reference all prior objections and responses and provides the

12

13  following supplemental response:  Plaintiff produces the documents attached as Exhibit

14  A.

15

16  **REQUEST FOR PRODUCTION NO. 40.**

17  All DOCUMENTS that RELATE OR REFER TO the inclusion or omission of

18

19  copyright notice with respect to the SUBJECT PHOTOGRAPH in any medium.

20  **RESPONSE:**

21

22  Objection:  This Request seeks documents that are not relevant to any claim or defense

23  in this matter.  Subject to and without waiving this objection, Plaintiff responds:  The

24

25  SUBJECT IMAGE was widely displayed all over the world from 1994-2010 in

26  publicity and promotional materials for the group Run DMC as well as in publicity and

27  promotional materials for Plaintiff's book *Fuck You Heroes; Glen E. Friedman*

28

EXHIBIT 5 PAGE 118

*Photographs 1976-1991,* and in exhibitions of Plaintiff's work.  Plaintiff further identifies Plaintiff's book *Fuck You Heroes; Glen E. Friedman Photographs 1976-1991* which is equally available to propounding party.  Plaintiff received monies for sales of this book, however, it is impossible to determine which monies are directly attributable to the SUBJECT PHOTOGRAPH.

**SUPPLEMENTAL RESPONSE:**

Plaintiff incorporates by reference all prior objections and responses and provides the following supplemental response:  Plaintiff produces the documents attached as Exhibit A.

**REQUEST FOR PRODUCTION NO. 44.**

All DOCUMENTS that RELATE OR REFER TO any infringement related to the SUBJECT PHOTOGRAPH not perpetrated by Defendant and Counter-Claimant Thierry Guetta.

**RESPONSE:**

Objection:  This Request seeks documents that are not relevant to any claim or defense in this action.

**SUPPLEMENTAL RESPONSE:**

Plaintiff incorporates by reference all prior objections and responses and provides the following supplemental response:  Plaintiff has not filed any claims of infringement as against any persons and/or entities, other than Defendant herein.

EXHIBIT 5 PAGE 119

**REQUEST FOR PRODUCTION NO. 45.**

All press releases, transcripts of press conferences and other DOCUMENTS containing, or referring to, statements made by plaintiffs concerning this suit.

**RESPONSE:**

Plaintiff identifies the article located at:

http://thumped.com/interviews/photographers/glen-e-friedman-let-the-kids-shoot-them-now.html

Dated: November 19, 2010

THE LINDE LAW FIRM

By: _____
Douglas A. Linde
Erica L. Allen
Attorneys for Plaintiff
GLEN E. FRIEDMAN

# EXHIBIT A



EXHIBIT 5 PAGE 122



EXHIBIT J PAGE 123



"It's Like That" Tee
# FRONT

"It's Like That" Tee
# BACK

EXHIBIT 5 PAGE 124



<u>PROOF OF SERVICE</u>
(FRCP 5)

I am employed in the county of Los Angeles, State of California. I am over the age of eighteen years and not a party to the within action; my business address is 9000 Sunset Boulevard, Ste. 1025, Los Angeles, CA 90069.

On **November 22, 2010** I served **PLAINTIFF'S RESPONSE TO REQUEST FOR PRODUCTION, SET ONE** on the interested parties to this action by the following means:

__X__ by placing _____ the original _____ a true copy enclosed in a sealed envelope(s) addressed as stated on the attached Service List.

__X__ **BY MAIL.** I deposited such envelope(s) in the mail in Los Angeles, California. The envelope(s) was mailed with postage thereon fully prepaid.

_____ **BY PERSONAL SERVICE.** I caused to be delivered such envelope(s) by hand to the addressee(s) stated on the attached Service List.

_____ **BY FACSIMILE.** I sent by facsimile a copy of the above-described document to the interested parties identified on the attached Service List.

_____ **BY E-MAIL.** I sent by electronic mail a .pdf copy of the fully executed above-described document to the interested parties identified on the attached Service List.

Executed on **November 22, 2010** in Los Angeles, California.

I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Jeffrey T. Allen

_____        _____
**Name**                                              Signature

## SERVICE LIST

Alan S. Gutman
John Juenger
LAW OFFICES OF ALAN S. GUTMAN
9401 Wilshire Blvd., Ste. 575
Beverly Hills, CA 90212

LAW OFFICES OF

# ALAN S. GUTMAN

9401 WILSHIRE BOULEVARD, SUITE 575
BEVERLY HILLS, CALIFORNIA 90212-2918
TELEPHONE: 310-385-0700
FACSIMILE: 310-385-0710

jjuenger@gutmanlaw.com

www.gutmanlaw.com

December 8, 2010

### Via Facsimile and U.S. Mail

Douglas A. Linde, Esq.
Erica Gonzales, Esq.
Aren Kavcioglu, Esq.
THE LINDE LAW FIRM
9000 Sunset Blvd., Suite 1025
Los Angeles, CA 90069

Re:   Glen E. Friedman vs. Thierry Guetta aka Mr. Brainwash,
       USDC, Central District of California, Case No. CV10-0014 DDP (JCx)

Dear Counsel:

This letter concerns Plaintiff's Second Supplemental Responses to First Set of Requests for Admissions and Interrogatories and Plaintiff's Supplemental Responses to First Set of Requests for Production of Documents.

As explained in my October 6, 2010 letter and during my in person meeting with Erica Gonzales and Aren Kavcioglu, we are entitled to discover the value of the subject photograph. Therefore, we have a right to know what efforts Plaintiff took to market the photograph and his profits from his efforts, including the sale of his book (or any other items) that incorporated the photograph, information that was requested in Interrogatory Nos. 6 through 9. In response, I was told that Plaintiff would provide supplemental responses indicating that he suffered no lost profits from Defendant's conduct other than hypothetical lost royalty payments he may have received had he licensed the photograph to Defendant. However, the second supplemental responses to Interrogatory Nos. 6 through 9 simply reincorporate the previous objections and responses and make reference to documents attached as Exhibit A to the Supplemental Responses to Requests for Production of Documents, together with an indication that "Plaintiff is not in possession of further documents or information with respect to these matters." First of all, this last statement is obviously untrue, as Plaintiff has an understanding as to his efforts to market the photograph and his profits from the sale of his book. Additionally, we believe Plaintiff is aware as to how much he was paid in connection with the gallery showing and the sale of T-shirts referenced in the documents attached to the document request responses. Again, if Plaintiff alleges that he suffered damages from Defendant's use of the Photograph, we are entitled to all information relating to Plaintiff's marketing efforts and

**EXHIBIT K**          EXHIBIT K PAGE 128

# GUTMAN LAW

Doug Linde, Esq.
Erica Gonzales, Esq.
Aren Kavcioglu, Esq.
The Linde Law Firm
December 8, 2010
Page 2

profits from any uses of the photograph, even if Plaintiff contends "it is impossible to determine which monies are directly attributable to the SUBJECT PHOTOGRAPH." Please provide further supplemental responses either stating that Plaintiff has not suffered any damages other than royalties he may have received from licensing the photograph to Defendant, as was previously indicated, or provide substantive responses to all of the Interrogatory Nos. 6 through 9 and produce all documents relating thereto.

With respect to **all** of the Responses to Requests for Production of Documents, Plaintiff still fails to comply with the provisions of FRCP 34, which require a responding party to either state which categories it will comply with or to state the reason why responding party is unable to comply with the request after engaging in a diligent search and reasonable inquiry. Please provide supplemental responses that conform the Code's requirements for **each** of the Requests for Production of Documents (including those not included in the initial supplemental responses) and produce all responsive documents.

Please let us know as soon as possible whether Plaintiff intends to provide substantive supplemental responses to all the discovery requests referenced above and to produce all responsive documents. If we do not receive supplemental responses by Monday, December 13, 2010, we shall proceed with our motion to compel.

The foregoing is without prejudice to any and all rights, remedies, claims, actions and defenses, all of which are expressly reserved.

Very truly yours,

LAW OFFICES OF ALAN S. GUTMAN

By: _____
John Juenger

JJ:tmf
GUETTA\LETTER 08 DEC 2010 LINDE

EXHIBIT K PAGE 129

**John Juenger**

| | |
|---|---|
| **From:** | Doug Linde <dal@lindelaw.net> |
| **Sent:** | Tuesday, January 04, 2011 12:31 PM |
| **To:** | John Juenger; Aren Kavcioglu; Erica Gonzales |
| **Subject:** | RE: Friedman v. Guetta: Motions to Compel |

Proposals 1, 2b, 3 and 4 are acceptable. 4 can be handled through a supplemental brief, and we reserve the right to dispute the entitlement and amount of fees.

With respect to our Motion to Compel evidence of direct profits, let us consider it, including the case citations in your e-mail. The main issues I am concerned about are (1) the Court would likely have to agree to any such proposal, and, separate and apart from that, (2) (trying to use the most neutral language possible) the records produced by your client do not seem to have been fastidiously maintained and we do not want to prejudice our clients discovery rights to the extent we need further discovery.

Finally, you accusations of bad faith are not warranted, necessary, or deserving of a further response.

--
Doug

**From:** John Juenger [mailto:jjuenger@gutmanlaw.com]
**Sent:** Tuesday, January 04, 2011 11:33 AM
**To:** Doug Linde; Aren Kavcioglu; Erica Gonzales
**Subject:** Friedman v. Guetta: Motions to Compel

Counsel:

After having considered your e-mails regarding the Motions to Compel, we offer the following proposals:

1. Plaintiff stipulates that he suffered no loss from Defendant's use of the subject photograph other than the loss of a potential royalty payment he would have received had he licensed it to Defendant;

2. EITHER Plaintiff pays for the attorney's fees Defendant already incurred in bringing his Motion to Compel ($1,300) OR Plaintiff withdraws the request for sanctions from Plaintiff's Motion to Compel;

3. Defendant does not file his Motion to Compel; and

4. Defendant adds $650 to the sanctions request in his Motion to Quash for time spent traveling to and attending the hearing (this time was only included in Defendant's Motion to Compel scheduled to be heard the same day).

We feel this resolution is fair in light of the fact that there is really no dispute as to the issues in Defendant's Motion to Compel, but Plaintiff did not make good on the offer to concede he suffered no damages (other than the lost hypothetical royalty) until after the Motion was filed (and after having completely ignored my December 8 letter). For these reasons, we believe the court will grant the sanctions request.

Additionally, we believe that your Motion to Compel evidence of direct profits is premature as Plaintiff has not demonstrated copyright infringement. Firstly, it should be noted that indirect profits awards "are relatively rare." Mackie v. Rieser, 296 F.3d 909, 913. Also, damages and profit information is discoverable through an accounting

1

**EXHIBIT L**

EXHIBIT L PAGE 130