1   Alan S. Gutman, SBN 128514
    John Juenger, SBN 225201
2   LAW OFFICES OF ALAN S. GUTMAN
    9401 Wilshire Boulevard, Suite 575
3   Beverly Hills, CA 90212-2918
    Telephone: 310-385-0700
4   Facsimile: 310-385-0710
        email: alangutman@gutmanlaw.com
5              jjuenger@gutmanlaw.com

6   Attorneys for Defendant and Counter-Claimant
        THIERRY GUETTA a/k/a MR. BRAINWASH
7

8              UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10

11  GLEN E. FRIEDMAN,                ) Case No. CV10-0014 DDP (Jcx)
                                     )
12        Plaintiff,                 ) **DEFENDANT THIERRY GUETTA'S**
                                     ) **SUPPLEMENTAL MEMORANDUM IN**
13  vs.                              ) **SUPPORT OF MOTION TO COMPEL**
                                     ) **FURTHER RESPONSES TO**
14  THIERRY GUETTA a/k/a MR.         ) **INTERROGATORIES AND REQUESTS**
    BRAINWASH, and DOES 1 through    ) **FOR PRODUCTION OF DOCUMENTS**
15  10, inclusive,                   ) **AND REQUEST FOR ATTORNEY'S**
                                     ) **FEES IN THE AMOUNT OF $2,600**
16        Defendants.                )
    _____ ) **[DISCOVERY MATTER]**
17  AND RELATED COUNTER-CLAIM.       )
                                     ) **HON. JACQUELINE CHOOLJIAN,**
18  _____ ) **MAGISTRATE JUDGE**

19                                   **[Filed concurrently with Notice of**
                                     **Motion; Declaration of John Juenger;**
20                                   **Proposed Order]**

21                                   **DATE:       March 1, 2011**
                                     **TIME:       9:30 a.m.**
22                                   **CTRM:       20, 3rd Floor**

23                                   Discovery Cut-off:   April 8, 2011
                                     Pre-trial Conf:      July 25, 2011
24                                   Trial:               August 16, 2011

25

26

27

28

**SUPPLEMENTAL MEMORANDUM**

## I.    INTRODUCTION

Contrary to the assertions made by Plaintiff Glen E. Friedman ("Friedman") in the Joint Stipulation, this motion is not limited to discovery regarding damages. Friedman sued Defendant Thierry Guetta ("Guetta") for the supposed infringement of Friedman's copyright in a photograph of Run-DMC (the "Photograph"). Pursuant to the fair use defense, Guetta is entitled to any information regarding "the effect of the use upon the potential market for or value of the copyrighted work." 17 U.S.C. § 107(4). Indeed, this is "undoubtedly the single most important element of fair use." Harper & Row, Publishers, Inc. v. Nation Enterprises, 471 U.S. 539, 566 (1985); Elvis Presley Enterprises, Inc. v. Passport Video, 349 F.3d 622, 631 (9th Cir. 2003). However, Friedman's refuses to provide substantive responses to Guetta's discovery requests seeking information relating to the market effects resulting from Guetta's use of the Photograph. Friedman has not provided any dollar amounts or even a single document pertaining to any monies generated with respect to the Photograph, but refuses to stipulate that he suffered no damages from Guetta's use of the Photograph, other than a hypothetical lost licensing fee. Friedman has essentially prejudiced Guetta from making any argument under 17 U.S.C. § 107(4). Accordingly, Friedman must be compelled to provide something more than his cryptic responses that do not provide any information whatsoever as to the market effects of Guetta's use of the Photograph and/or the value of the Photograph.

## II.    FRIEDMAN MUST PROVIDE INFORMATION REGARDING THE SALES OF HIS BOOK THAT INCLUDES THE PHOTOGRAPH

Based on Friedman's portion of the Joint Stipulation, the only manner in which Friedman is certain to have generated any monies from the Photograph is through sales of his self-published book entitled *"F*** You Heroes; Glen E. Friedman Photographs 1976-1991."* Accordingly, Guetta is unquestionably entitled to know the dates and amounts of any book sales so it may be determined if Guetta's use of the Photograph had any effect

on the book's sales. Friedman's argument that this information is private is unsupported and unconvincing. Friedman, who brought the instant action, cannot reasonably expect to prevent disclosure of financial information pertaining to the Photograph. Additionally, Guetta is willing to abide by any protective order regarding this information that the Court may enter. The need for this crucial information outweighs Friedman's limited privacy interests.

Friedman's contention that it is impossible to determine which amounts of the book sales are attributable to the Photograph is not true and is not justification for preventing the discovery. This argument is especially disingenuous in this instance, as Friedman is seeking "indirect profits," which will necessarily entail an argument that a certain percentage of the sales of Guetta's works that do *not* incorporate the Photograph are attributable to Guetta's use of the Photograph. It does not stand to reason that Friedman should be allowed to make such an argument, but Guetta should be prevented from making any argument regarding the sales of the book that actually includes the Photograph. Guetta must be allowed the opportunity to discover the information regarding Friedman's book sales.

Finally, Friedman has not argued that he does not have the requested information. Indeed, as he self-published the book, he should be in possession of the responsive information and documents.

Guetta is entitled to the dates and amounts of the sales of Friedman's book that included the Photograph and Guetta has not offered any authority to the contrary. Additionally, Guetta is entitled to the documents memorializing the dates and the amounts of those sales.

## III.   FRIEDMAN MUST STATE THAT HE DID NOT RECEIVE ANY MONIES IN CONNECTION WITH PROMOTION OF RUN-DMC

Included in Friedman's responses regarding the marketing of the Photograph is the statement that "[t]he SUBJECT IMAGE was widely displayed all over the world from 1994-

2010 in publicity and promotional materials for the group Run DMC." See, e.g., Response to Interrogatory No. 7 (pertaining to instances wherein Friedman received monies in connection with the Photograph). Friedman's counsel states in Plaintiff's portion of the Joint Stipulation (that is not supported by declaration) that the only instance wherein the Photograph was licensed was in connection "a small run of promotional T-shirts printed in 2003 in support of a small art show." Joint Stipulation, 3:23-25. If this is the case, Friedman must provide a supplemental responses indicating that he received no money in connection with any publicity or promotional materials relating to Run-DMC. As they stand, the responses suggest that Friedman earned monies in connection with the promotional Run-DMC materials, but fail to identify by date and amount the monies received. The discovery responses must be supplemented so as to provide Guetta with some understanding as to what monies, if any, Friedman received in connection with the Run-DMC materials. If Friedman in fact received money in connection with any Run-DMC materials, he must provide the dates an amounts and also produce documents memorializing the same.

## IV.   FRIEDMAN MUST IDENTIFY WHAT MONIES, IF ANY, THAT HE RECEIVED IN CONNECTION WITH THE T-SHIRT LICENSE

Friedman contends that it is not uncommon to have no record of a licensing agreement, no record of what was promised in connection with the licensing agreement and no record of what was paid in connection with the licensing agreement. Joint Stipulation, 3:25-4:1. These contentions are unsupported by legal authority, evidence or common sense. In fact, licensors tend to have documentation of any licensing agreements they enter into and certainly have financial records that show what was paid in connection with any licensing agreement. At an absolute minimum, Friedman should be required to determine whether he actually received any monies in connection with the T-shirt license or else refrain from identifying the T-shirt license as a source of monies in his discovery responses. Friedman's uncertain responses do not suffice.

1    Friedman's suggestion that Guetta should subpoena the T-shirt "the third parties

2    involved in the production of the shirt" (Joint Stipulation, 4:4-7) is not well taken. First of all,

3    Friedman cannot absolve himself of properly responding to discovery by pointing to third

4    parties that might have the same information. Guetta may indeed subpoena these third

5    parties, but that has no bearing on Friedman's obligations. Moreover, it is unclear (and

6    unlikely) that the third party producers will have the information sought, *to wit*, the amount

7    Friedman (versus the producers) received in connection with the sale of the T-shirts. A

8    much more likely source of the information would be Friedman's financial records showing

9    transactions received from whatever party Friedman licensed the Photograph to.

10   Additionally, Friedman has not identified who the Photograph was licensed to (as called

11   for by the interrogatories) nor has he identified the third party T-shirt producers he suggests

12   should be subpoenaed.

13   Friedman's position that he is entirely unable to determine whether he earned any

14   monies in connection with the T-shirt licensing and that such information must be obtained

15   from unidentified third parties is untenable.

16

17   **V.   FRIEDMAN RENEGED ON HIS AGREEMENT TO STIPULATE HE SUFFERED**

18   **NO DAMAGES AS A RESULT OF GUETTA'S USE OF THE PHOTOGRAPH AND**

19   **SANCTIONS MUST BE AWARDED**

20   From the outset of the meet and confer process, Guetta's counsel made clear that

21   the information sought was necessary for a fair use analysis under 17 U.S.C. § 107(4) (and

22   that the information was not limited to a damages inquiry). See Exhibit E to Juenger

23   Declaration. As set forth in the Joint Stipulation and the attached e-mail string found at

24   Exhibit L to the Declaration of John Juenger, the parties agreed the this motion would not

25   be filed so long as Friedman stipulated that he did not suffer any damages as a result of

26   Guetta's use of the Photograph, aside from the loss of a licensing royalty, but Friedman

27   has reneged on the agreement. Friedman's assertion that the stipulation was anything

28   other than as proposed by in that e-mail is untrue and, not surprisingly, Friedman has not

1   offered any evidence to suggest otherwise.

2        Friedman's repeated refusal to provide substantive response or stipulate that he

3   suffered no damages as a result of Guetta's use effectively makes it impossible for Guetta

4   to assert a fair use defense. That is why the instant motion was necessary. Guetta has

5   incurred substantial attorney's fees in bringing the instant motion, which he should recoup

6   through a sanctions award.

7

8   Dated: February 15, 2011          LAW OFFICES OF ALAN S. GUTMAN

9

10                                    By:_____/s/ John Juenger_____
                                          John Juenger
11                                        Attorneys for Defendant and Counter-Claimant
                                          THIERRY GUETTA a/k/a MR. BRAINWASH

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28